Ed Chapin (CA Bar No. 05328)
**SANFORD HEISLER SHARP, LLP**
2550 Fifth Avenue, 11th Floor
San Diego, CA 92103
Telephone: (619) 577-4251
Email: echapin@sanfordheisler.com

H. Vincent McKnight, *Pro Hac Vice* Forthcoming
**SANFORD HEISLER SHARP, LLP**
700 Pennsylvania Ave. SE, Suite 300
Washington, D.C. 20003
Telephone: (202) 499-5201
Email: vmcknight@sanfordheisler.com

Leonard B. Simon (CA Bar No. 58310)
**LAW OFFICES OF LEONARD B. SIMON**
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: (619) 818-0644
Email: lens@rgrdlaw.com

*Attorneys for the Plaintiff-Relator Blackbird Special Project, LLC*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY OF SAN DIEGO, CITY OF SACRAMENTO, CITY OF MORENO VALLEY, CITY OF RIVERSIDE, CITY OF LOS ANGELES, CITY OF COMPTON, CITY OF TEMECULA, CITY OF PALMDALE, CITY OF LANCASTER, CITY OF SAN BERNARDINO, CITY OF VALLEJO, CITY OF FONTANA, CITY OF MURRIETA, CITY OF FAIRFIELD, CITY OF PERRIS, CITY OF YUCAIPA, CITY OF CORONA, CITY OF RIALTO AND ROES 1-250, EX. REL BLACKBIRD SPECIAL PROJECT, LLC,<br><br>Plaintiff,<br><br>v. | CASE NO. 22-CV-260-L-MDD<br><br>**NOTICE OF CORONA'S AND RIVERSIDE'S CERTIFICATES OPPOSING DISMISSAL ON THE BASIS OF THE PUBLIC DISCLOSURE BAR**<br><br>**Oral Argument Requested**<br><br>Date: July 25, 2022<br>Time: 10:30 a.m.<br>Ctrm.: 5b<br><br>Hon.: M. James Lorenz |

INVITATION HOMES, INC., a Maryland Corporation,

Defendant.

1	Relator, by and through its undersigned counsel, hereby notifies the Court that the Cities of Riverside and Corona oppose dismissal of the above-captioned matter on the basis of the California False Claims Act's ("CFCA") public disclosure bar, Cal. Gov't Code § 12652(D)(3). Each City's Certificate Opposing Dismissal on the Basis of the Public Disclosure Bar is attached to this Notice.

Relator filed this action under seal on August 31, 2020, and subsequently amended the complaint on October 22, 2020. Defendant's motion to dismiss is set to be heard on July 25.

Defendant asserts, inter alia, that the claims are barred by what is called the "public disclosure bar." The CFCA gives the governmental entities on behalf of which the case was brought (here the Cities) the right to oppose and thereby block dismissal on that ground. The CFCA states:

> The court shall dismiss an action or claim under this section, *unless opposed* by the Attorney General or prosecuting authority of a political subdivision, if substantially the same allegations or transactions as alleged in the action or claim were publicly disclosed in any of the following:
>
> (i) A criminal, civil, or administrative hearing in which the state or prosecuting authority of a political subdivision or their agents are a party[;]
>
> (ii) A report, hearing, audit, or investigation of the Legislature, the state, or governing body of a political subdivision[; **or**]
>
> (iii) The news media.

Cal. Gov't Code § 12652(D)(3) (emphasis added).

In other words, the California Legislature afforded the political subdivisions "the right to block a defendant's attempt to have a meritorious case dismissed on public disclosure grounds." *U.S. v. Select Med. Corp.*, No. 11-CV-8214, 2017 WL 468276, at *4 (S.D. Ind. Feb. 3, 2017).

Indeed, "when the government asserts its opposition to dismissal . . . the court has no authority to dismiss a qui tam action on the basis of prior public disclosure." *Select Med. Corp.*, 2017 WL 468276, at *4; *see also Prime Healthcare Services, Inc.*, 2014 WL 12480026, at *3 (holding that dismissal on [the basis of public disclosure] is precluded in the face of the Government's opposition to the motion); *U.S. ex rel. Scutellaro v. Capitol Supply, Inc.*, 2017 WL 1422364, at *18 (D.D.C. Apr. 19, 2017) (same); *U.S. v. Dynamic Med. Sys., LLC, 2020 WL 3035219*, at *2 (E.D. Cal. June 5, 2020) (noting that the "legal authorities may clearly support denying such portions of the motions to dismiss" when the state filed a notice opposing dismissal based on the CFCA public disclosure bar); *U.S. ex rel. Baker v. Community Health Sys., Inc.*, CIV. 05-279, 2014 WL 10212574, at *25 (D.N.M. May 16, 2014) (holding government's opposition precluded application of public disclosure bar when it raised its opposition "[f]or the first time, at oral argument").

Plaintiff-Relator has already filed its opposition to the motion to dismiss, including substantive arguments relating to the Public Disclosure Bar, but the opposition by these Cities makes the substantive arguments beside the point.

For the foregoing reasons, Defendant's motion to dismiss the Relator's Amended Complaint should be denied to the extent that it is based on the CFCA public disclosure bar.

Dated: July 7, 2022        Respectfully submitted:

/s/ Ed Chapin
Ed Chapin (CA Bar No. 05328)
**SANFORD HEISLER SHARP, LLP**
2550 Fifth Avenue, 11th Floor
San Diego, CA 92103
Telephone: (619) 577-4251
Email: echapin@sanfordheisler.com

H. Vincent McKnight, *Pro Hac Vice* Forthcoming
**SANFORD HEISLER SHARP, LLP**
700 Pennsylvania Ave. SE, Suite 300
Washington, D.C. 20003
Telephone: (202) 499-5201

Email: vmcknight@sanfordheisler.com

*/s/ Len Simon*
Leonard B. Simon (CA Bar No. 58310)
**LAW OFFICES OF LEONARD B. SIMON**
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: (619) 818-0644

# CERTIFICATE OF SERVICE

I certify that on June 27, 2022, I filed the foregoing City of Corona's Certificate Opposing Dismissal on the Basis of the Public Disclosure Bar by using the United States District Court, Southern District of California's CM/ECF system, which will electronically serve all counsel of record.

By: *s/ Ed Chapin*
Attorney for Relator
echapin@sanfordheisler.com

CERTIFICATE OF SERVICE (Case No. 22-CV-260-L-MDD)

4

## **SIGNATURE ATTESTATION**

Pursuant to Section 2.f.4 of the Court's CM/ECF Administrative Policies, I certify each of the other signatories shown above have authorized filing this document and have authorized placement of their electronic signatures on this document.

By: *s/ Ed Chapin*
Attorney for Relator
echapin@sanfordheisler.com