Melinda Haag (SBN: 132612)
Randall S. Luskey (SBN: 240915)
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
535 Mission Street, 24th Floor
San Francisco, CA 94105
Tel: (628) 432-5100
Fax: (628) 232-3101
rluskey@paulweiss.com
mhaag@paulweiss.com

*Attorneys for Defendant
Invitation Homes Inc.*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY OF SAN DIEGO, CITY OF SACRAMENTO, CITY OF MORENO VALLEY, CITY OF RIVERSIDE, CITY OF LOS ANGELES CITY OF COMPTON, CITY OF TEMECULA, CITY OF PALMDALE, CITY OF LANCASTER, CITY OF SAN BERNARDINO, CITY OF VALLEJO, CITY OF FONTANA, CITY OF MURRIETA, CITY OF FAIRFIELD, CITY OF PERRIS, CITY OF YUCAIPA, CITY OF CORONA, CITY OF RIALTO AND ROES 1-250, EX. REL BLACKBIRD SPECIAL PROJECT, LLC, <br><br> Plaintiff-Relators, <br><br> - against - <br><br> INVITATION HOMES, INC., a Maryland Corporation, <br><br> Defendant. | Case No. 22-CV-260-L-MDD <br><br> **DEFENDANT'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS THE FIRST AMENDED COMPLAINT** <br><br> **No Oral Argument Requested Pursuant to Local Rule** <br><br> Date: July 25, 2022 <br> Time: 10:30 a.m. <br> Ctrm.: 5b <br> Hon.: M. James Lorenz |

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................................ ii

REPLY MEMORANDUM OF POINTS AND AUTHORITIES ............................ 1

PRELIMINARY STATEMENT ....................................................................................... 1

LEGAL STANDARD ............................................................................................................ 3

ARGUMENT ............................................................................................................................. 4

I.    Relator's Claims Fail to Satisfy the Heightened Pleading Requirements of Fed. R. Civ. P. 9(b) .................................................................. 4

    A.    Relator Fails to Plead a Specific False Claim with the Requisite Particularity For Any of the Fifteen Homes ........................ 4

        1.    Relator Fails to Allege IH Performed the Allegedly Unpermitted Renovations ............................................................. 5

    B.    Relator's Supposed Statistical Analysis Fails to Support an Inference of a Widespread Fraudulent Scheme .............................. 7

    C.    Relator Fails to Adequately Allege Scienter With Regard to Both IH and Starwood ..................................................................... 9

II.    Relator Fails to Show That Its Claims Are Not Barred by the Public Disclosure Doctrine ......................................................................... 10

CONCLUSION ...................................................................................................................... 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*United States* v. *Bourseau*,
  531 F.3d 1159 (9th Cir. 2008) .................................................................................. 10

*United States ex rel. Cafasso* v. *Gen. Dynamics C4 Sys., Inc.*,
  637 F.3d 1047 (9th Cir. 2011) .................................................................................... 4

*United States ex rel. D'Agostino* v. *EV3*,
  153 F. Supp. 3d 519 (D. Mass. 2015) ......................................................................... 8

*Godecke* v. *Kinetic Concepts, Inc.*,
  937 F.3d 1201 (9th Cir. 2019) .................................................................................... 8

*United States* v. *Mariner Health Care, Inc.*,
  552 F. Supp. 3d 938 (N.D. Cal. 2021) ........................................................................ 7

*Sorrels* v. *J.P. Morgan Chase Nat'l Corp. Servs., Inc.*,
  2011 WL 662980 (S.D. Cal. Feb. 14, 2011) (Lorenz, J.) ........................................... 3

*United States* v. *United Healthcare Ins. Co.*,
  848 F.3d 1161 (9th Cir. 2016) ................................................................................ 3, 4

*United States ex rel. USN4U, LLC* v. *Wolf Creek Fed. Servs., Inc.*,
  34 F.4th 507 (6th Cir. 2022) ....................................................................................... 7

*United States ex rel. Vatan* v. *QTC Med. Servs., Inc.*,
  721 F. App'x 662 (9th Cir. 2018) ............................................................................... 9

*United States ex rel. Wall* v. *Vista Hospice Care, Inc.*,
  2016 WL 3449833 (N.D. Tex. June 20, 2016) .......................................................... 8

*Wright* v. *Gen. Mills, Inc.*,
  2009 WL 3247148 (S.D. Cal. Sept. 30, 2009) (Lorenz, J.) ........................................ 3

**Statutes**

31 U.S. Code § 3729 ............................................................................................... 1, 10

Cal. Gov. Code § 12651(a)(7) ..................................................................................... 10

**Other Authorities**

Fed. R. Civ. P. 9(b) ............................................................................................. *passim*

Fed. R. Civ. P. 12(b)(6) ............................................................................................ 1, 2

## REPLY MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to Fed. R. Civ. P. 12(b)(6) and 9(b), Defendant Invitation Homes Inc. ("IH") respectfully submits this Reply memorandum of law in further support of its Motion to Dismiss the First Amended Complaint ("Complaint") in its entirety, because the Complaint fails to state a claim upon which relief can be granted under the California False Claims Act ("CFCA"), fails to plead its claim with the requisite particularity, and is barred by the Public Disclosure Bar.

## PRELIMINARY STATEMENT

In its Opposition, Relator Blackbird Special Project LLC ("Relator") lays bare the fatal flaw that plagues its Complaint: Relator is unable to identify any factual allegations permitting the Court to draw reasonable inferences that IH engaged in a state-wide scheme to avoid obtaining necessary municipal building permits for thousands of homes. As explained in our opening brief, Relator's Complaint relied on two conclusory arguments that both fell far short of meeting the heightened pleading standard for fraud set forth in Rule 9(b).

First, although Relator purported to identify 15 homes where IH allegedly conducted unpermitted renovations, the Complaint utterly failed to allege facts sufficient to establish that IH or its pre-merger predecessor, Starwood, owned any of the 15 homes when the renovations occurred. Indeed, the Complaint does not even attempt to tell the Court when IH acquired each property and when each challenged renovation took place. Second, Relator claimed to have employed an artificial intelligence-driven statistical analysis to show that IH performed unpermitted renovations on the approximately 12,000 homes it owns throughout the state of California. But as Defendant's opening brief demonstrates, this supposed "sophisticated analysis" is nothing more than glib, back of the envelope comparisons that lack any empirical or methodological reliability.

Relator's Opposition does not seriously attempt to address these dispositive challenges. Instead, on page after page, the Opposition *concedes* that IH has

identified glaring errors in the Complaint. For example, faced with IH's argument that the Complaint's 15 examples are deficient on their face because Relator has not alleged facts suggesting that IH actually performed the renovations on these 15 homes, the Opposition is essentially silent, with the lone exception of a single sentence: "But the Complaint alleges that [it included] photos from before and after Invitation did renovations, and that should be enough . . . ." Opp. at 16-17. Typing the words "Before" and "After" above grainy, undated photographs, however, is far from enough to plead concrete, non-conclusory facts sufficient to create an inference that IH actually performed these renovations, or to withstand scrutiny under Rule 12(b)(6), much less 9(b).

Further, after IH demonstrated in its opening brief that all of the 15 examples were hopelessly conclusory, and that five in particular were based on facially erroneous factual assertions, the Opposition implicitly admits that these five examples were inaccurately described in the Complaint and are not in any way examples of actual false claims. Relator has been unable—after two full years of investigation—to identify *even one example* of an unpermitted renovation actually performed by IH, and the Opposition repeatedly concedes this fatal defect.

But Relator's concessions do not end there. The Opposition also runs away from the supposed statistical analysis that the Complaint relied on to allege that IH performed unauthorized renovations throughout California. Now, Relator claims that its purported statistical assessment was never intended to be a "stand-alone" analysis. Opp. at 15. According to the Opposition, this statistical analysis was merely "confirmatory evidence" that the 15 examples discussed above reveal a widespread illegal scheme to avoid complying with municipal codes. *Id.*

In reality, Relator's flawed analysis confirms nothing. Tellingly, in its Opposition, Relator fails to address the critical concerns that IH raised about the unreliability of the model's input data and methodology. Specifically, IH's Motion showed that (1) the Complaint completely fails to describe its statistical analysis,

1  let alone in a way that gives it any empirical reliability; (2) the analysis
2  inexplicably covers only four of the 18 municipalities Relator seeks to represent;
3  and (3) the Complaint provides no credible reason why the permitting activity of
4  other homeowners is an appropriate benchmark for IH's operations.  The
5  Opposition also ignores obvious alternative explanations for the statistical
6  disparities the Complaint claims to have identified.  This tacit concession, too, is
7  fatal to Relator's claims.
8      In sum, Relator has invited the Court to engage in rampant speculation and
9  surmise that "a corporation buying thousands of homes and making tens of
10 thousands of dollars in renovations would have proportionally more permits than
11 John Q. Homeowner." *Id*.  Under applicable precedent, however, much more is
12 required from a complaint, especially one that purports to be grounded in fraud.
13 For these reasons and those below, the Complaint should be dismissed.

## LEGAL STANDARD

15     Pretending to state the legal standard in its Opposition, Relator engages in
16 sleight of hand.  Relator cites *United States* v. *United Healthcare Ins. Co.*, 848
17 F.3d 1161, 1179 (9th Cir. 2016) for the unremarkable proposition that the
18 Complaint needs only to proffer factual allegations with "facial plausibility."  But
19 this is misleading, as Relator conveniently omitted the critical next sentence:  "A
20 claim has facial plausibility when the plaintiff pleads *factual content* that allows
21 the court to draw the *reasonable inference* that the defendant is liable for the
22 misconduct alleged." *Id*. at 1179-80 (citations omitted) (emphasis added); *see also*
23 *Wright* v. *Gen. Mills, Inc.*, 2009 WL 3247148, at *4 (S.D. Cal. Sept. 30, 2009)
24 (Lorenz, J.) (dismissal warranted where the "complaint presents a cognizable legal
25 theory yet fails to plead essential facts under that theory.").  "Facial plausibility"
26 does not relieve Relator from meeting its burden to plead specific facts.  Rather,
27 under the relevant pleading standard, courts are required to dismiss complaints that
28 offer only conclusory allegations dressed up as facts.  *See Sorrels* v. *J.P. Morgan*

*Chase Nat'l Corp. Servs., Inc.*, 2011 WL 662980, at *1 (S.D. Cal. Feb. 14, 2011) (Lorenz, J.) ("[A] complaint does not suffice if it tenders naked assertion[s] devoid of further factual enhancement." (internal quotations and citations omitted)).

Although Relator acknowledges that Rule 9(b) requires it to state "with particularity" the circumstances constituting fraud, Opp. at 6, it overlooks the Rule's other requirement to plead facts with *specificity*. Allegations that "identif[y] a general sort of fraudulent conduct but specif[y] no particular circumstances of any discrete fraudulent statement" fail to satisfy Rule 9(b)'s rigorous pleading standard. *United States ex rel. Cafasso* v. *Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1057 (9th Cir. 2011).

## ARGUMENT

### I. RELATOR'S CLAIMS FAIL TO SATISFY THE HEIGHTENED PLEADING REQUIREMENTS OF FED. R. CIV. P. 9(B)

#### A. Relator Fails to Plead a Specific False Claim with the Requisite Particularity For Any of the Fifteen Homes

With respect to the 15 homes it offers as examples, Relator alleges "significant renovations occurred that would have required permits," and then argues that this constitutes "representative" evidence that IH engaged in a statewide fraudulent scheme relating to more than 12,000 homes across California. Opp. at 14 & n.8; *see also* Compl. ¶¶ 60-87. But the Complaint does not successfully state a reverse false claim with the requisite particularity for even one of these 15 homes,[1] and the Opposition brief does not make up for this failure. Relator has pleaded no specific facts to show the "who, what, when, where, and how" of the alleged fraudulent conduct with respect to *any of* the 15 homes. *United Healthcare*, 848 F.3d at 1180 (internal quotations and citation omitted).

---

[1] Relator argues that IH waived its challenges to ten of the 15 homes that it did not discuss in detail in its Motion. *See* Opp. at 14 n.8. However, IH was clear in its opening brief that, in addition to the five most egregious examples discussed there at length, "they are all deficient" for additional reasons explained throughout the brief. Mot. at 17.

And the Opposition does not even bother to address the glaring errors associated with five of these 15 alleged "examples," instead citing generally to paragraphs in its pleading that are equally devoid of specific facts. *See* Opp. at 16.

### 1. Relator Fails to Allege IH Performed the Allegedly Unpermitted Renovations

Relator proffers the bald assertion that "Invitation, including its pre-merger predecessor, Starwood," committed the alleged fraud, and curiously cites to paragraphs 15, 48, 49, and 91 n.43 of the Complaint to substantiate this assertion. *Id.* Even the most cursory review of those paragraphs, however, shows that they do nothing to advance Relator's argument. *See* Compl. ¶ 15 (IH acquired almost 50,000 single-family homes by June 30, 2016), ¶ 48 (IH acquired an additional 5,511 homes through merger with Starwood), ¶ 49 ("Starwood, like Defendant, performed substantial renovations" on its purchased properties), ¶ 91 n.43 (statistical analysis of permitting rates included homes that Starwood acquired prior to merger). None of these statements, standing alone or taken together, could support a reasonable inference that Invitation Homes or Starwood owned any of the 15 homes at issue when the purported unpermitted renovations occurred.

Next, Relator contends that it has satisfied the specificity requirement by providing images of the 15 homes "before and after Invitation renovated them" and argues that doing so "should be enough, as are other allegations in a complaint on a Rule 12 motion." *Id.* at 16-17. Relator fails to acknowledge that, at a minimum, specific facts about *when* IH allegedly acquired a home and about *when* the alleged renovation was performed are necessary to support its allegation that IH owned the home at the time of the alleged unpermitted renovation. The grainy black-and-white "before" and "after" photos of the 15 homes that Relator claims provide "visual confirmation" are insufficient to support this inference. At best, the photos merely suggest that at some previous time, some renovations were performed by

someone. The circular allegation that IH performed the renovations because "the[re] are photos from before and after" renovations is insufficient. *Id.* at 17.

Relator claims to have satisfied the "what" and "how" prongs of the Rule 9(b) standard because it has alleged that IH bought and substantially renovated "thousands of homes while ignoring their obligation to pay permit fees . . . ." *Id.* at 16. Once more, however, the paragraphs in the Complaint that Relator points to, paragraphs 45 through 59, fail to support its argument. Paragraphs 45 to 50 allege that IH invested significant resources into renovations on its California properties. Paragraphs 51 and 52 quote from IH's Form 10-K for FY 2019, which states that permits are legally required for certain renovations. Paragraphs 53 through 59 state that Relator used its "proprietary software" to "test the thesis" that IH performed substantial renovations on its properties without obtaining the required permits. None of these paragraphs support an inference of fraud.

IH's Motion to Dismiss identified the five worst deficiencies of the Relator's 15 examples, but the Opposition does not even attempt to address them. Instead, Relator points to one property—4488 Jones Avenue in Riverside—to support its thesis. *Id.* at 3-4. But the example of 4488 Jones Street is as weak as the other 14 examples. *Id.* Specifically, Relator provides purported "before" and "after" photographs of 4488 Jones Avenue and alleges that "IH demolished the back-left corner of [the] home." *Id.* But the two photographs are undated, and Relator has pleaded no facts to suggest that IH owned this property at the time of the alleged demolition. *Id.* In sum, Relator has not pleaded facts that create any inference that IH actually performed the challenged renovations at the 15 homes at issue. *Id.*

The handful of cases Relator relies on to argue that as few as four representative examples can be sufficient to allege a widespread fraud scheme are inapposite because in all of those cases the relator alleged *specific facts* to demonstrate that the defendants had submitted affirmative false claims to the government. *See*, *e.g.*, *United States ex rel. USN4U, LLC* v. *Wolf Creek Fed.*

*Servs., Inc.*, 34 F.4th 507, 515 (6th Cir. 2022) (relator unearthed false invoices constituting "specific examples" of the scheme to defraud). Unlike in those cases, where a relator was able to plead specific facts establishing representative examples of false claims that were submitted to government payors, here the Relator has been unable to identify *even a single example* of an unpermitted remodel performed by IH, and the Relator's Opposition concedes this fatal defect.

Having failed to state a claim as to *any* of its 15 examples, Relator's contention that "IH fails to grapple with the fact that fifteen examples were provided, ten of which are not seriously challenged," Opp. at 14, misses the point.

### B.     Relator's Supposed Statistical Analysis Fails to Support an Inference of a Widespread Fraudulent Scheme

Relator's Opposition does nothing to address the glaring deficiencies in the Complaint's statistical analysis that IH explained in detail in its opening brief. *See* Mot. at 18-23. To survive IH's Motion to Dismiss, Relator must plead, with specificity, "allegations which support the empirical reliability and probative value of its statistical study." *United States* v. *Mariner Health Care, Inc.*, 552 F. Supp. 3d 938, 947-49 (N.D. Cal. 2021). Relator did not do so in its Complaint, and nothing in its Opposition makes up for this failure. Indeed, Relator has yet to explain with any particularity how its statistical analysis works, whether and how it is reliable, what its inputs are, whether it controls for variables, or what equations it uses, among other shortcomings. *See id.* No explanation has ever been offered for why the analysis was performed for only four of the 18 relevant cities. In short, Relator's analysis is even less rigorous than the type of "back-of-the-envelope" calculations that courts have squarely and repeatedly condemned. *See, e.g.*, *United States ex rel. D'Agostino* v. *EV3*, 153 F. Supp. 3d 519, 537 n.38 (D. Mass. 2015).

Unable to explain the sufficiency of its statistical model, Relator all but abandons reliance on it, retreating to the feeble contention that its analysis of alleged permitting disparities was "not offered as a stand-alone sophisticated

statistical analysis," but rather only as "confirmatory evidence that the fifteen examples demonstrate a statewide scheme."  Opp. at 15.  Astonishingly, Relator goes on to suggest that the reliability of its statistical study does not even matter at all, in contravention of clear precedent to the contrary.  *See* Opp. at 18 ("[E]ven if the municipal records are not perfect, they consistently show significantly fewer permits for [IH]'s properties than for typical homeowners across four different municipalities.").  But courts dismiss FCA claims where, as here, statistical projections are not reliable.  *United States ex rel. Wall* v. *Vista Hospice Care, Inc.*, 2016 WL 3449833, at *13-14 (N.D. Tex. June 20, 2016).  Such concessions undermine the core promise of the Complaint:  that Relator's sophisticated proprietary software had uncovered reliable indicia of a fraudulent scheme.  *See*, *e.g.*, Compl. ¶¶ 53-56.  Without more detail about how Relator's methodology *actually works*, it lacks the reliability and rigor to support *any* inference, much less the extraordinary argument that IH engaged in a statewide fraudulent scheme.

Relator attempts to avoid discussing the reliability of its statistical analysis by arguing that this is not an issue properly evaluated on a motion to dismiss.  This improper attempt to loosen the pleading standards is not supported by the authorities on which Relator purports to rely.  For instance, in one case Relator cites, *Godecke* v. *Kinetic Concepts, Inc.*, the court extensively evaluated whether the relator had presented "reliable indicia that lead to a strong inference" of a fraudulent scheme sufficient to survive a motion to dismiss.  937 F.3d 1201, 1209-10 (9th Cir. 2019).  The court held that the relator made the relevant showing, noting that one unreliable aspect (a witness's recollections from fifteen years prior) could be more closely examined in depositions.  *Id.*  Nowhere did the court suggest that all questions of reliability should be deferred until after a motion to dismiss.  The *Vatan* case cited by Relator likewise does not suggest a less rigorous pleading standard, standing only for the proposition that a relator can plead the contents of an FCA defendant's contract with the government "upon information and belief."

*United States ex rel. Vatan* v. *QTC Med. Servs., Inc.*, 721 F. App'x 662, 663 (9th Cir. 2018). *Vatan* makes no mention of the "reliable indicia" standard, which remains the applicable standard for a relator attempting to rely on statistical evidence to plead a reverse FCA claim. Accordingly, *Vatan* is inapposite here.

With no precedential leg left to stand on, Relator asks the Court to ignore that its statistical analysis is unreliable and simply engage in rank speculation. In Relator's view, in light of the amount of money IH typically spends on renovations, "*[o]ne would think*" that IH would have "proportionally more permits than John Q. Homeowner." Opp. at 15 (emphasis added). But Relator provides no reason why "one would think" that, aside from its conclusory assertion that it is so.

In Relator's view, IH's "efforts at casting doubt" on the reliability of Relator's statistical analysis and the existence of numerous reasonable alternative explanations are to no avail because of IH's "pattern of thousands of large renovations and a paucity of permitting." Opp. at 15-16. In other words, as Relator sees it, the Court should not accept IH's arguments challenging the reliability of Relator's statistical analysis because, *based on that unreliable analysis*, IH pulled fewer permits than other homeowners. That circular reasoning is not enough to save the Complaint from falling well below the requirements of Rule 9(b), and the Complaint should be dismissed for this reason.

### C. Relator Fails to Adequately Allege Scienter With Regard to Both IH and Starwood

Relator also fails to establish that IH or Starwood knowingly concealed or avoided any obligation, as is required by the CFCA. Cal. Gov't Code § 12651(a)(7). The Complaint does not plead that IH knew or was reckless in not knowing about any alleged permitting fraud, and Relator makes no effort to cure that deficiency in its Opposition brief. Instead, Relator claims that generic language in IH's Form 10-K that IH supervises renovations of its properties is sufficient evidence of IH's knowledge. Opp. at 19. This is plainly deficient.

When evaluating motions to dismiss, courts are required to find significantly more evidence of actual knowledge or reckless disregard than is pleaded here. This is made clear by the very cases on which Relator relies. *See, e.g.*, *United States* v. *Bourseau*, 531 F.3d 1159, 1168 (9th Cir. 2008) (defendant knew of requirement to submit claims that related to patient care, but submitted claims that clearly did not).

Finally, as IH discussed in its Motion, Relator failed to plead scienter against Starwood. That deficiency remains uncured in the Opposition. Instead, Relator claims that IH, as the post-merger successor, has inherited Starwood's liabilities for CFCA violations. Opp. at 20. But Relator's successor liability argument must fail because Relator has failed to plead that Starwood knowingly or recklessly participated in a fraudulent scheme prior to the merger.

## II. RELATOR FAILS TO SHOW THAT ITS CLAIMS ARE NOT BARRED BY THE PUBLIC DISCLOSURE DOCTRINE

While IH acknowledges that the cities of Corona and Riverside oppose dismissal on Public Disclosure Bar grounds, IH maintains that the bar would otherwise provide appropriate grounds for dismissal here for the reasons set forth in its opening brief.

## CONCLUSION

For the reasons set forth above, IH respectfully requests that the Court grant its Motion to Dismiss the First Amended Complaint with prejudice.

| | |
|---|---|
| 1 | DATED:  July 18, 2022 |
| 2 | Respectfully submitted, |

By: */s/ Melinda Haag*
    Melinda Haag (SBN: 132612)
    Randall S. Luskey (SBN: 240915)

PAUL, WEISS, RIFKIND, WHARTON
   & GARRISON LLP
535 Mission Street, 24th Floor
San Francisco, CA 94105
Tel: (628) 432-5100
Fax: (628) 232-3101
rluskey@paulweiss.com
mhaag@paulweiss.com

*Attorneys for Defendant*
*Invitation Homes Inc.*

**SIGNATURE ATTESTATION**

Under Section 2.f.4 of the Court's CM/ECF Administrative Policies, I hereby certify that authorization for filing this document has been obtained from each of the other signatories shown above, and that all signatories have authorized placement of their electronic signature on this document.

By: */s/ Melinda Haag*
Melinda Haag (SBN: 132612)

*Attorney for Defendant*
*Invitation Homes Inc.*

| | |
|---|---|
| 1 | **CERTIFICATE OF SERVICE** |

I certify that on July 18, 2022, I filed the foregoing REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS THE FIRST AMENDED COMPLAINT with the Clerk of Court for the United States District Court, Southern District of California by using the Court's CM/ECF system, which will serve electronic notification of this filing to all counsel of record.

By: */s/ Melinda Haag*
Melinda Haag (SBN: 132612)

*Attorney for Defendant*
*Invitation Homes Inc.*