Melinda Haag (SBN 132612)
Randall S. Luskey (SBN 240915)
**PAUL, WEISS, RIFKIND, WHARTON &**
   **GARRISON LLP**
535 Mission Street, 24th Floor
San Francisco, CA 94105
Tel: (628) 432-5100
Fax: (628) 232-3101
rluskey@paulweiss.com
mhaag@paulweiss.com

*Attorneys for Defendant*
Invitation Homes Inc.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY OF SAN DIEGO, CITY OF SACRAMENTO, CITY OF MORENO VALLEY, CITY OF RIVERSIDE, CITY OF LOS ANGELES, CITY OF COMPTON, CITY OF TEMECULA, CITY OF PALMDALE, CITY OF LANCASTER, CITY OF SAN BERNARDINO, CITY OF VALLEJO, CITY OF FONTANA, CITY OF MURRIETA, CITY OF FAIRFIELD, CITY OF PERRIS, CITY OF YUCAIPA, CITY OF CORONA, CITY OF RIALTO AND ROES 1-250, EX. REL BLACKBIRD SPECIAL PROJECT, LLC, <br><br> Plaintiff-Relators, <br><br> v. <br><br> INVITATION HOMES INC., a Maryland Corporation, <br><br> Defendant. | Case No. 22-CV-260-L-MDD <br><br> **ANSWER OF DEFENDANT INVITATION HOMES INC. TO FIRST AMENDED COMPLAINT** <br><br> Judge:  Hon. M. James Lorenz <br> Ctrm:   5b, 5th Floor |

1   Invitation Homes Inc. (hereinafter, "Invitation Homes") by and through its
2   attorneys, hereby answers and asserts defenses with respect to the First Amended
3   Complaint (the "Complaint") of Relator Blackbird Special Project, LLC ("Relator"),
4   filed October 21, 2020, and reserves its rights to request dismissal of the Complaint
5   on any and all grounds.  Unless expressly admitted, all allegations set forth in the
6   Complaint are denied.

7   **PRELIMINARY STATEMENT**

8   1.   Invitation Homes, a publicly traded company, is a leading owner and
9   operator of single-family rental homes for lease.  Invitation Homes owns more than
10  12,000 homes in cities across California, approximately 5,500 of which were
11  acquired in 2017 as a result of Invitation Homes' merger with Starwood Waypoint
12  Homes.

13  2.   Invitation Homes cares deeply about its residents and the homes they
14  live in, and it endeavors to provide a high quality rental experience to those residents.
15  To that end, Invitation Homes typically purchases single-family residences in
16  desirable neighborhoods, with close proximity to good schools and jobs, and
17  residences in good condition that do not require substantial renovations or
18  remodeling work.  Invitation Homes does, however, pride itself on cosmetically
19  updating its properties before a resident moves in to ensure that its homes meet the
20  high standards of Invitation Homes.  Before renters move in, Invitation Homes
21  attends to any upfront minor repairs and upgrades that its homes need in order to
22  ensure that the properties are in move-in ready condition for its residents.  These
23  relatively minor "rehabs"—which include things like updating appliances, adding
24  new cabinetry, or installing modern flooring—typically happen before Invitation
25  Homes lists the house on the market for rent to ensure residents are met with the
26  layouts and amenities they expect.

27  3.   But, importantly, Invitation Homes is not a construction company.  Nor
28  is it a general contractor.  And although the Complaint's claims and allegations are

2   Case No. 22-CV-260-L-MDD
ANSWER TO FIRST AMENDED COMPLAINT

premised on the fundamental misconception that Invitation Homes "typically perform[s] these renovations in-house" (Compl. ¶ 47), nothing could be further from the truth. To the contrary, Invitation Homes engages and works with a dedicated group of licensed contractors and subcontractors, upon whose construction experience and expertise Invitation Homes appropriately relies. Invitation Homes enters into contractual relationships with the contractors who perform its rehabilitation work. Those contracts, not surprisingly, require each contractor to manage the renovation projects, including performing the work, overseeing the day-to-day, and engaging subcontractors as needed. In addition, consistent with industry custom and practice and the State of California's preference that licensed contractors apply for and obtain building permits, and given that permitting requirements vary significantly among municipalities, Invitation Homes' contracts with these contractors **require** those contractors to ***obtain all necessary permits*** and to otherwise comply with applicable state and local building code provisions. As provided in their agreements with Invitation Homes, the contractors themselves retain ultimate responsibility for obtaining all required permits. Indeed, pursuant to the California Business & Professions Code, Invitation Homes is not permitted to submit building permit applications, as it is not a licensed contractor and does not otherwise qualify to do so. Accordingly, Invitation Homes properly relied on contractors to comply with permitting requirements.

4. Relator Blackbird Special Project, LLC, is a Delaware Limited Liability Corporation that was incorporated in March 2020, just five months before the filing of the initial Complaint in this matter. In conjunction with a related company called Deckard Technologies, Inc., Relator uses purportedly proprietary technology to mine data concerning real estate. Relator claims that it has used this technology to identify Invitation Homes-owned homes, and then accessed county and city permitting databases to identify whether building permits were pulled for each property.

ANSWER TO FIRST AMENDED COMPLAINT

5. Relator identifies 15 homes that purportedly have undergone renovations at some point in history and for which Relator has been unable to identify permitting records through its search of county and city permitting databases. It purports to provide statistical analysis showing that fewer permits on average were pulled for Invitation Homes-owned homes than for other homes in four municipalities in California. Based on this analysis, Relator extrapolates that Invitation Homes engaged in a statewide scheme to defraud the government.

6. Relator's allegations regarding un-permitted renovations at the 15 homes it identifies are unsupported by the facts—in other words, Relator bases its allegations about these homes on erroneous factual assertions about the nature of and circumstances surrounding the renovations performed on each property. Further, even if its claims about the 15 homes were accurate, which they are not, Relator's anecdotal evidence related to 15 homes across the state is insufficient to demonstrate a pattern and does not demonstrate intentional misconduct by Invitation Homes. In addition, Relator's purported statistical analysis contains multiple fallacies, including use of a flawed dataset and sampling error. As a result, the conclusions Relator seeks to draw from its purported statistical analysis lack statistical validity, and its claims are meritless.

## RESPONSES TO RELATOR'S ALLEGATIONS[1]

1. Paragraph 1 contains characterizations and legal conclusions to which no response is required. To the extent that any response is necessary, Invitation Homes denies the allegations contained in Paragraph 1, except admits that Relator

---

[1] Invitation Homes denies all titles, headings, footnotes, subheadings, and any other material not contained in numbered paragraphs unless otherwise noted. When a document (or statements, conclusions, or other material referenced therefrom) is referenced in this Answer or the Amended Complaint, it speaks for itself and Invitation Homes denies any allegations or characterizations based on the document. Invitation Homes reserves all rights with regard to the existence, authenticity, accuracy, and admissibility of such documents.

purports to bring this action to obtain damages and civil penalties on behalf of the parties therein listed for alleged violations of the code sections referenced in Paragraph 1.

2.      Paragraph 2 contains characterizations of the cited code sections and regulations to which no response is required and Invitation Homes refers the Court to the full text of the cited code sections and regulations for their true and correct content.

3.      Paragraph 3 contains characterizations of the cited code section to which no response is required and Invitation Homes refers the Court to the full text of the cited code section for its true and correct content.

4.      The allegations in Paragraph 4 contain characterizations to which no response is required.  To the extent that a response is necessary, Invitation Homes denies the allegations in Paragraph 4, except admits that it is a single-family home rental company; that it has bought homes in many states, including California; that it has purchased homes in the period between 2007-2008 and today; that it has purchased over 12,000 homes in California, including homes acquired by mergers with or acquisitions of other companies; that it has spent thousands of dollars on renovations to single-family homes in California; and that it has engaged contractors to renovate single-family homes in California.

5.      Paragraph 5 contains characterizations and legal conclusions to which no response is required.  To the extent that a response is necessary, Invitation Homes denies the other allegations in Paragraph 5.

6.      Invitation Homes lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the Relator's conduct and beliefs and the results of Relator's analysis.  Invitation Homes denies the other allegations in Paragraph 6.

7.      Paragraph 7 contains characterizations and legal conclusions to which no response is required.  To the extent that a response is necessary, Invitation Homes denies the allegations in Paragraph 7.

8.      Invitation Homes admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

9.      Invitation Homes admits that this Court has jurisdiction over Invitation Homes under California Code of Civil Procedure § 410.10 and Federal Rule of Civil Procedure 4(k)(1)(A).  The remainder of Paragraph 9 contains characterizations and legal conclusions to which no response is required.  To the extent that any response is required, Invitation Homes denies the remaining allegations in Paragraph 9, except admits that it owns single-family homes in the City of San Diego.

10.     Invitation Homes admits that venue is proper in this Court under 28 U.S.C. § 1391.  The remainder of Paragraph 10 contains characterizations and legal conclusions to which no response is required.  To the extent that any response is necessary, Invitation Homes denies the remaining allegations in Paragraph 10.

11.     Paragraph 11 includes characterizations to which no response is required. To the extent a response is necessary, Invitation Homes denies the allegations in Paragraph 11.

12.     Invitation Homes lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 regarding Relator's conduct, legal status, and knowledge.

13.     Invitation Homes admits that, according to public records, Relator was incorporated in Delaware in March 2020.  Paragraph 13 contains characterizations and legal conclusions to which no response is required.  To the extent that a response is required, Invitation Homes is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 regarding the location of Relator's headquarters, entities related to Relator, and the conduct of Relator and

1   related entities. To the extent that a response is required to the remaining allegations,

2   Invitation Homes denies the allegations in Paragraph 13.

3       14.   Paragraph 14 contains characterizations to which no response is

4   required. Invitation Homes admits that it is a publicly traded company; that it leases

5   homes; that its headquarters sit in Dallas, Texas; that it is incorporated in Maryland;

6   that its market capitalization is currently valued in excess of $10 billion; that it

7   reported annual revenues of $1.72 billion in 2018; and that its President and CEO is

8   Dallas B. Tanner.

9       15.   Paragraph 15 contains characterizations to which no response is

10  required. Invitation Homes denies the allegations in the first sentence of Paragraph

11  15, except that it admits that Blackstone, Inc. acquired Invitation Homes'

12  predecessor firm in 2012; that it has bought single-family homes; that it has acquired

13  or merged with other companies; and that it has acquired single-family homes

14  through those mergers. The second sentence of Paragraph 15 contains

15  characterizations to which no response is required. To the extent that a response to

16  the second sentence of Paragraph 15 is necessary, Invitation Homes admits that, as

17  of June 30, 2016, it owned nearly 50,000 single-family homes and that it acquired

18  those homes in various ways, including through the multiple listing service

19  ("MLS"), purchases through brokers, and acquisition of groups of homes. Invitation

20  Homes admits the allegations in the third sentence of Paragraph 15. The fourth

21  sentence of Paragraph 15 contains characterizations to which no response is

22  required. To the extent that a response is necessary, Invitation Homes admits that it

23  owns single-family homes in the United States; that it offers these homes for rent;

24  and that the majority of homes that it owns are located in California, Florida,

25  Georgia, Texas, and other states in the southwestern and southeastern United States.

26  Invitation Homes admits the allegations in the fifth sentence of Paragraph 15.

27      16.   Invitation Homes admits the allegations in the first sentence of

28  Paragraph 16. Invitation Homes lacks knowledge or information sufficient to form

a belief as to the results of Relator's analysis detailed in the remaining portion of Paragraph 16.

17.     Paragraph 17 contains characterizations of the cited code sections and therefore no response is required, as the law and history thereof speak for themselves.

18.     Paragraph 18 purports to quote from the cited code section and therefore no response is required.  Invitation Homes refers the Court to the full text of the cited code section for its true and correct content.

19.     Paragraph 19 purports to quote from the cited code section and therefore no response is required.  Invitation Homes refers the Court to the full text of the cited code section for its true and correct content.

20.     Paragraph 20 purports to quote from the cited code section and therefore no response is required.  Invitation Homes refers the Court to the full text of the cited code section for its true and correct content.

21.     Paragraph 21 purports to quote from the cited code section and therefore no response is required.  Invitation Homes refers the Court to the full text of the cited code section for its true and correct content.

22.     Invitation Homes admits the allegations in Paragraph 22.

23.     Paragraph 23 purports to characterize and quote from the cited code sections and therefore no response is required.  Invitation Homes refers the Court to the full text of the cited code sections for their true and correct content.

24.     Paragraph 24 purports to characterize and quote from the cited code sections and therefore no response is required.  Invitation Homes refers the Court to the full text of the cited code sections for their true and correct content.

25.     Paragraph 25 purports to quote from the cited code section and therefore no response is required.  Invitation Homes refers the Court to the full text of the cited code section for its true and correct content.

26.     Paragraph 26 purports to characterize and quote from the cited code sections and therefore no response is required.  Invitation Homes refers the Court to the full text of the cited code sections—which states that the "owner *or authorized agent*" shall obtain the required permit—for their true and correct content.  Invitation Homes also refers to the Court to the portions of California Business & Professions Code which specify that only a "licensed" contractor may obtain a permit, unless the permit applicant qualifies for an enumerated exemption.  *See* Cal. Bus. & Prof. Code § 7031.5.  There are exemptions allowing home "owners" to obtain permits in certain circumstances, but only if they meet specific criteria. *Id.* § 7044.

27.     Paragraph 27 purports to characterize and quote from the cited code sections, and contains legal conclusions, and therefore no response is required. Invitation Homes refers the Court to the full text of the cited code sections for their true and correct content.  Invitation Homes denies that the differences in the cities' permitting requirements are "slight" and "not relevant to the substance of this Complaint."

28.     Paragraph 28 purports to characterize the cited code sections and therefore no response is required.  Invitation Homes refers the Court to the full text of the cited code sections for their true and correct content.

29.     Paragraph 29 purports to characterize and quote from the cited code sections and municipal fee schedule, and therefore no response is required. Invitation Homes refers the Court to the full text of the cited code sections, including the code section describing the types of work that do not require a permit, and municipal fee schedule for their true and correct content.

30.     Paragraph 30 purports to characterize and quote from the cited code sections and municipal fee table, and therefore no response is required.  Invitation Homes refers the Court to the full text of the cited code sections, including the code

1    section describing the types of work that do not require a permit, and municipal fee

2    table for their true and correct content.

3        31.    Paragraph 31 purports to characterize the cited code sections and

4    information from the cited government websites, and therefore no response is

5    required.  Invitation Homes refers the Court to the full text of the cited code sections,

6    including the code section describing the types of work that do not require a permit,

7    and government websites for their true and correct content.

8        32.    Paragraph 32 purports to characterize the cited code section and

9    information from the cited government website, and therefore no response is

10   required.  Invitation Homes refers the Court to the full text of the cited code section,

11   including the code section describing the types of work that do not require a permit,

12   and government website for their true and correct content.

13       33.    Paragraph 33 purports to characterize and quote from the cited code

14   section and information from the cited government website, and therefore no

15   response is required.  Invitation Homes refers the Court to the full text of the cited

16   code section, including the code section describing the types of work that do not

17   require a permit, and government website for their true and correct content.

18       34.    Paragraph 34 purports to characterize the cited code section and

19   government fee schedule, and therefore no response is required.  Invitation Homes

20   refers the Court to the full text of the cited code section, including the code section

21   describing the types of work that do not require a permit, and government fee

22   schedule for their true and correct content.

23       35.    Paragraph 35 purports to characterize the cited code sections, therefore

24   no response is required.  Invitation Homes refers the Court to the full text of the cited

25   code sections for their true and correct content, including the code section describing

26   the types of work that do not require a permit.  Further, the characterizations in

27   Paragraph 35 regarding "other communities" are sufficiently vague and

28   unintelligible as to preclude a fact-based response.  To the extent that a response is

necessary, Invitation Homes lacks knowledge or information sufficient to respond to the other allegations in Paragraph 35 about provisions adopted by "other communities" in California.

36.   Paragraph 36 purports to characterize and quote from the cited code sections, therefore no response is required.  Invitation Homes refers the Court to the full text of the cited code sections for their true and correct content, including the code section describing the types of work that do not require a permit.

37.   Paragraph 37 purports to characterize the cited code sections, therefore no response is required.  Invitation Homes refers the Court to the full text of the cited code sections for their true and correct content.  Further, the characterizations regarding "many localities" in Paragraph 37 are sufficiently vague and unintelligible as to preclude a fact-based response.  To the extent that a response is necessary, Invitation Homes lacks knowledge or information sufficient to respond to the allegations about building codes adopted by "many localities."

38.   Paragraph 38 contains characterizations of law to which no response is required.  Further, the characterizations regarding "other cities" in Paragraph 38 are sufficiently vague and unintelligible as to preclude a fact-based response.  To the extent that a response is necessary, Invitation Homes lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 regarding amendments to the State Building Codes adopted by "other cities."

39.   Paragraph 39 purports to characterize and quote from the cited code section, therefore no response is required.  Invitation Homes refers the Court to the full text of the cited code section for its true and correct content, including the code section describing the types of work that do not require a permit.

40.   Paragraph 40 purports to characterize the cited code section, therefore no response is required.  Invitation Homes refers the Court to the full text of the cited code section for its true and correct content, including the code section describing the types of work that do not require a permit.

41.     Paragraph 41 purports to characterize and quote from the cited code sections, therefore no response is required.  Invitation Homes refers the Court to the full text of the cited code sections for their true and correct content, including the code section describing the types of work that do not require a permit.

42.     Paragraph 42 purports to characterize and quote from the cited code sections, therefore no response is required.  Invitation Homes refers the Court to the full text of the cited code sections for their true and correct content, including the code section describing the types of work that do not require a permit.  Paragraph 42 further contains characterizations regarding "many localities" that are sufficiently vague and unintelligible as to preclude a fact-based response.  To the extent that a response is necessary, Invitation Homes lacks knowledge or information sufficient to form a belief as to the allegations regarding "many localities."

43.     Paragraph 43 contains characterizations and legal conclusions to which no response is required.  Invitation Homes denies that it has engaged in any violation of the law.

44.     Paragraph 44 contains characterizations and legal conclusions to which no response is required.  Invitation Homes denies that it has engaged in any violation of the law.  Invitation Homes lacks knowledge or information sufficient to form a belief as to Relator's activities and opinions.

45.     Invitation Homes admits that it filed a Form 10-K for fiscal year 2019. To the extent that Paragraph 45 purports to quote from Invitation Homes' Form 10-K for fiscal year 2019, the document speaks for itself and no response is required to the purported quotation.  Invitation Homes admits that, when it acquires a home, a determination is made as to whether and to what extent renovations will occur.

46.     Paragraph 46 contains characterizations to which no response is required.  To the extent that a response to the characterizations is necessary, Invitation Homes denies the allegation in Paragraph 46.  To the extent that Paragraph 46 further purports to contain a chart summarizing information provided in

1   Invitation Homes' public filings, those documents speak for themselves and no
2   response is required.

3       47.     Invitation Homes admits the allegations in the first sentence of
4   Paragraph 47.  The second sentence of Paragraph 47 contains characterizations to
5   which no response is required, and the second sentence of Paragraph 47 contains
6   allegations that are sufficiently vague and unintelligible as to preclude a fact-based
7   response.  To the extent that a response is necessary, Invitation Homes denies the
8   allegations in the second sentence of Paragraph 47.

9       48.     Invitation Homes denies the allegations in Paragraph 48, except
10  Invitation Homes admits that it merged with Starwood Waypoint Homes in 2017.

11      49.     Paragraph 49 contains characterizations and purported mathematical
12  calculations to which no response is required.  Invitation Homes admits that
13  Starwood filed a Form 10-K for the fiscal year ending December 31, 2016.  To the
14  extent that Paragraph 49 purports to quote or cite data from Starwood's Form 10-K
15  for the fiscal year ending December 31, 2016, the document speaks for itself and no
16  response is required to the purported quotation.  To the extent that any response is
17  necessary, Invitation Homes denies the allegations in Paragraph 49, except Invitation
18  Homes admits that both Starwood and Invitation Homes arranged for certain
19  properties that each had acquired to undergo renovations and hired general
20  contractors to undertake those renovations and related activities.

21      50.     The first sentence of Paragraph 50 contains characterizations of the
22  Amended Complaint's allegations "as illustrated and explained below" to which no
23  response is required as such allegations speak for themselves.  Paragraph 50 also
24  contains legal conclusions to which no response is required.  Invitation Homes
25  denies the remaining allegations in Paragraph 50, except it admits that it arranged
26  for renovations to certain properties, including additions to homes, electrical and
27  plumbing work, removal and construction of swimming pools, installation of air
28  conditioning units, and renovations of homes' interiors.

51.     The first sentence of Paragraph 51 contains characterizations to which no response is necessary.  Invitation Homes admits that it filed a form 10-K for the 2019 fiscal year.  The document speaks for itself, and no response is required to Relator's purported quotation from the document.

52.     Invitation Homes denies the allegations in Paragraph 52.

53.     Invitation Homes denies the allegations in Paragraph 53, except it lacks knowledge or information sufficient to form a belief as to the allegations regarding Relator's actions.

54.     Invitation Homes lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 54.

55.     Invitation Homes lacks knowledge or information sufficient to form a belief as to the allegations regarding Relator's actions in Paragraph 55.  The remaining allegations in Paragraph 55 contain characterizations to which no response is required.  To the extent that any response is necessary, Invitation Homes denies the remaining allegations in Paragraph 55, except it lacks knowledge or information sufficient to form a belief as to the allegations that purport to compare the number or percentage of permits obtained by Invitation Homes as compared to the "rates for other homeowners in the same localities."

56.     Invitation Homes lacks information or knowledge sufficient to form a belief as to the allegations regarding Relator's actions.  The remainder of Paragraph 56 contains legal conclusions to which no response is required.  To the extent that a response is necessary, Invitation Homes denies the allegations in the remainder of Paragraph 56.

57.     Invitation Homes lacks information or knowledge sufficient to form a belief as to the allegations regarding Relator's actions.  Invitation Homes denies the allegations in Paragraph 57 that it failed to obtain any required permits for any completed construction and is without knowledge or information sufficient to form

ANSWER TO FIRST AMENDED COMPLAINT

a belief as to the truth of the Relator's actions or belief, or accuracy of visual representations.

58.    Paragraph 58 contains legal conclusions to which no response is required.  To the extent that a response is necessary, Invitation Homes denies the allegations in Paragraph 58.

59.    Paragraph 59 contains characterizations and legal conclusions to which no response is required.  To the extent that a response is necessary, Invitation Homes denies the allegations in Paragraph 59.

60.    Paragraph 60 includes characterizations of the law and information from the cited government website, which do not require a response.  Invitation Homes refers the Court to the full text of the cited government website for its true and correct content.  Paragraph 60 further includes what purport to be photographic images that have been labeled "before" and "after" by Relator.  Invitation Homes lacks knowledge or information sufficient to form a belief as to the content of the images or the accuracy of the labels.  To the extent that any response to Paragraph 60 is required, Invitation Homes denies the allegations.

61.    Invitation Homes denies the allegations in Paragraph 61.

62.    Paragraph 62 includes characterizations of the cited code sections and information from the cited government website, which do not require a response.  Invitation Homes refers the Court to the full text of the cited code sections and government website for their true and correct content.  Paragraph 62 further includes what purport to be photographic images that have been labeled "before" and "after" by Relator.  Invitation Homes lacks knowledge or information sufficient to form a belief as to the content of the images or the accuracy of the labels.  To the extent that any response to Paragraph 60 is required, Invitation Homes denies the allegations.

63.    Invitation Homes denies the allegations in Paragraph 63.

64.    Paragraph 64 includes characterizations of the law and information from the cited government website, which do not require a response.  Invitation

1   Homes refers the Court to the full text of the cited government website for its true

2   and correct content.  Paragraph 64 further includes what purport to be photographic

3   images that have been labeled "before" and "after" by Relator.  Invitation Homes

4   lacks knowledge or information sufficient to form a belief as to the content of the

5   images or the accuracy of the labels.  To the extent that any response to Paragraph

6   64 is required, Invitation Homes denies the allegations.

7          65.     Invitation Homes denies the allegations in Paragraph 65.

8          66.     Paragraph 66 includes characterizations of the law and information

9   from the cited government website, which do not require a response.  Invitation

10   Homes refers the Court to the full text of the cited government website for its true

11   and correct content.  Paragraph 66 further includes what purport to be photographic

12   images that have been labeled "before" and "after" by Relator.  Invitation Homes

13   lacks knowledge or information sufficient to form a belief as to the content of the

14   images or the accuracy of the labels.  To the extent that any response to Paragraph

15   66 is required, Invitation Homes denies the allegations.

16          67.     Invitation Homes denies the allegations in Paragraph 67.

17          68.     Paragraph 68 includes characterizations of cited code sections and

18   information from the cited government website, which do not require a response.

19   Invitation Homes refers the Court to the full text of the cited code sections and

20   government website for their true and correct content.  Paragraph 68 further includes

21   what purport to be photographic images that have been labeled "before" and "after"

22   by Relator.  Invitation Homes lacks knowledge or information sufficient to form a

23   belief as to the content of the images or the accuracy of the labels.  To the extent that

24   any response to Paragraph 68 is required, Invitation Homes denies the allegations.

25          69.     Paragraph 69 contains characterizations that do not require a response.

26   To the extent that Paragraph 69 contains representations about Relator's ability to

27   "discern[]" certain conduct, Invitation Homes lacks knowledge or information

28   sufficient to form a belief as to Relator's conduct.  To the extent that a response to

Paragraph 69 is required, Invitation Homes admits that online records for the City of Riverside indicate that a "Stop Work Notice" issued for 5351 Central Avenue, Riverside, California, on August 1, 2014, denies the remaining allegations in Paragraph 69, and notes that Invitation Homes enters into contractual relationships with contractors who perform rehabilitation work, including roofing work, and activities related to that work.  Those contracts require contractors to obtain all necessary permits and to otherwise comply with applicable state and local building code provisions, and the contractors themselves retain ultimate responsibility for obtaining all required permits.

70.     Paragraph 70 includes characterizations of the cited code sections and information from the cited government website, which do not require a response. Invitation Homes refers the Court to the full text of the cited code sections and government website for their true and correct content.  Paragraph 70 further includes what purport to be photographic images that have been labeled "before" and "after" by Relator.  Invitation Homes lacks knowledge or information sufficient to form a belief as to the content of the images or the accuracy of the labels.  To the extent that any response to Paragraph 70 is required, Invitation Homes denies the allegations.

71.     Invitation Homes denies the allegations in Paragraph 71.

72.     Paragraph 72 includes characterizations of the law and information from the government website, which do not require a response.  Invitation Homes refers the Court to the full text of the cited government website for its true and correct content.  Paragraph 72 further includes what purport to be photographic images that have been labeled "before" and "after" by Relator.  Invitation Homes lacks knowledge or information sufficient to form a belief as to the content of the images or the accuracy of the labels.  To the extent that any response to Paragraph 72 is required, Invitation Homes denies the allegations.

73.     Invitation Homes denies the allegations in Paragraph 73.

74.     Paragraph 74 includes characterizations of the cited code sections and information from the cited government website, which do not require a response. Invitation Homes refers the Court to the full text of the cited code sections and government website for their true and correct content.  Paragraph 74 further includes what purport to be photographic images that have been labeled "before" and "after" by Relator.  Invitation Homes lacks knowledge or information sufficient to form a belief as to the content of the images or the accuracy of the labels.  To the extent that any response to Paragraph 74 is required, Invitation Homes denies the allegations.

75.     Invitation Homes denies the allegations in Paragraph 75.

76.     Paragraph 76 includes characterizations of the cited code section and information from the cited government website, which do not require a response. Invitation Homes refers the Court to the full text of the cited code section and government website for their true and correct content.  Paragraph 76 further includes what purport to be photographic images that have been labeled "before" and "after" by Relator.  Invitation Homes lacks knowledge or information sufficient to form a belief as to the content of the images or the accuracy of the labels.  To the extent that any response to Paragraph 76 is required, Invitation Homes denies the allegations.

77.     Invitation Homes denies the allegations in Paragraph 77.

78.     Paragraph 78 includes characterizations of the cited code section and information from the cited government website, which do not require a response. Invitation Homes refers the Court to the full text of the cited code section and government website for their true and correct content.  Paragraph 78 further includes what purport to be photographic images that have been labeled "before" and "after" by Relator.  Invitation Homes lacks knowledge or information sufficient to form a belief as to the content of the images or the accuracy of the labels.  To the extent that any response to Paragraph 78 is required, Invitation Homes denies the allegations.

79.     Invitation Homes denies the allegations in Paragraph 79.

80.     Paragraph 80 includes characterizations of the cited code section and information from the cited government website, which do not require a response. Invitation Homes refers the Court to the full text of the cited code section and government website for their true and correct content.  Paragraph 80 further includes what purport to be photographic images that have been labeled "before" and "after" by Relator.  Invitation Homes lacks knowledge or information sufficient to form a belief as to the content of the images or the accuracy of the labels.  To the extent that any response to Paragraph 80 is required, Invitation Homes denies the allegations.

81.     Invitation Homes denies the allegations in Paragraph 81.

82.     Paragraph 82 includes characterizations of the law and information from the cited government website, which do not require a response.  Invitation Homes refers the Court to the full text of the cited government website for its true and correct content.  Paragraph 82 further includes what purport to be photographic images that have been labeled "before" and "after" by Relator.  Invitation Homes lacks knowledge or information sufficient to form a belief as to the content of the images or the accuracy of the labels.  To the extent that any response to Paragraph 82 is required, Invitation Homes denies the allegations.

83.     Invitation Homes denies the allegations in Paragraph 83.

84.     Paragraph 84 includes characterizations of the law and information from the cited government website, which do not require a response.  Invitation Homes refers the Court to the full text of the government website for its true and correct content.  Paragraph 84 further includes what purport to be photographic images that have been labeled "before" and "after" by Relator.  Invitation Homes lacks knowledge or information sufficient to form a belief as to the content of the images or the accuracy of the labels.  Invitation Homes also lacks knowledge or information sufficient to form a belief as to whether a pool at the stated address was filled, whether a permit was obtained for this work, whether a permit for such work was required, whether an inspection occurred, and whether the work failed the

inspection.   Invitation Homes denies that filling a pool requires "digging up the earth."

85.   Paragraph 85 includes characterizations of the cited code section and information from the cited government website, which do not require a response. Invitation Homes refers the Court to the full text of the cited code section and government website for their true and correct content.  Paragraph 85 further includes what purports to be a photographic image that has been labeled by Relator. Invitation Homes lacks knowledge or information sufficient to form a belief as to the content of the image or the accuracy of the label.  Invitation Homes also lacks knowledge or information sufficient to form a belief as to whether a kitchen remodel occurred at the stated address, whether appliances were installed, including a stove/oven, whether a permit was obtained for this work, whether a permit for such work was required, whether a "code case" was issued on August 21, 2018, and whether such "code case" was issued because of a nonworking stove/oven with a possible gas leak.

86.   Invitation Homes denies the allegations in Paragraph 86.

87.   Paragraph 87 includes characterizations of the law that do not require a response.  To the extent that any response to Paragraph 87 is required, Invitation Homes denies the allegations.

88.   Invitation Homes lacks knowledge or information sufficient to form a belief as to the actions taken by Relator as described in Paragraph 88.  The second sentence of Paragraph 88 contains a legal conclusion to which no response is required.  To the extent that any response is necessary, Invitation Homes denies the allegation in the second sentence of Paragraph 88.

89.   Invitation Homes lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 89.

90.     Invitation Homes denies the allegations in Paragraph 90, and denies that it spent an average of approximately $25,000 per renovation on homes in Moreno Valley.

91.     The first sentence of Paragraph 91 contains characterizations, inferences, and legal conclusions to which no response is needed.  To the extent that a response is necessary, Invitation Homes denies the allegations in the first sentence of Paragraph 91.  Invitation Homes lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 91.

92.     Paragraph 92 contains characterizations and inferences to which no response is needed.  To the extent that a response is necessary, Invitation Homes denies the allegations, except avers that it lacks knowledge or information sufficient to form a belief as to whether "other homes in the each [SIC] city include many owned by laypersons who would have been less likely to spend heavily on renovations, or to need them at all."

93.     Invitation Homes denies the allegations in Paragraph 93, except avers that it lacks knowledge or information sufficient to form a belief as to information regarding "the non-Defendant group of single-family homes," what "one may reasonably infer," or whether it "has a starkly lower percentage" of properties for which permits have been obtained than "its peers."

94.     Paragraph 94 contains characterizations and legal conclusions to which no response is required.  To the extent that a response is required, Invitation Homes denies the allegations in Paragraph 94.

95.     Paragraph 95 contains characterizations and legal conclusions to which no response is required.  To the extent that a response is required, Invitation Homes denies the allegations in Paragraph 95.

96.     Paragraph 96 includes characterizations to which no response is required.  To the extent that Paragraph 96 purports to contain a chart summarizing

ANSWER TO FIRST AMENDED COMPLAINT

information provided in Invitation Homes' public filings, those documents speak for themselves and no response is required.

97.    Paragraph 97 purports to quote from the "Angie's list" website, the contents of which speak for themselves and to which no response is required. Paragraph 97 also contains characterizations and legal conclusions to which no response is required.  To the extent that a response is necessary, Invitation Homes denies the remaining allegations in Paragraph 97.

98.    Invitation Homes incorporates by reference its responses to Paragraphs 1 through 97.

99.    The allegations in Paragraph 99 are characterizations and legal conclusions to which no response is required.  To the extent any response is required, Invitation Homes denies the allegations.

100.    The allegations in Paragraph 100 are characterizations and legal conclusions to which no response is required.  To the extent any response is required, Invitation Homes denies the allegations.

101.    The allegations in Paragraph 101 are characterizations and legal conclusions to which no response is required.  To the extent any response is required, Invitation Homes denies the allegations.

102.    The allegations in Paragraph 102 are characterizations and legal conclusions to which no response is required.  To the extent any response is required, Invitation Homes denies the allegations.

103.    The allegations in Paragraph 103 are characterizations and legal conclusions to which no response is required.  To the extent any response is required, Invitation Homes denies the allegations.

104.    The allegations in Paragraph 104 are legal conclusions to which no response is required.  To the extent any response is required, Invitation Homes denies the allegations.

ANSWER TO FIRST AMENDED COMPLAINT

**ADDITIONAL DEFENSES**

As additional defenses, Invitation Homes alleges, asserts, and avers the following, which apply to each and every cause of action asserted in the Amended Complaint to which such defense is or may be applicable.  By virtue of alleging these further defenses, Invitation Homes does not assume any burden of proof, persuasion, or production not otherwise legally assigned to it.  Invitation Homes also does not concede that facts contrary to one or more of the averments that follow would support liability as to Invitation Homes.  Invitation Homes reserves the right to assert additional defenses as may be appropriate.   All defenses are pleaded in the alternative.

**FIRST DEFENSE**

(Failure to State a Claim)

1.     The Complaint should be dismissed, in whole or in part, because it fails to state a claim upon which relief may be granted under Federal Rules of Civil Procedure 8 and 9(b). The grounds for this affirmative defense are set forth in Invitation Homes' Motion to Dismiss [ECF No. 10].  Although the Court denied Invitation Homes' Motion to Dismiss [ECF No. 16], Invitation Homes asserts this Affirmative Defense for purposes of preserving all rights in this litigation and any subsequent appeal.

**SECOND DEFENSE**

(Laches)

2.   The Complaint should be dismissed, in whole or in part, because it is barred by the doctrine of laches.  The elements of the affirmative defense of laches are: "(1) lack of diligence by the party against whom the defense is asserted, and (2) prejudice to the party asserting the defense." *Huseman v. Icicle Seafoods, Inc.*, 471 F.3d 1116, 1126 (9th Cir. 2006).  Based on information and belief, Plaintiffs have had since approximately 2012 to investigate and prosecute any claims they wished to pursue against Invitation Homes.  Plaintiffs did not file their initial Complaint in

this action until October 2020.  Based upon information and belief, and subject to discovery of facts in support of this defense before trial, Invitation Homes contends that the facts discovered will show that Plaintiffs' unreasonable delay in bringing this action has prejudiced Invitation Homes with respect to the potential for destruction of documents relevant to Invitation Homes' defense of this action.

## THIRD DEFENSE

(Statute of Limitations)

3.     The Complaint should be dismissed, in whole or in part, because it is barred by the applicable statute of limitations, including, but not limited to, Cal. Gov't Code § 12654(a) and any applicable previously operative versions thereof. Therefore, based upon information and belief, and subject to discovery of facts in support of this defense before trial, Invitation Homes contends that the facts discovered will show that at least some of the claims alleged by Relator in its Complaint to be false fall outside of the applicable statute of limitations imposed by California law.

## FOURTH DEFENSE

(Good Faith)

4.     The Complaint should be dismissed, in whole or in part, because any actions taken by Invitation Homes with respect to the subject matters alleged in the Complaint were undertaken in good faith, and constitute lawful, proper, justified, and/or privileged conduct.  The elements of the affirmative defense of good faith are: (1) a subjective good faith belief that one is acting in compliance with the law/statute; and (2) that this belief was itself reasonable. *Kilgore v. Mitchell*, 623 F.2d 631, 633 (9th Cir. 1980).  Based upon information and belief, and subject to discovery of facts in support of this defense before trial, Invitation Homes contends that the facts discovered will show that any allegedly improper conduct by Invitation Homes was undertaken in good faith reliance on third parties and constituted lawful, proper, and justified conduct.

## FIFTH DEFENSE

### (Failure to Mitigate Damages)

5.      The Complaint should be dismissed, in whole or in part, because Plaintiffs' claims for relief are barred by their failure to mitigate the alleged damages.  The elements of the affirmative defense of failure to mitigate damages are: (1) a plaintiff who suffers damage, and (2) has a duty to take reasonable steps to mitigate those damages, will not be able to recover for any losses which could have been thus avoided.  *See Lawrence v. FCA US LLC*, CV165452PSGMRWX, 2017 WL 6940513, at *4 (C.D. Cal. Sept. 12, 2017).  Based upon information and belief, and subject to discovery of facts in support of this defense before trial, Invitation Homes contends that the facts discovered will show that Plaintiffs failed to take reasonable steps to mitigate any potential damages they claim in the Complaint.

## SIXTH DEFENSE

### (Public Disclosure Bar)

6.      The Complaint should be dismissed, in whole or in part, because the Court lacks jurisdiction over the allegations under the False Claims Act because the claims are barred by the Public Disclosure Bar, Cal. Govt Code § 12652(d)(3), the Complaint is based entirely on publicly available information, and Relator is not an "original source" of the information as defined by Cal. Govt Code § 12652(d)(3). Based upon information and belief, and subject to discovery of facts in support of this defense before trial, Invitation Homes contends that the facts discovered will show that information relating to Relator's claims was publicly disclosed in the news media prior to Relator's filing of its initial Complaint in this action.

## SEVENTH DEFENSE

### (Lack of Successor Liability)

7.      Invitation Homes denies any and all liability to the extent that Relator asserts that Invitation Homes' alleged liability is based on its role as a successor-in-

ANSWER TO FIRST AMENDED COMPLAINT

interest, a successor-in-business, a predecessor, a predecessor in business, a parent, an alter ego, a subsidiary, wholly or partially owned by, the whole or partial owner of, or member in any other entity that is alleged to have committed any of the acts or omissions alleged in the Complaint.

## EIGHTH DEFENSE

(Treble Damages and Statutory Penalties Barred by Eighth Amendment)

8. Relator's claim for treble damages and statutory penalties is barred by the Eighth Amendment to the United States Constitution, as applied to the States through the Fourteenth Amendment, prohibiting the imposition of excessive fines.

## NINTH DEFENSE

(Compliance with Legal and Industry Standards)

9. At all relevant times, Invitation Homes complied with applicable laws, regulations, standards and accepted industry practices, customs, and procedures. Based upon information and belief, and subject to discovery of facts in support of this defense before trial, Invitation Homes contends that the facts discovered will show that Invitation Homes adhered to industry and legal standards related to construction projects in the rental home market, and therefore no false claims occurred.

## TENTH DEFENSE

(Lack of Scienter)

10. To the extent Invitation Homes engaged in any wrongful conduct, which Invitation Homes expressly denies, such conduct was not willful and/or knowledgeable. Based upon information and belief, and subject to discovery of facts in support of this defense before trial, Invitation Homes contends that the facts discovered will show that the required element of scienter under the California False Claims Act cannot be met by Relator and therefore any recovery is precluded.

## ELEVENTH DEFENSE

(Speculative and Unreliable Damages Calculation)

ANSWER TO FIRST AMENDED COMPLAINT

11.     Relator's claims, in whole or in part, are barred because the alleged damages are speculative and because of the impossibility of the ascertainment and allocation of these alleged damages.  Based upon information and belief, and subject to discovery of facts in support of this defense before trial, Invitation Homes contends that the facts discovered will show that Relator's proposed use of statistical sampling in its Complaint to prove liability and damages is too speculative and unreliable under the facts of this case to comply with basic standards of due process.

### TWELFTH DEFENSE

(Vagueness and Unintelligibility)

12.     Relator's claims should be dismissed for uncertainty and vagueness and because their claims are ambiguous and/or unintelligible.  Invitation Homes avers that Relator's claims and allegations do not describe the events or legal theories with sufficient particularity to permit Invitation Homes to ascertain which other defenses may exist.

### THIRTEENTH DEFENSE

(Unjust Enrichment)

13.     Relator's claims are barred, in whole or in part, to the extent Relator would be unjustly enriched were it allowed to recover any part of the alleged damages.

### FOURTEENTH DEFENSE

(Damages Proximately Caused by Others)

14.     Relator's claims are barred, in whole or in part, to the extent that any injuries or damages suffered were caused solely or proximately by the acts and omissions of others.  Based upon information and belief, and subject to discovery of facts in support of this defense before trial, Invitation Homes contends that the facts discovered will show that the injuries and damages that Relator alleges, if they occurred at all, were proximately caused by the acts and omissions of others.

**FIFTEENTH DEFENSE**

(Damages Not Caused by Invitation Homes)

15.     Relator's claims are barred, in whole or in part, to the extent its alleged damages were caused by market conditions or other events outside of Invitation Homes' control or for which Invitation Homes is not responsible, or otherwise were not the result of any act or omission attributable to Invitation Homes.  Based upon information and belief, and subject to discovery of facts in support of this defense before trial, Invitation Homes contends that the facts discovered will show that the damages that Relator alleges, if they occurred at all, were caused by events outside of Invitation Homes' control or for which Invitation Homes is not responsible, and were otherwise not the result of any act or omission attributable to Invitation Homes.

**SIXTEENTH DEFENSE**

(Failure to Join a Necessary or Indispensable Party)

16.     Relator's claims are barred, in whole or in part, on the ground that Relator failed to name and join indispensable and/or necessary parties, including, but not limited to, general contractors who entered into contracts in which they took responsibility for complying with legal requirements, including permitting requirements, performed the construction work, and certified their compliance with legal requirements, including permitting requirements.

**SEVENTEENTH DEFENSE**

(Reservation of Rights to Add Affirmative Defenses)

17.     Invitation Homes alleges that it has not knowingly or intentionally waived any applicable affirmative defenses and reserves the right to assert and rely on such other applicable affirmative defenses as may become available or apparent during discovery proceedings and further reserves the right to amend this answer and these defenses accordingly and to delete defenses if such defenses are deemed inapplicable during the course of discovery and other proceedings.

1

## <u>JURY DEMAND</u>

Invitation Homes hereby demands a trial by jury for all issues so triable.

Dated:  February 21, 2023

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

By: */s/ Melinda L. Haag*
     Randall S. Luskey
     Melinda L. Haag

     *Attorneys for Defendant*
     Invitation Homes Inc.

Case No. 22-CV-260-L-MDD
ANSWER TO FIRST AMENDED COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **CERTIFICATE OF SERVICE**

I certify that on February 21, 2023, I filed the foregoing ANSWER OF DEFENDANT INVITATION HOMES INC. TO FIRST AMENDED COMPLAINT with the Clerk of Court for the United States District Court, Southern District of California by using the Court's CM/ECF system, which will serve electronic notification of this filing to all counsel of record.

Dated: February 21, 2023          By: */s/ Melinda Haag*
                                                    Melinda Haag (SBN 132612)

*Attorney for Defendant*
Invitation Homes Inc.