# EXHIBIT F

# FIRST AMENDMENT TO CONSTRUCTION MANAGEMENT AGREEMENT

This First Amendment to Construction Management Agreement ("First Amendment") is entered into this 14th day of January, 2014 ("Effective Date") by and between **COLFIN AH – California 7, LLC**, a Delaware limited liability company (together with any nominee, "Owner") and **BDR, Inc.** ("Manager"), a California corporation.

**WHEREAS**, Owner and Manager are parties to a Construction Management Agreement, dated October 25, 2013 (the "Original Agreement", and as amended, amended and restated, supplemented or otherwise modified from time to time, the "Agreement", capitalized terms used but not otherwise defined herein shall have the meanings assigned in the Agreement);

**WHEREAS**, although the Original Agreement names the parties thereto as **COLFIN AH-California 7, LLC** (as Owner) and **Strategic Acquisitions, Inc.** (as Manager), the intended and real parties thereto were and are **COLFIN AH-California 7, LLC** (as Owner) and **BDR, Inc.** (as Manager);

**WHEREAS**, at all times all acts undertaken and performed under the Agreement have been undertaken and performed by **BDR, Inc.**; and

**WHEREAS**, the parties desire to amend the Agreement as set forth herein.

**NOW, THEREFORE**, for good and valuable consideration, the receipt and legal sufficiency of which is hereby acknowledged, Owner and Manager hereby agree as follows:

1. The first paragraph of the Agreement is hereby restated as follows: "**THIS CONSTRUCTION MANAGEMENT AGREEMENT** (this "**Agreement**") is made and entered into as of the 25th day of OCTOBER, 2013 (the "Effective Date"), by and between **COLFIN AH-CALIFORNIA 7, LLC**, a Delaware limited liability company (hereinafter referred to as "**Owner**"), and **BDR, Inc.**, a California corporation (hereinafter referred to as "**Manager**")." The parties agree that **BDR, Inc.** was at all times intended to be the party referred to as the Manager in the Agreement and that all acts undertaken and performed under the Agreement have been undertaken and performed by **BDR, Inc.**, not **Strategic Acquisitions, Inc.**

2. **Amendments**. Section 4.1 of the Original Agreement shall be amended by adding a new section 4.1.11, which states "Manager warrants and agrees that it will not pay any contractor, sub-contractor, sub-sub-contractor, supplier, or anyone else eligible to file a mechanic's lien under California law (individually, "**Possible Lien Claimant**" and, collectively, "**Possible Lien Claimants**") without first obtaining a lien release in the form required under California law from the Possible Lien Claimant being paid and from all other persons rendering services or materials for which the Lien Claimant is being paid."

   Section 4.1 shall be further amended by adding a new Section 4.1.12, which states "Immediately providing Owner a copy of any lien, lien claim, pre-lien filing or any other

assertion of an interest in the Properties, equitable or otherwise, under California mechanics' lien law."

Section 11.2 shall be amended and restated as follows: "**Indemnity by Manager**. Manger agrees to defend, indemnify, protect and hold harmless Owner and its affiliates, agents, managers, officers, directors, consultants, members, partners, shareholders and employees from and against any and all liability, claims, loss, cost, damage or expense (including, without limitation, reasonable attorneys' and paralegals' fees and expenses and court costs) arising: (i) as a result of or in connection with the commission of any acts as Manager, its agents or employees which are outside the scope of Manager's authority or responsibility hereunder and performed without Owner's actual knowledge thereof and express consent thereto; (ii) as a result of, or in connection with, the commission of any act or omission that constitutes gross negligence, misrepresentation, bad faith, criminal misconduct, fraudulent, illegal or intentional tortious acts or willful misconduct of Manager or its agents or employees; (iii) material breach or material default under this Agreement by Manager or any other Manager Party (as herein defined); or (iv) as a result of Manager's failure to obtain lien releases as required by Section 4.1.11 from Possible Lien Claimants which result in lien(s) being filed against the Properties. Manager's obligations under this Section 11.2 with respect to all liability, claims, loss, cost, damage or expense arising during the term of this Agreement shall survive the expiration or earlier termination of this Agreement. Manager's duty to indemnify the Owner includes payment to bond around liens, if allowed under California law and if elected by Owner."

3. Manager and Owner hereby agree that from and after the date hereof, the term "Agreement" in the Agreement shall refer to the Agreement as modified by this Amendment. All other provisions of the Agreement are and shall remain unmodified and in full force and effect and are incorporated herein by reference.

4. This Amendment shall be binding on and inure to the benefit of the parties hereto and their respective successors and permitted assignees. This Amendment shall be governed and construed in accordance with the laws of the State of California both without regard to its conflicts of laws principles. This Amendment may be executed in any number of identical counterparts, each of which for all purposes is deemed an original, and all of which constitute collectively one agreement.

**IN WITNESS WHEREOF**, Owner and Manager have caused this Amendment to be executed as of the date first above written.

**COLFIN AH-CALIFORNIA 7, LLC**               **BDR, INC.**

By: _____            By: _____/s/_____

Name: _____            Name: _Zachary Egin_____

Title: _____            Title: _Pres._____

# FIRST AMENDMENT TO CONSTRUCTION MANAGEMENT AGREEMENT

This First Amendment to Construction Management Agreement ("First Amendment") is entered into this 14th day of January, 2014 ("Effective Date") by and between **COLFIN AI – CA 5, LLC**, a Delaware limited liability company (together with any nominee, "Owner") and **BDR, Inc.** ("Manager"), a California corporation.

**WHEREAS**, Owner and Manager are parties to a Construction Management Agreement, dated July 3, 2013 (the "Original Agreement", and as amended, amended and restated, supplemented or otherwise modified from time to time, the "Agreement", capitalized terms used but not otherwise defined herein shall have the meanings assigned in the Agreement);

**WHEREAS**, although the Original Agreement names the parties thereto as **COLFIN AI – CA 5, LLC** (as Owner) and **Strategic Acquisitions, Inc.** (as Manager), the intended and real parties thereto were and are **COLFIN AI – CA 5, LLC** (as Owner) and **BDR, Inc.** (as Manager);

**WHEREAS**, at all times all acts undertaken and performed under the Agreement have been undertaken and performed by **BDR, Inc.**; and

**WHEREAS**, the parties desire to amend the Agreement as set forth herein.

**NOW, THEREFORE**, for good and valuable consideration, the receipt and legal sufficiency of which is hereby acknowledged, Owner and Manager hereby agree as follows:

1. The first paragraph of the Agreement is hereby restated as follows: "**THIS CONSTRUCTION MANAGEMENT AGREEMENT** (this "**Agreement**") is made and entered into as of the 3rd day of July, 2013 (the "Effective Date"), by and between **COLFIN AI – CA 5, LLC**, a Delaware limited liability company (hereinafter referred to as "**Owner**"), and **BDR, Inc.**, a California corporation (hereinafter referred to as "**Manager**")." The parties agree that **BDR, Inc.** was at all times intended to be the party referred to as the Manager in the Agreement and that all acts undertaken and performed under the Agreement have been undertaken and performed by **BDR, Inc.**, not **Strategic Acquisitions, Inc.**

2. **Amendments**. Section 4.1 of the Original Agreement shall be amended by adding a new section 4.1.11, which states "Manager warrants and agrees that it will not pay any contractor, sub-contractor, sub-sub-contractor, supplier, or anyone else eligible to file a mechanic's lien under California law (individually, "**Possible Lien Claimant**" and, collectively, "**Possible Lien Claimants**") without first obtaining a lien release in the form required under California law from the Possible Lien Claimant being paid and from all other persons rendering services or materials for which the Lien Claimant is being paid."

   Section 4.1 shall be further amended by adding a new Section 4.1.12, which states "Immediately providing Owner a copy of any lien, lien claim, pre-lien filing or any other

assertion of an interest in the Properties, equitable or otherwise, under California mechanics' lien law."

Section 11.2 shall be amended and restated as follows: "**Indemnity by Manager**. Manger agrees to defend, indemnify, protect and hold harmless Owner and its affiliates, agents, managers, officers, directors, consultants, members, partners, shareholders and employees from and against any and all liability, claims, loss, cost, damage or expense (including, without limitation, reasonable attorneys' and paralegals' fees and expenses and court costs) arising: (i) as a result of or in connection with the commission of any acts as Manager, its agents or employees which are outside the scope of Manager's authority or responsibility hereunder and performed without Owner's actual knowledge thereof and express consent thereto; (ii) as a result of, or in connection with, the commission of any act or omission that constitutes gross negligence, misrepresentation, bad faith, criminal misconduct, fraudulent, illegal or intentional tortious acts or willful misconduct of Manager or its agents or employees; (iii) material breach or material default under this Agreement by Manager or any other Manager Party (as herein defined); or (iv) as a result of Manager's failure to obtain lien releases as required by Section 4.1.11 from Possible Lien Claimants which result in lien(s) being filed against the Properties. Manager's obligations under this Section 11.2 with respect to all liability, claims, loss, cost, damage or expense arising during the term of this Agreement shall survive the expiration or earlier termination of this Agreement. Manager's duty to indemnify the Owner includes payment to bond around liens, if allowed under California law and if elected by Owner."

3. Manager and Owner hereby agree that from and after the date hereof, the term "Agreement" in the Agreement shall refer to the Agreement as modified by this Amendment. All other provisions of the Agreement are and shall remain unmodified and in full force and effect and are incorporated herein by reference.

4. This Amendment shall be binding on and inure to the benefit of the parties hereto and their respective successors and permitted assignees. This Amendment shall be governed and construed in accordance with the laws of the State of California both without regard to its conflicts of laws principles. This Amendment may be executed in any number of identical counterparts, each of which for all purposes is deemed an original, and all of which constitute collectively one agreement.

**IN WITNESS WHEREOF**, Owner and Manager have caused this Amendment to be executed as of the date first above written.

**COLFIN AI – CA 5, LLC**                    **BDR, INC.**

By:_____                    By:_____

Name:_____                    Name: Bradley Eglit

Title:_____                    Title: PRES.