Leonard B. Simon (CA Bar No. 58310)
**LAW OFFICES OF LEONARD B. SIMON**
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: (619) 818-0644
Email: lens@rgrdlaw.com

H. Vincent McKnight, *Pro Hac Vice*
**SANFORD HEISLER SHARP, LLP**
700 Pennsylvania Ave. SE, Suite 300
Washington, D.C. 20003
Telephone: (202) 499-5201
Email: vmcknight@sanfordheisler.com

*Attorneys for the Plaintiff-Relator Blackbird Special Project, LLC*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY OF SAN DIEGO, CITY OF SACRAMENTO, CITY OF MORENO VALLEY, CITY OF RIVERSIDE, CITY OF LOS ANGELES, CITY OF COMPTON, CITY OF TEMECULA, CITY OF PALMDALE, CITY OF LANCASTER, CITY OF SAN BERNARDINO, CITY OF VALLEJO, CITY OF FONTANA, CITY OF MURRIETA, CITY OF FAIRFIELD, CITY OF PERRIS, CITY OF YUCAIPA, CITY OF CORONA, CITY OF RIALTO AND ROES 1-250, EX. REL BLACKBIRD SPECIAL PROJECT, LLC,<br><br>    Plaintiff-Relators,<br><br>v.<br><br>INVITATION HOMES INC., a Maryland Corporation,<br><br>    Defendant. | Case No.: 22-CV-260-L-MDD<br><br>Judicial Officer: Hon. M. James Lorenz<br>Ctrm. 5B, 5th Floor<br><br>**MOTION TO STRIKE IMPLEADER THIRD-PARTY COMPLAINT** |

## NOTICE OF MOTION AND MOTION

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Plaintiff-Relator Blackbird Special Project LLC ("Blackbird" or "Plaintiff") will, and hereby does, move for an order striking Defendant Invitation Homes Inc.'s ("Invitation Homes" or "Defendant") Impleader Third-Party Complaint ("Impleader") against Third-Party Defendants SMS Assist, LLC, Pintar Investment Company, LLC, BDR, Inc., Bassett Building, Inc., and Does 1–250, (collectively "Third-Party Defendants"), pursuant to Federal Rule of Civil Procedure 14(a)(4).

The grounds for this Motion are as follows:

*First*, the Court should strike the Impleader because indemnification is unavailable under the False Claims Act.

*Second*, the Court should strike the Impleader because the addition of Third-Party Defendants would unnecessarily complicate this case and thereby prejudice Plaintiff.

The motion will be based on this notice of motion and the supporting memorandum of points and authorities served and filed herewith, on the records and file herein, and on such evidence as may be presented at any hearing of the motion.

# MEMORANDUM OF POINTS AND AUTHORITIES
# FACTUAL BACKGROUND

Plaintiff Blackbird initiated this action to "protect the public fisc" and to protect tenants who may live in unsafe, uninspected homes. *State of California v. Altus Fin., S.A.*, 36 Cal. 4th 1284, 1297 (2005). The Amended Complaint alleges that Defendant Invitation Homes violated the "reverse false claims" provision of the California False Claims Act ("California FCA"), Cal. Gov't Code § 12651(a)(7), by renovating thousands of homes it had just acquired but illegally failing to obtain the necessary permits for and pay permit fees to the Cities named in the Complaint. This is called a "reverse" false claim because Invitation Homes did not present a false bill to the Cities; instead, it avoided its legal responsibilities and avoided paying the Cities what it owes. *See id.*

After filing its Answer, Invitation Homes impleaded four Third-Party Defendants by name, and up to 250 more Doe Defendants, that it contends were contractually responsible for securing permits for the homes at issue in the Amended Complaint. It is alleged that, according to their contracts with Invitation Homes, these entities were responsible for "repair, maintenance, renovation, and rehabilitation work" on Invitation Homes properties. ECF No. 21, Impleader ¶ 15. These contracts also allegedly specified that Third-Party Defendants would obtain all necessary permits as part of this work. *Id.* ¶¶ 16, 22, 28. Further, it is alleged that these contracts provided that Third-Party Defendants would indemnify Invitation Homes for any wrongful acts in connection with this work. *Id.* ¶ 17.

In asserting a cause of action for Indemnification, Invitation Homes asserts that "to the extent that Invitation Homes is liable (which liability is denied), Third-Party Defendants proximately caused any injuries and damages resulting from those allegations, as alleged herein" and requests that the Court "enter judgment in favor of Invitation Homes and against Third-Party Defendants on all causes of action on which the Court or jury finds liability[.]" *Id.* ¶¶ 31, 35.

These allegations, if true, do not relieve IH of its legal responsibilities; moreover, the only issue before the Court at this time is whether the third-party complaint can stand, which it cannot.

## LEGAL STANDARD

"A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a). In addition, "[a]ny party may move to strike the third-party claim, to sever it, or to try it separately." Fed. R. Civ. P. 14(a)(4).

The "decision to allow a third-party defendant to be impleaded under Rule 14 is ordinarily entrusted to the sound discretion of the trial court." *United States v. One 1977 Mercedes Benz, 450 SEL, VIN 11603302064538*, 708 F.2d 444, 452 (9th Cir. 1983). In making this determination, courts consider the "(1) prejudice to the original plaintiff; (2) complication of issues at trial; (3) likelihood of trial delay; and (4) timeliness of the motion to implead." *Villegas v. Hackett*, No. 03 CV 2133, 2007 WL 4277509, at *2 (S.D. Cal. Dec. 5, 2007) (citation omitted). Courts also consider whether an impleader includes "a valid theory of relief against the third-party defendants." *Irwin v. Mascott*, 94 F. Supp. 2d 1052, 1057–58 (N.D. Cal. 2000). These standards apply no matter if a court is considering a motion to strike a third-party claim or a motion for leave to file a third-party claim. 6 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, PRACTICE IN THIRD-PARTY ACTIONS—DISMISSAL OR SEVERANCE OF THE THIRD-PARTY CLAIM, FEDERAL PRACTICE AND PROCEDURE § 1460 (3d ed. 2008) (A "court will exercise the same discretion and consider the same factors as it would on an initial motion to implead.").

As explained below, impleader claims are not permitted under the FCA, and thus the Court's discretion and judgment need not be taxed. The impleader is simply improper. Alternatively, the impleader should be stricken in the Court's discretion, as it will unnecessarily complicate the litigation.

## ARGUMENT

**A.  Indemnification Is Unavailable in False Claims Act Cases**

A qui tam defendant cannot pursue indemnification claims through impleader because, as the Ninth Circuit has consistently held, any such claims that are dependent on a qui tam defendant's liability are impermissible. The Ninth Circuit first considered this issue in *Mortgages, Inc. v. U.S. District Court for the District of Nevada (Las Vegas)*, 934 F.2d 209 (9th Cir. 1991). There, the court considered whether to dismiss contract and other state-law claims against a qui tam plaintiff who was alleged to have participated in the fraud underlying the case against the qui tam defendant. *Id*. at 211. The court examined the text and history of the False Claims Act (FCA) to conclude that "there is no basis in the FCA or federal common law to provide a right to contribution or indemnity in a FCA action[.]" *Id.* at 214. As a result, "there can be no right to assert state law counterclaims that, if prevailed on, would end in the same result." *Id.* The current case involves only indemnity, the same issue addressed in Mortgages.

Since *Mortgages*, the Ninth Circuit has considered other fact patterns and has reiterated the same standard. The court in *United States ex rel. Madden v. General Dynamics Corporation* clarified that some counterclaims may be permissible against qui tam plaintiffs, if those claims are "independent" and do not depend on a finding of qui tam defendant's liability. 4 F.3d 827, 831 (9th Cir. 1993). The court emphasized that the relevant question is whether the claims "*only* have the effect of offsetting liability" by being "depend[e]nt on a qui tam defendant's liability." *Id.*

The Ninth Circuit more recently applied the same standard in *Cell Therapeutics, Inc. v. Lash Group* where the qui tam defendant brought a separate case against a third party, holding that claims could proceed only if they were not "dependent" on the qui tam defendant's liability. 586 F.3d 1204, 1209 (9th Cir. 2009).

While *Mortgages* was the first circuit court case to consider the issue, *Mortgages*, 934 F.2d at 211, every court across the country that has considered the issue since has

adopted the same rule. This rule applies to counterclaims[1] and impleader claims[2] alike. *Id.* at 211 n.2 (noting that the distinction between Rule 13 and Rule 14 claims is a "distinction without a difference for the purposes of this opinion"). It applies whether the claim arises from a contract or an implied cause of action. *Id.* at 211 (dismissing contract claims). No matter the exact circumstances, courts have unanimously held that claims that "*only* have the effect of offsetting liability" of qui tam defendants, and are thus dependent on FCA liability, are not allowed. *Madden*, 4 F.3d at 831. That is what we have here.

Invitation Homes therefore finds itself in a double bind. Third-party claims in an FCA case *cannot be* dependent on a defendant's liability, *see id.*, but impleader claims *are by their very nature* dependent on a defendant's liability. *See Stewart v. Am. Int'l Oil & Gas Co.*, 845 F.2d 196, 199 (9th Cir. 1988); *Dillon*, 2019 WL 79359, at *2 (rejecting qui tam defendant's argument that impleader claims could ever be independent because "independent claims are not permitted in third-party complaints"); Fed. R. Civ. P.

---

[1] *See, e.g.*, *U.S. ex rel. Morgan v. Champion Fitness, Inc.*, 368 F. Supp. 3d 1198 (C.D. Ill. 2019) (dismissing counterclaim against plaintiff for indemnification under FCA); *United States v. Omnicare, Inc.*, No. 07 C 05777, 2013 WL 3819671, at *20 (N.D. Ill. July 23, 2013) (dismissing counterclaim against plaintiff for breach of fiduciary duty because "such a counterclaim is the equivalent of a claim for contribution or indemnification, and therefore foreclosed by the FCA"); *U.S. ex rel. Miller v. Bill Harbert Intern. Const.*, Inc., 505 F. Supp. 2d 20 (D.D.C. 2007) (dismissing counterclaim against plaintiff for indemnification under FCA).

[2] *See, e.g.*, *United States v. Dillon*, 2019 WL 79359 (D. Idaho 2019) (dismissing third-party complaint against third party for indemnification under FCA); *United States v. Campbell*, 2011 WL 43013 (D.N.J. 2011) (dismissing third-party complaint for indemnification under FCA); *U.S. ex rel. Branch Consultants, L.L.C. v. Allstate Ins. Co.*, 265 F.R.D. 266, 275 (E.D. La. 2010) (dismissing impleader claims against nonparties for indemnification under FCA); *United States v. Dynamics Research Corp.*, 441 F. Supp. 2d 259 (D. Mass. 2006) (dismissing third-party claims for indemnification under FCA); *The Heart Doctors, P.S.C. v. Layne,* No. CIV.A. 6:05-636, 2006 WL 2692694, at *1 (E.D. Ky. Sept. 13, 2006) (dismissing claim against third party for indemnification under FCA); *U.S. ex rel. Pub. Integrity v. Therapeutic Tech. Inc.*, 895 F. Supp. 294, 297 (S.D. Ala. 1995) (dismissing third-party claims for indemnification under FCA); *United States ex rel. Stephens v. Prabhu*, No. 92–653, 1994 WL 761237, at *1 (D. Nev. Dec.14, 1994) (dismissing qui tam defendant's third-party claims for indemnification); *United States v. Nardone*, 782 F. Supp. 996, 999 (M.D. Pa. 1990) (dismissing third-party complaint and counterclaim against third-party defendants for indemnification under FCA); *United States v. Kennedy*, 431 F. Supp. 877, 878 (C.D. Cal. 1977) ("If defendants and third party plaintiffs are liable under the Act, they are not entitled to indemnification from the third party defendant, even if it can be proven that he too would have been jointly and severally liable under the False Claims Act.").

**MOTION TO STRIKE IMPLEADER**

14(a)(1) (allowing impleader only against "nonparty who is or may be liable to it for all or part of the claim against [defending party]"). And claims "for indemnification or contribution by definition *only* have the effect of offsetting liability." *Madden*, 4 F.3d at 830-31. Accordingly, there can be no impleader claims for indemnification in an FCA case.

Invitation Homes' impleader itself acknowledges that its claims against Third-Party Defendants are totally dependent on Invitation Homes' liability under the California FCA. Specifically, Invitation Homes asserts:

> Based on the terms of their contracts with Invitation Homes and/or companies with which Invitation Homes has merged and/or a subsidiary thereof, *to the extent that Invitation Homes is liable* (which liability is denied), Third-Party Defendants proximately caused any injuries and damages resulting from those allegations, as alleged herein.

Impleader ¶ 31 (emphasis added); *see id.* ¶ 35 (seeking relief in the form of "judgment in favor of Invitation Homes and against Third-Party Defendants on all causes of action on which the Court or jury finds liability"). Invitation Homes seeks indemnification from Third-Party Defendants only "to the extent" Invitation Homes is liable, so the "*only*" effect of indemnification would be "offsetting liability." Impleader ¶ 31; *Madden*, 4 F.3d at 830–31. The Court should therefore strike the Impleader. *Irwin*, 94 F. Supp. 2d at 1057–58 (declining to add third-party claims because impleader did not state a valid cause of action).

There is no meaningful distinction between this case and the long line of cases dismissing claims, cited above, that are dependent on a qui tam defendant's liability. While this case involves the California FCA instead of the federal FCA, the California FCA was modeled after the federal FCA. Am. Compl. ¶ 17. Like the federal FCA, the

California FCA does not include or imply a cause of action for indemnification.[3] This Court, like other courts before it, should therefore "apply the same analysis to federal and California FCA claims" and strike the Impleader. *U.S. ex rel. STF, LLC v. Vibrant Am., LLC*, No. 16-CV-02487-JCS, 2020 WL 4818706, at *11 (N.D. Cal. Aug. 19, 2020).

Moreover, while "independent claims" (as opposed to dependent claims) can sometimes be asserted against third parties in cases involving the FCA, Invitation Homes has presented no such claims. Thus, cases like *Cell Therapeutics* are entirely distinguishable. *Cell Therapeutics*, 586 F.3d at 1208 ("Claims for independent damages are distinguishable from claims for indemnification or contribution, which, by definition, 'only have the effect of offsetting liability.'" (citation omitted)). In *Cell Therapeutics*, the Ninth Circuit deemed some third-party claims to be "independent" from a qui tam defendant's liability because, in addition to FCA claims, the government alleged not only fraud, but also negligent misrepresentation and unjust enrichment. *Id.* at 1210. Therefore, an indemnification claim was potentially viable, because it was possible to be independent of the qui tam defendant's liability under the FCA—if a jury found liability for "unjust enrichment and negligent misrepresentation but not fraud[.]" *Id.* Here, Plaintiff alleges only one claim against Invitation Homes, a claim under the California FCA. The Impleader seeks relief only if a jury finds for Plaintiff on that claim, Impleader ¶ 31, which is a classically dependent claim. *That is precisely what the case law does not permit.*

### B. The Impleader Should Be Stricken Because It Would Prejudice Plaintiff, Unnecessarily Complicate Issues, and Cause Delay

If the Court finds that the Impleader is not barred as a matter of law, it should nevertheless exercise its discretion to strike the Impleader because it would prejudice Plaintiff, unnecessarily complicate issues, and cause delay. All but one of the factors to

---

[3] In addition to the absence of a cause of action for indemnification under the California FCA, under California state law, it is clear that "anyone who has committed an active fraud cannot escape loss by shifting his responsibility to another party." *Stewart v. American Int'l Oil & Gas Co.*, 845 F.2d 196, 200 (9th Cir.1988).

be considered support striking the Impleader: "(1) prejudice to the original plaintiff; (2) complication of issues at trial; (3) likelihood of trial delay; and (4) timeliness of the motion to implead." *Villegas*, 2007 WL 4277509, at *2.

Plaintiff will be prejudiced because it will be forced to expend resources litigating a premature contract dispute between Invitation Homes and its contractors. The Impleader introduces new, peripheral issues about Third-Party Defendants' actions and its contracts with Invitation Homes, including the validity of arbitration or forum selection clauses and issues related to contract performance and formation. *See, e.g.*, Impleader, Ex. C ¶ 18 (requiring that all disputes between Invitation Homes and SMS Assist, LLC be resolved in Illinois courts). Plaintiff would be prejudiced by being forced to engage in (or wait for resolution of) motions practice and discovery relevant to these issues. While Third-Party Defendants, as Invitation Homes' agents, may certainly possess evidence relevant to this case, that information can be readily obtained through third-party discovery.

Relatedly, allowing the Impleader to stand would cause an unnecessary "complication of issues at trial [and] likelihood of trial delay[.]"[4] *Villegas*, 2007 WL 4277509, at *2. The case as it stands now is one Relator versus one Defendant. Even the Plaintiff Cities are not appearing separately and presenting arguments; instead, the Relator is proceeding on their behalf. The case is large but can be litigated efficiently in this one-on-one format. If the impleader is allowed, the case will suddenly have six parties, each with separate counsel. Every motion in this case will require duplicative (or inconsistent) briefing from all Third-Party Defendants. Discovery related to peripheral issues about contractual performance and formation could easily distract from or delay discovery related to the primary issues about Invitation Homes' failure to secure permits across California. With the addition of Third-Party Defendants, everything will take

---

[4] As for the fourth and final factor, Plaintiff concedes that the Impleader was timely filed as of right. Fed. R. Civ. P. 14(a)(1) (providing that "the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer").

longer, including discovery, experts, trial, and possible settlement discussions. Moreover, if Invitation Homes ultimately adds any of the 250 Doe Defendants it includes in the Impleader, the problems only multiply, and subsequently added Impleader defendants may complain about discovery undertaken or motions resolved in their absence.

In short, the Impleader would create a procedural morass for the Court without any corresponding benefit. The Court should strike the Impleader so that this case is litigated and resolved efficiently and effectively.

## CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that the Court grant its Motion to Strike the Impleader Third-Party Complaint against Third-Party Defendants SMS Assist, LLC, Pintar Investment Company, LLC, BDR, Inc., Bassett Building, Inc., and Does 1–250. In the alternative, Plaintiff requests that the Court sever all claims against Third-Party Defendants for the same reasons stated above and allow them to proceed separately at the appropriate time. *See* Fed. R. Civ. P. 14(a)(4) (permitting any party to strike or sever a third-party complaint).

Dated: March 29, 2023   By:   *s/ Leonard Simon*
Leonard B. Simon (CA Bar No. 58310)
**LAW OFFICES OF LEONARD B. SIMON**
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: (619) 818-0644
Email: lens@rgrdlaw.com

*s/ Vince McKnight*
H. Vincent McKnight, Admitted *Pro Hac Vice*
**SANFORD HEISLER SHARP, LLP**
700 Pennsylvania Ave. SE, Suite 300
Washington, D.C. 20003
Telephone: (202) 499-5201

Email: vmcknight@sanfordheisler.com
*Attorneys for Plaintiff-Relator*

## SIGNATURE CERTIFICATION

Pursuant to Section 2(f)(4) of the Electronic Case Filing Administrative Policies and Procedures Manual, I hereby certify that the content of this document is acceptable to Leonard B. Simon, counsel for the Plaintiff-Relator Blackbird Special Project, LLC, and that I have obtained Mr. Simon's authorization to affix his electronic signature to this document.

By: */s/ Vince McKnight*
H. Vincent McKnight
*Attorney for Plaintiff-Relator*

## CERTIFICATE OF SERVICE

I hereby certify that on March 29, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Notice of Electronic Filing.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: March 29, 2023

*s/ Vince McKnight*
H. Vincent McKnight, Admitted *Pro Hac Vice*
**SANFORD HEISLER SHARP, LLP**
700 Pennsylvania Ave. SE, Suite 300
Washington, D.C. 20003
Telephone: (202) 499-5201
Email: vmcknight@sanfordheisler.com