Melvin F. Marcia (Bar No. 309568)
mmarcia@hbblaw.com
HAIGHT BROWN & BONESTEEL LLP
500 Capitol Mall, Suite 2150
Sacramento, California 95814
Telephone: 916.702.3200
Facsimile: 916.570.1947

Attorneys for Third-Party Defendant
Pintar Investment Company, LLC,

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CITY OF SAN DIEGO, CITY OF SACRAMENTO, CITY OF MORENO VALLEY, CITY OF RIVERSIDE, CITY OF LOS ANGELES, CITY OF COMPTON, CITY OF TEMECULA, CITY OF PALMDALE, CITY OF LANCASTER, CITY OF SAN BERNARDINO, CITY OF VALLEJO, CITY OF FONTANA, CITY OF MURRIETA, CITY OF FAIRFIELD, CITY OF PERRIS, CITY OF YUCAIPA, CITY OF CORONA, CITY OF RIALTO AND ROES 1-250, EX. REL BLACKBIRD SPECIAL PROJECT, LLC,<br><br>Plaintiff-Relators,<br><br>v.<br><br>INVITATION HOMES INC., a Maryland Corporation,<br><br>Defendant..<br><br>INVITATION HOMES INC., a Maryland Corporation,<br><br>Third-Party Plaintiff,<br><br>v.<br><br>SMS ASSIST, LLC, PINTAR INVESTMENT COMPANY, LLC, BDR, INC., BASSETT BUILDING, INC., AND DOES 1-250, inclusive,<br><br>Third-Party Defendants | Case No. 22-CV-260-L-MDD<br><br>**THIRD-PARTY DEFENDANT'S NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS INVITATION HOMES INC.'S THIRD PARTY COMPLAINT**<br><br>**No Oral Argument Pursuant to Local Rule**<br><br>**Date:** May 8, 2023<br>**Time:** 10:30 a.m.<br>**Ctrm.:** 5b<br>**Hon.:** M. James Lorenz |

1
THIRD-PARTY DEFENDANT'S NOTICE OF MOTION AND MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS
INVITATION HOMES INC.'S THIRD PARTY COMPLAINT

1 **TO THE HONORABLE COURT, AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:** Please take notice that on May 8, 2023 at 10:30 a.m., or as soon thereafter as the matter may be heard, Cross-Defendant PINTAR INVESTMENT COMPANY, LLC. ("Pintar" or "Cross-Defendant") hereby moves the Court, pursuant to Fed. R. Civ. P. 9(b) and 12(b)(6), for an order dismissing Third Party Plaintiff INVITATION HOMES INC.'s ("Invitation Homes" or "IH") Third Party Complaint (the "Complaint") in the above-captioned action, without leave to amend.

In support of this Motion, Third-Party Defendant relies on, and files herewith, the Memorandum of Points and Authorities in Support of Third-Party Defendant's Motion to Dismiss the Third Party Complaint.

The grounds for this Motion are as follows: The Complaint should be dismissed for failure to state a claim.

This Motion is based upon Third-Party Defendant's Notice of Motion and the accompanying Memorandum of Points and Authorities, the complete files and records in these consolidated actions, and such other argument and matters as the Court may consider.

Dated: April 3, 2023                    HAIGHT BROWN & BONESTEEL LLP

By:   /s/ Melvin F. Marcia
      Melvin F. Marcia
      Attorney for Third-Party Defendant
      Pintar Investment Company, LLC

**MEMORANDUM OF POINTS AND AUTHORITIES**

Pursuant to Fed. R. Civ. P. 12(b)(6) Third-Party Defendant Pintar Investment Company, LLC. ("PIC") hereby moves to dismiss the Third Party Complaint ("Complaint") filed by Third-Party Plaintiff INVITATION HOMES INC.'s ("Invitation Homes" or "IH") because the Complaint fails to state a claim upon which relief can be granted.

**PRELIMINARY STATEMENT**

Plaintiff-Relator Blackbird Special Project, LLC ("Blackbird") initiated this action, it filed its Amended Complaint alleging that IH violated the "reverse false claims" provision of the California False Claims Act ("California FCA"), Cal. Gov't Code § 12651(a)(7), by renovating homes without obtaining the necessary permits for and paying permit fees to the Cities named in the Complaint.

IH, filed a Third-Party Complaint naming PIC as a defendant, contending PIC was contractually responsible for securing permits for the homes at issue in the Amended Complaint. IH alleges that, according to a contract between PIC and IH, PIC was responsible for "repair, maintenance, renovation, and rehabilitation work" on IH owned properties. ECF 21, ¶ 15.

IH's Complaint should be dismissed in its entirety because it relies on conclusory allegations of law and unwarranted inferences when it insists PIC owes IH a defense and indemnification against the lawsuit brought by Blackbird. IH provides a cursory and inaccurate description of its contractual relationship with the named third party defendants, and in particular with PIC. IH insists that under the terms of the agreement(s) with PIC, PIC was responsible for obtaining all necessary permits related to the contracted services. ECF 21, ¶ 22. IH insists, without providing any information as to the specific homes at issue, that PIC was involved in the "refurbishing, renovating, contracting, and/or other facilities maintenance services." *Id.* ¶ 21.

IH attempts to demonstrate that a contractual obligation on the part of PIC exists, and provides a copy of a contract which fails to show that PIC was indeed responsible for procuring permits of any kind on behalf of IH." *Id.* Ex. D.

In addition, even if IH could show that PIC owed it a contractual obligation to defend and indemnify, a third party Complaint in this action is not the appropriate remedy. Indemnification is

unavailable under the False Claims Act. A qui tam defendant cannot pursue indemnification claims through impleader.

For these and the reasons set forth below, the Complaint should be dismissed in its entirety with prejudice.

## STATEMENT OF FACTS

The Complaint seeks to recover damages and civil penalties on behalf of certain California municipalities for alleged concealment or avoidance of obligations to remit money to those municipalities in violation of the California False Claims Act, Cal. Gov't Code § 12650 *et seq*. ECF 1-2, ¶

IH alleges PIC "is affiliated with and under the same management as Port Street Realty Corporation." ECF 21, ¶ 4. IH further alleges that it contracted with PIC to "handle[] and/or perform[ ] maintenance and renovation work on Invitation Homes-owned homes in one or more of the municipalities identified in the Complaint. ECF 21, ¶ 18.

IH did not engage PIC, "to handle and/or perform repair, maintenance, renovation, and rehabilitation work on its homes." Instead, IH's predecessor had a contractual agreement with Port Street Realty Corporation for said services.

In its impleader, IH provides a copy of an agreement between ColFin American Homes, LLC ("ColFin") wherein PIC executed a Restated Authorized Buyer Services Agreement ECF 21, Ex. D. However, that contract is entirely irrelevant to the matter at issue, as it does not refer in any way to PIC's duty to obtain permits on behalf of IH for home renovations.

Upon information and belief, ColFin AI-CA 4, LLC and Port Street Realty Corporation entered into that Construction Management Agreement dated as of May 29, 2013 (the "CA 4 CMA") and ColFin AHCalifornia 6, LLC and Port Street Realty Corporation entered into that Construction Management Agreement dated as of November 6, 2013 (the "CA 6 CMA", and together with the CA 4 CMA, collectively, the "CMAs"). PIC has not entered into a Construction Management Agreement with IH; instead, the scope of PIC's contractual obligations to IH, were limited to that of an authorized buyer, to "locate and present to [IH] for purchase and to facilitate the acquisition" of "qualifying homes." ECF 21, ¶ Ex. D.

**LEGAL STANDARD**

A 12(b)(6) motion to dismiss tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A pleading must contain, in part, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). But plaintiff is also required to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard is "not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

For purposes of a ruling on a 12(b)(6) motion, a court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004), *see also Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998). Nor must the court "accept as true allegations contradicted by judicially noticeable facts, and it may look beyond the plaintiff's complaint to matters of public record without converting the Rule 12(b)(6) motion into a motion for summary judgment." *Lesnik v. Eisenmann SE*, 374 F. Supp. 3d 923, 937 (N.D. Cal. 2019) (quotation marks and citations omitted).

In reviewing a 12(b)(6) motion to dismiss, "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). However, a court need not take legal conclusions as true merely because they are cast in the form of factual allegations. *See Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987). Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).

/ / /
/ / /
/ / /
/ / /
/ / /

# ARGUMENT

### A.     Indemnification Is Unavailable in False Claims Act Cases

A qui tam defendant such a IH cannot pursue indemnification claims through impleader. *Mortgages, Inc. v. U.S. Dist. Ct. for Dist. of Nev. (Las Vegas)*, 934 F.2d 209, 214 (9th Cir. 1991) "There is no basis in the FCA or federal common law to provide a right to contribution or indemnity in a FCA action, we conclude that there can be no right to assert state law counterclaims that, if prevailed on, would end in the same result. *Id.*

Impleaders or counterclaims, by a qui tam defendants, which have the practical effect of offsetting its liability, are "impermissible under *Mortgages*." *U.S. ex rel. Madden v. Gen. Dynamics Corp.*, 4 F.3d 827, 830 (9th Cir. 1993) While a qui tam defendant may seek independent causes of action against third parties, "independent damages are distinguishable from claims for indemnification or contribution, which, by definition, only have the effect of offsetting liability." *Cell Therapeutics, Inc. v. Lash Grp., Inc*., 586 F.3d 1204, 1208 (9th Cir. 2009) (citation omitted). Thus, IH's third party claims against PIC cannot be dependent on IH's liability in the underlying California FCA, cause of action, and the impleader claims are by their very nature dependent on a defendant's liability. *See also Stewart v. Am. Int'l Oil & Gas Co.*, 845 F.2d 196, 199 (9th Cir. 1988);

Here, IH's Complaint seeks indemnification, which is a dependent claim, and thus, impermissible. Based on the above, this Court should dismiss IH's third party complaint.

### B.     Third Party Plaintiff Fails to Allege Any Specific Claims against PIC.

IH has completely failed to make allegations against PIC which satisfy the Rule 12(b)(6) standard, because these allegations rely on unwarranted factual inferences. Ex. D to IH's impleader is a Restated Authorized Buyer Services Agreement. That contract is entirely irrelevant to resolving the issues raised by Relator in its Amended Complaint, and thus, irrelevant in addressing the basis for a third party complaint for contribution. IH's conclusory allegations and unwarranted inferences that PIC owes it a duty to defend and indemnify IH, does not meet the pleading requirement. IH's allegation that PIC "is affiliated with and under the same management as Port Street Realty Corporation," is irrelevant and insufficient to satisfy Rule 12(b)(6).

**THE COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE**

If the Court determines that a complaint should be dismissed, it must decide whether to grant leave to amend. Leave to amend should be denied only if allowing amendment would unduly prejudice the opposing party, cause undue delay, or be futile, or if the party seeking leave has acted in bad faith. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008). Amendment here would be futile, as additional factual pleadings could not remedy IH's failures. The basis for the impleader against PIC is based on indemnification which is impermissible to a qui tam defendants in a FAC action. Accordingly, amendment in this instance would be futile and IH's claims should be dismissed with prejudice.

**CONCLUSION**

For the reasons set forth above, Pintar Investment Company respectfully requests that the Court grant its Motion to Dismiss the Third Party Complaint with prejudice.

Dated: April 3, 2023                               HAIGHT BROWN & BONESTEEL LLP

By:   /s/ Melvin F. Marcia
      Melvin F. Marcia
      Attorney for Third-Party Defendant
      Pintar Investment Company, LLC