Melinda L. Haag (SBN 132612)
Walter F. Brown (SBN 130248)
Randall S. Luskey (SBN 240915)
Robin Linsenmayer (SBN 244656)
**PAUL, WEISS, RIFKIND,**
**WHARTON & GARRISON LLP**
535 Mission Street, 24th Floor
San Francisco, CA 94105
Tel: (628) 432-5100
Fax: (628) 232-3101
mhaag@paulweiss.com
wbrown@paulweiss.com
rluskey@paulweiss.com
rlinsenmayer@paulweiss.com

*Attorneys for Defendant Invitation*
*Homes, Inc.*

H. Vincent McKnight (*pro hac vice*)
Christine Dunn (*pro hac vice*)
James Hannaway (*pro hac vice*)
**SANFORD HEISLER SHARP, LLP**
700 Pennsylvania Ave. SE, Suite 300
Washington, D.C. 20003
Telephone: (202) 499-5201
vmcknight@sanfordheisler.com

Austin Webbert (*pro hac vice*)
**SANFORD HEISLER SHARP, LLP**
111 S Calvert St., Suite 1950
Baltimore, MD 21202
Telephone: (410) 204-5510
awebbert@sanfordheisler.com

Leonard B. Simon (CA Bar No. 58310)
**LAW OFFICES OF LEONARD B.**
**SIMON**
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: (619) 818-0644
lens@rgrdlaw.com

*Attorneys for Plaintiff-Relator*
*Blackbird  Special Project, LLC*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY OF SAN DIEGO ET AL. EX. REL BLACKBIRD SPECIAL PROJECT, LLC, | Case No.: 22-CV-260-L-BLM |
| Plaintiff-Relator, | Judicial Officer: Hon. M. James Lorenz |
| v. | Ctrm. 5B, 5th Floor |
| INVITATION HOMES, INC., a Maryland Corporation, | **[PROPOSED] STIPULATED PROTECTIVE ORDER** |
| Defendant. | |

## [PROPOSED] STIPULATED PROTECTIVE ORDER

Plaintiff-Relator Blackbird Special Project, LLC ("Plaintiff-Relator") and Defendant Invitation Homes Inc., stipulate to and request that the Court enter the following Stipulated Protective Order:

### 1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action may involve production of confidential, proprietary, or private information for which protection from public disclosure may be warranted. The parties acknowledge that this Order does not confer blanket protection on all disclosures or discovery and that the protection it affords extends only to the limited information or items that are entitled to be treated as confidential under the terms of this Order. Furthermore, the parties acknowledge that neither this Order nor any confidentiality designation pursuant to it constitutes a ruling by this Court that any specific information is, in fact, confidential. Nor does this Order or any confidentiality designation pursuant to it entitle any party to file any information under seal.

### 2. CONFIDENTIAL INFORMATION

As used in this order, "Confidential Information" shall mean information or tangible things for which there is good cause for secrecy under Federal Rule of Civil Procedure 26(c).  A party may designate information as "Confidential Information" only if, in the good faith belief of such party and its counsel, the unrestricted disclosure of such information could be prejudicial to the business or operations of such party or third party, taking into account the public's interest in disclosure, consistent with Federal Rule of Civil Procedure 26(c). Examples of such information include, but are not limited to, social security or taxpayer-identification numbers; names of minor children; financial account numbers; and trade secrets or other confidential research, development, or commercial information that could cause competitive harm to the Designating Party if disclosed. The protections

conferred by this Stipulation and Order cover not only Protected Material, as defined below, but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by parties or their Counsel that reveal Protected Material, except as permitted by Section 6.

"Confidential Information" does not include any information that:

a. is publicly available at the time of disclosure;

b. becomes publicly available after disclosure through no fault of the Receiving Party (defined below);

c. was known to the Receiving Party prior to disclosure; or

d. the Receiving Party lawfully receives at a later date from a third party without restriction as to disclosure.

3. **ADDITIONAL DEFINITIONS**

3.1. <u>Party</u>: any party to this action, including all of its officers, directors, consultants, retained experts, and counsel (and their support staff).

3.2. <u>Non-party</u>: any person or entity other than a party.

3.3. <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, documents, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery requests in this matter.

3.4. <u>Protected Material</u>: any Disclosure or Discovery Material that is designated by a Party or Non-party as "confidential" in accordance with paragraph 4, unless the confidentiality designation is challenged and (a) the Court decides such material is not entitled to protection as confidential; (b) the Designating Party fails to apply to the Court for an order holding that the material is entitled to protection within the time period specified below; or (c) the Designating Party withdraws its confidentiality designation in writing.

Case No. 22-CV-260-L-BLM

[PROPOSED] STIPULATED PROTECTIVE ORDER

3

3.5.   <u>Producing Party</u>: a Party or Non-party that produces Disclosure or Discovery Material in this action.

3.6.   <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.7.   <u>Designating Party</u>: a Party or Non-party that designates information or items that it produces in disclosures or in responses to discovery requests as confidential. The Designating Party bears the burden of establishing good cause for the confidentiality of all such information or items.

3.8.   <u>Challenging Party</u>: a Party that challenges a Designating Party's confidentiality designation.

3.9.   <u>Outside Counsel</u>: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

3.10.  <u>House Counsel</u>: attorneys who are employees of a Party.

3.11.  <u>Counsel</u> (without qualifier): Outside Counsel and House Counsel (as well as their support staffs).

3.12.  <u>Expert</u>: a person who has been retained by a Party or Counsel to serve as a testifying or non-testifying expert witness or as a consultant in this action, including any person specially retained to provide expert opinions in a hybrid capacity. This definition includes a professional jury or trial consultant retained in connection with this litigation. Nothing about this definition or this Order is meant to preclude exchange of information with any consultant or testifying expert, regardless of whether they are specially retained for the purposes of this litigation.

3.13.  <u>Professional Vendors</u>: persons or entities that provide litigation support services (*e.g.*, photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; *etc.*) and their employees and subcontractors.

**4. <u>DESIGNATING MATERIAL AS CONFIDENTIAL</u>**

4.1.    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. The designation of material as confidential shall constitute a representation to the Court that the Designating Party and its counsel believe in good faith that the information constitutes Confidential Information in accordance with the Federal Rules of Civil Procedure. Parties and Non-parties shall make a good faith effort to designate information in a way that provides the greatest level of disclosure possible, while still preserving the confidentiality of Confidential Information.

Each Party or Non-party that designates information or items for protection under this Order must use good faith efforts to limit any such designation to the specific material that qualifies for protection as Confidential Information. If only part of a document contains Confidential Information, the whole document shall not be designated confidential. Instead, solely the specific information that is confidential shall be so designated.

Mass, indiscriminate, or routinized designations are strictly prohibited. Designations that are shown to be clearly unjustified *or* that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process, or to impose unnecessary expenses and burdens on other parties) may subject the Designating Party to sanctions upon appropriate motion to the Court.

If it comes to a Designating Party's attention that information that it designated confidential does not qualify for protection, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

4.2.    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly designated confidential before the material is disclosed or produced.

Designation in conformity with this Order requires:

a.    <u>For information in documentary form</u> (apart from transcripts of depositions), the Producing Party must affix the legend "CONFIDENTIAL" at the bottom of each page that contains material designated confidential.

A Party or Non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be treated as Protected Material. After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the legend "CONFIDENTIAL" at the bottom of each page that contains Confidential Information.

b.    <u>For testimony given in deposition proceedings</u>, the Party or Non-party offering or sponsoring the testimony must identify on the record, before the close of the deposition, all confidential testimony. When it is impractical to identify separately each portion of testimony that is entitled to protection, or when it appears that substantial portions of the testimony may constitute Confidential Information, the Party or Non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition is concluded) a right to have up to thirty (30) days after receipt of the deposition transcript to identify the specific portions of the testimony as to which protection is sought. Only those portions of the testimony that are appropriately designated for protection within the 30 days shall be covered by the provisions of this Stipulated Protective Order.

The court reporter must affix the legend "CONFIDENTIAL" at the bottom of transcript pages containing information designated as confidential, as instructed by the Party or Non-party offering or sponsoring the witness or presenting the

Case No. 22-CV-260-L-BLM

testimony. If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the confidential portion(s) (*e.g.,* by making appropriate markings in the margins, but not over text, or by highlighting the relevant portions of text).

      c.      <u>For information produced in some form other than documentary and for any other tangible items</u>, the Producing Party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall also identify the protected portions in such a way that does not interfere with the viewing of the evidence.

      4.3.   <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate information or items as confidential does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as confidential after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 5. CHALLENGING CONFIDENTIALITY DESIGNATIONS

      5.1.   <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time, including after the litigation has ended. A Party or Non-Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

      5.2.   <u>Procedure for Parties Challenging Confidentiality Designations</u>. A Party may challenge the designation of a document or other material as Confidential as follows:

Case No. 22-CV-260-L-BLM

a. If a Party believes that material has been improperly designated Confidential, that Party shall provide to the Designating Party written notice challenging the designation(s) and describing the basis for each challenge. During the 21-day period following provision of this written notice to the Designating Party (the "Meet and Confer Period"), the Challenging and Designating Parties shall meet and confer in good faith to try to resolve the challenge.

b. If the parties cannot resolve their disagreement during the Meet and Confer Period, the Designating Party shall file a motion to retain confidentiality within 14 days of the expiration of the Meet and Confer Period. The Designating Party bears the burden of establishing that the challenged material is entitled to protection.

Any material designated as Confidential Information that is the subject of a challenge shall remain subject to this Protective Order until the Court rules on the Designating Party's motion or, if no motion is made, until the time for the Designating Party to bring a motion has expired. Failure by the Designating Party to make such a motion within the applicable time period for doing so shall automatically waive the confidentiality designation for each challenged designation.

5.3.    Procedure for Non-Parties Challenging Confidentiality Designations. A Non-party may challenge a Designating Party's confidentiality designation(s) by filing a motion to intervene in the litigation for the purpose of challenging the confidentiality designation(s) and a motion challenging the designation(s). The Designating Party bears the burden of establishing that the challenged material is entitled to protection.

**6.  <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>**

6.1.    <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-party in connection with this

case only for prosecuting, defending, or attempting to settle this litigation. Protected Material may be disclosed only to the categories of persons and under the conditions described within this order.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to those authorized to access it under this Order.

6.2. <u>Disclosure of Protected Material</u>. With the exception of material disclosed under Section 6.3, unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated confidential only to:

a.    Outside Counsel of record of any Party in this action, including associated personnel necessary to assist Outside Counsel in these proceedings, such as litigation assistants, paralegals, and secretarial and other clerical personnel;

b.    Parties to this litigation and their officers, directors, and employees (including House Counsel) to whom disclosure is reasonably necessary for this litigation;

c.    Experts (as defined in this Order) of the Receiving Party, including associated personnel necessary to assist Experts in these proceedings, such as litigation assistants, paralegals, and secretarial and other clerical personnel, so long as such Expert has signed the "Acknowledgment and Agreement to Be Bound by Stipulated Protective Order" (Exhibit A);

d.    the Court, including associated personnel necessary to assist the Court in its functions;

e.    litigation support services, including outside copying services, court reporters, stenographers, videographers, or companies engaged in the business of supporting computerized or electronic litigation discovery or trial preparation, retained by a Party or its counsel for the purpose of assisting that Party in these

proceedings, for whom a company representative has signed the "Acknowledgment and Agreement to Be Bound by Protective Order" (Exhibit A);

f.      other Professional Vendors to whom disclosure is reasonably necessary for this litigation and for whom a company representative has signed the "Acknowledgment and Agreement to Be Bound by Stipulated Protective Order" (Exhibit A);

g.      any actual or potential witness in the action who has signed the "Acknowledgment and Agreement to Be Bound by Stipulated Protective Order" (Exhibit A), provided that counsel believes, in good faith, that such disclosure is reasonably necessary for the prosecution or defense of these proceedings;

h.      the author(s) of the document or the original source(s) of the information;

i.      counsel for issuers of insurance policies under which any issuer may be liable to satisfy part or all of a judgment that may be entered in these proceedings or to indemnify or reimburse payments or costs associated with these proceedings and who has signed the "Acknowledgment and Agreement to Be Bound by Stipulated Protective Order" (Exhibit A);

j.      any mediator or arbitrator appointed by the Court or selected by mutual agreement of the parties and the mediator's or arbitrator's secretarial and clerical personnel, provided that a company representative for the mediator or arbitrator has signed the "Acknowledgment and Agreement to Be Bound by Stipulated Protective Order" (Exhibit A); and

k.      any other person as to whom the Producing Party has consented to disclosure in advance and in writing.

**7. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Receiving Party is served with a subpoena or an order issued in connection with any investigation, litigation, or other proceeding that would compel disclosure of Protected Material, the Receiving Party must so notify the Designating Party in writing (by e-mail, if possible) within five business days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must promptly notify in writing the entity or party that caused the subpoena or order to issue that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the entity or party in the other investigation or proceeding that caused the subpoena or order to issue.

If the Designating Party timely seeks a protective order from the court where the subpoena or order issued or any other court of competent jurisdiction, the Party served with the subpoena or court order shall not produce any Protected Material before a determination by that court, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material. Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**7.** <u>**UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must promptly (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of the terms of this Order,

and (d) request such person or persons execute the "Acknowledgment and Agreement to Be Bound by Stipulated Protective Order" that is attached hereto as Exhibit A.

**8. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>**

9.1.   This Order is entered pursuant to Rule 502(d) of the Federal Rules of Evidence. The production of any privileged or otherwise protected document or ESI, whether inadvertent or otherwise, is not and shall not be deemed a waiver or impairment of any claim of privilege or protection arising under the attorney-client privilege, the protection afforded to work-product materials, or any other privilege protection from discovery, in these cases or in any other federal or state proceeding.

9.2.   All Parties agree that all Parties are taking, and have taken, reasonable steps to prevent disclosure of privileged or protected materials, and all Parties waive any ability to challenge a claim of privilege or protection under Federal Rule of Evidence 502(b) based on any other Party's alleged failure to take reasonable steps to prevent disclosure of such materials. However, the Receiving Party may contest the privilege or work-product designation by the Producing Party on grounds other than waiver.

9.3.   Upon a request from any Producing Party who has inadvertently produced Discovery Material that it believes is privileged and/or protected, each Receiving Party shall take reasonable efforts to immediately return such Protected Material or Discovery Material and all reasonably accessible copies to the Producing Party, or destroy such Discovery Material and certify that destruction to the Producing Party.  The Receiving Party shall also not use or disclose the information until the privilege claim is resolved, and shall take reasonable steps to retrieve the information if the Receiving Party disclosed it to any other person or entity before receiving notice.

9.4.    Nothing herein shall prevent the Receiving Party from preparing a record for its own use containing the date, author, addresses, and topic of the inadvertently produced Discovery Material and such other information as is reasonably necessary to identify the Discovery Material and describe its nature to the court in any motion to compel production of the Discovery Material. However, the Receiving Party shall not use any of the substance of the inadvertently produced material for this purpose.

9.5.    Nothing herein is intended to shift the burden imposed by law, in the event of a challenge by any Receiving Party, or establishing the privileged and protected nature of any privileged or protected information.

9.6.    Nothing herein is intended to or shall serve to limit any Producing Party's rights to conduct a review of documents or ESI (including metadata) for relevance, responsiveness, and/or privilege or protection from discovery before production.

9.    **USE OF PROTECTED MATERIAL IN COURT**

10.1    Before any materials produced in discovery, answers to interrogatories, responses to requests for admissions, deposition transcripts, or other documents which are designated as Confidential Information are filed with the Court for any purpose, the party seeking to file such material must seek permission of the Court to file the material under seal. No document may be filed under seal, i.e., closed to inspection by the public except pursuant to a Court order that authorizes the sealing of the particular document, or portions of it. A sealing order may issue only upon a showing that the information is privileged or protectable under the law. The request must be narrowly tailored to seek sealing only of the confidential or privileged material. To file a document under seal, the parties must comply with the procedures explained in Section 2.j of the Electronic

Case Filing Administrative Policies and Procedures Manual for the United States District Court for the Southern District of California and Civil Local Rule 79.2.

10.2   If the filing party is the Designating Party, it must file a motion to seal, demonstrating that each document or portion thereof that the party seeks to seal meets the legal standard for sealing. In accordance with Judge Major's preferences, simultaneously to filing the motion to seal, the party must also file a 'public' version of any document that it seeks to file under seal. In the public version, the party may redact only that information that is designated Confidential.

If the filing party is not the Designating Party, the filing party must file the Protected Material provisionally under seal, accompanied by a declaration explaining that the Protected Material is filed under seal only provisionally to give the Designating Party an opportunity to file a motion to seal; identifying the specific documents or portions thereof that have been designated confidential; and identifying the Designating Party. Unless an entire document is marked confidential, the filing party shall also file a public version of the document, with only the Protected Material redacted, on the public docket.

If the Designating Party believes in good faith that the Protected Material should be sealed, it must file a motion to seal within fourteen (14) days. This motion must provide a basis for the Designating Party's claim that sealing is warranted under applicable law. Before filing such a motion, the Designating Party must review the Protected Material filed provisionally under seal, including documents marked Confidential in their entirety, to ensure, in accordance with Judge Major's preferences, that there are publicly filed versions of all documents with only Confidential information redacted.

Absent an order granting an extension, if the Designating Party does not file a motion to seal within this deadline, it waives the right to have the material sealed.

Case No. 22-CV-260-L-BLM

[PROPOSED] STIPULATED PROTECTIVE ORDER

1   If the Designating Party does file such a motion, the material will remain under seal
2   provisionally unless and until the Court rules otherwise.

3   **10.   <u>DURATION</u>**

4   Even after final disposition of this litigation, the confidentiality obligations
5   imposed by this Order shall remain in effect unless and until a Designating Party
6   agrees otherwise in writing or a court order otherwise directs.

7   **11.   <u>MISCELLANEOUS</u>**

8   12.1   <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any
9   person to seek its modification by the Court in the future.

10   12.2   <u>Non-Parties</u>. Nothing in this Order affects the right of Non-parties to
11   this action to challenge this Order, any confidentiality designations made pursuant
12   to the Order, or the sealing of any court records in this case.

13   12.3   <u>Right to Assert Other Objections</u>. By stipulating to the entry of this
14   Protective Order, no Party waives any right it otherwise would have to object to
15   disclosing or producing any information or item on any ground not addressed in
16   this Protective Order. Similarly, no Party waives any right to object on any ground
17   to use in evidence of any of the material covered by this Protective Order.

18   12.4   <u>Modification of the Protective Order by the Court</u>.  The Court may
19   modify the terms and conditions of the Order for good cause, or in the interest of
20   justice, or on its own order at any time during these proceedings.

21   **12.   <u>FINAL DISPOSITION</u>**

22   Upon final termination of this action, including any and all appeals, counsel
23   for each party must, upon request of the Designating Party, return all Protected
24   Material to the party that produced the information, including any reasonably
25   accessible copies, excerpts, and summaries capturing any of the Protected Material,
26   or must destroy the same at the option of the Designating Party. Notwithstanding
27   the foregoing, counsel for each party may retain all pleadings, briefs, memoranda,

28   Case No. 22-CV-260-L-BLM

[PROPOSED] STIPULATED PROTECTIVE ORDER
15

1   motions, and other documents filed with the Court that refer to or incorporate

2   Protected Material, and will continue to be bound by this Order with respect to all

3   such retained information. Further, attorney work product materials that contain

4   Protected Material need not be destroyed, but, if they are not destroyed, the person

5   in possession of the attorney work product will continue to be bound by this Order

6   with respect to all such retained information. Counsel need not purge its document

7   management system, email servers, or backup tapes to eliminate Protected

8   Material, and the Receiving Party shall not be required to locate, isolate, and return

9   or destroy e-mails (including attachments to emails) that may include Protected

10  Material, or Protected Material contained in the deposition transcripts or draft or

11  final expert reports. Counsel will continue to be bound by this Order with respect

12  to all such information.

13

14  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD:

15

16  Dated: June 26, 2023

17  */s/ Melinda L. Haag*                      */s/ H. Vincent McKnight*

18  Melinda L. Haag (SBN 132612)          H. Vincent McKnight*
19  Walter F. Brown (SBN 130248)          Christine Dunn*
    Randall S. Luskey (SBN 240915)        James Hannaway*
20  Robin Linsenmayer (SBN 244656)        **SANFORD HEISLER SHARP, LLP**
21  **PAUL, WEISS, RIFKIND,**                 700 Pennsylvania Ave. SE, Suite 300
    **WHARTON & GARRISON LLP**               Washington, D.C. 20003
22  535 Mission Street, 24th Floor         Tel: (202) 499-5201
23  San Francisco, CA 94105               vmcknight@sanfordheisler.com
    Tel: (628) 432-5100                   cdunn@sanfordheisler.com
24  Fax: (628) 232-3101                   jhannaway@sanfordheisler.com
25  mhaag@paulweiss.com
    wbrown@paulweiss.com                  Austin Webbert*
26  rluskey@paulweiss.com                 **SANFORD HEISLER SHARP, LLP**
27  rlinsenmayer@paulweiss.com            111 S Calvert St., Suite 1950
28                                        Case No. 22-CV-260-L-BLM

[PROPOSED] STIPULATED PROTECTIVE ORDER
16

1

*Attorneys for Defendant Invitation
2  Homes, Inc.*

Baltimore, MD 21202
Telephone: (410) 204-5510
awebbert@sanfordheisler.com

3

4          Leonard B. Simon (CA Bar No. 58310)
           **LAW OFFICES OF LEONARD B.**
5          **SIMON**
           655 West Broadway, Suite 1900
6          San Diego, CA 92101
           Telephone: (619) 818-0644
7          lens@rgrdlaw.com

8

9          *Attorneys for Plaintiff-Relator
           Blackbird  Special Project, LLC*
10

11          *    Admitted pro hac vice

12

13

14  IT IS SO ORDERED, on this the _____ day of _____, 20__.

15

16

17          _____

18          The Honorable Barbara L. Major

           Magistrate Judge
19
           U.S. District Court for the Southern District of
20         California

21

22

23

24

25

26

27

28                                            Case No. 22-CV-260-L-BLM

[PROPOSED] STIPULATED PROTECTIVE ORDER
17

# SIGNATURE CERTIFICATION

Pursuant to Section 2(f)(4) of the Electronic Case Filing Administrative Policies and Procedures Manual, I hereby certify that the content of this document is acceptable to the parties' respective legal counsel listed above, and that all signatories have authorized placement of their electronic signature on this document.

By:  */s/ H. Vincent McKnight*
H. Vincent McKnight, Admitted *Pro Hac Vice*
**SANFORD HEISLER SHARP, LLP**
700 Pennsylvania Ave. SE, Suite 300
Washington, D.C. 20003
Telephone: (202) 499-5201
Email: vmcknight@sanfordheisler.com

Case No. 22-CV-260-L-BLM

1

**EXHIBIT A**

2
3
4
5
6
7
8
9
10
11

CITY OF SAN DIEGO, CITY OF
SACRAMENTO, CITY OF MORENO
VALLEY, CITY OF RIVERSIDE,
CITY OF LOS ANGELES, CITY OF
COMPTON, CITY OF TEMECULA,
CITY OF PALMDALE, CITY OF
LANCASTER, CITY OF SAN
BERNARDINO, CITY OF VALLEJO,
CITY OF FONTANA, CITY OF
MURRIETA, CITY OF FAIRFIELD,
CITY OF PERRIS, CITY OF
YUCAIPA, CITY OF CORONA, CITY
OF RIALTO AND
ROES 1-250, EX. REL BLACKBIRD
SPECIAL PROJECT, LLC,

Case No.: 22-CV-260-L-BLM

Judicial Officer: Hon. M. James
Lorenz
Ctrm. 5B, 5th Floor

**ACKNOWLEDGMENT AND
AGREEMENT TO BE BOUND
BY STIPULATED PROTECTIVE
ORDER**

12

      Plaintiff-Relator,

13

v.

14
15

INVITATION HOMES INC., a Maryland
Corporation,

16

      Defendant.

17
18

      I acknowledge that I have read and understand the Stipulated Protective

19
20

Order entered in this action on _____, 20__, and

21

agree to abide by its terms and conditions.

22
23
24

      Signed this _____ day of _____, 20__.

25
26

_____

Signature

27
28

Case No. 22-CV-260-L-BLM

[PROPOSED] STIPULATED PROTECTIVE ORDER
19

1
2    _____
      Printed Name
3
4    _____
      Address
5
6
7    _____
      Telephone Number
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28                                                    Case No. 22-CV-260-L-BLM

                          [PROPOSED] STIPULATED PROTECTIVE ORDER