UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY OF SAN DIEGO ET AL. EX. REL BLACKBIRD SPECIAL PROJECT, LLC,<br><br>　　　　　　　　　Plaintiff-Relator,<br><br>v.<br><br>INVITATION HOMES, INC., a Maryland Corporation,<br><br>　　　　　　　　　Defendant. | Case No.: 22-cv-0260-BAS-MMP<br><br>**ORDER GRANTING JOINT MOTION TO MODIFY SCHEDULING ORDER**<br><br>[ECF No. 86] |

Before the Court is the Parties' Joint Motion to Modify Scheduling Order ("Joint Motion"). [ECF No. 86.] The Parties move the Court to amend its Scheduling Order Regulating Discovery and Other Pre-Trial Proceedings, ECF No. 57, to extend the deadlines to complete expert designation, disclosure, and discovery; fact discovery; and pre-trial motions by four months and to extend the deadlines and dates for Federal Rule of Civil Procedure Rule ("Rule") 26(a)(3) pre-trial disclosures, Local Rule 16.1(f)(4) stipulations and agreements, Local Rule 16.1(f) meeting of counsel, proposed final pre-trial conference order, and the Final Pre-Trial Conference by two months.

The Parties report that they have met and conferred and have diligently conducting discovery but need additional time due to large scope of the case, including the number of documents and witnesses. The Parties state that they "have exchanged over 34,000 records and will exchange thousands more in the coming weeks" and will take depositions thereafter. Further, "Defendant has experienced delays in obtaining and reviewing or a large volume of custodial ESI from its current and former employees" because "the permit records, statements of work, and other relevant records are dispersed cross multiple sources" and "retrieval of relevant records has been more of a challenge than the parties anticipated." The Parties also report difficulties obtaining responses to subpoenas to five third-party contractors. Moreover, the Parties state that they have simultaneously "spent considerable time preparing for and completing private mediation." On February 23, 2024, the Court held a status conference with counsel, discussing these issues. [ECF No. 88.]

The Court, having review the Parties' Joint Motion, and finding good cause, hereby **GRANTS** the Joint Motion. No further extensions will be granted without good cause. **IT IS HEREBY ORDERED** that the Scheduling Order, ECF No. 57, be amended as follows:

1. The deadline to serve on all parties a list of experts whom that party expects to call at trial, initially set for February 23, 2024, is **June 21, 2024**. The deadline for any party to supplement its designation in response to any other party's designation, so long as that party has not previously retained an expert to testify on that subject, initially set for March 22, 2024, is **July 19, 2024**. Expert designations shall include the name, address, and telephone number of each expert, and a reasonable summary of the testimony the expert is expected to provide. The list shall also include the normal rates the expert charges for deposition and trial testimony.

The parties must identify any person who may be used at trial to present evidence pursuant to Rules 702, 703 or 705 of the Federal Rules of Evidence. This requirement is not limited to retained experts.

**Please be advised that failure to comply with this section or any other discovery order of the Court may result in the sanctions provided for in Rule 37,**

**including a prohibition on the introduction of experts or other designated matters in evidence.**

2. The deadline to complete all fact discovery, initially set for April 5, 2024, is **August 2, 2024**. "Completed" means that all discovery under Rules 30-36, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, **so that it may be completed** by the cut-off date, taking into account the times for service, notice and response as set forth in the Federal Rules of Civil Procedure. **Counsel shall promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Local Rule 26.1(a).** The Court expects counsel to make every effort to resolve all disputes without court intervention through the meet and confer process. If the parties reach an impasse on any discovery issue, counsel shall file an appropriate motion within the time limit and procedures outlined in the undersigned magistrate judge's chambers rules. **A failure to comply in this regard will result in a waiver of a party's discovery issue. Absent an order of the court, no stipulation continuing or altering this requirement will be recognized by the court.**

3. The deadline to comply with Rule 26(a)(2) disclosure provisions, initially set for May 3, 2024, is **August 16, 2024**. The deadline for the Parties to supplement their disclosures regarding contradictory or rebuttal evidence under Rule 26(a)(2)(D), initially set for May 31, 2024, is **September 13, 2024**. In addition, Rule 26(e)(1) imposes a duty on the parties to supplement the expert disclosures made pursuant Rule 26(a)(2)(B) by the time that pretrial disclosures are due under Rule 26(a)(3) (discussed below). This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, or whose duties as an employee of the party regularly involve the giving of expert testimony.

**Please be advised that failure to comply with this section or any other discovery order of the Court may result in the sanctions provided for in Rule 37, including a prohibition on the introduction of experts or other designated matters in evidence.**

4. The deadline to complete all expert discovery, initially set for June 28, 2024, is **October 11, 2024**.

5. The deadline to file all motions, other than motions to amend or join parties, or motions *in limine*, initially set for July 26, 2024, is **November 1, 2024**. Motions will not be heard or calendared unless counsel for the moving party has obtained a motion hearing date from the law clerk of the judge who will hear the motion. **Be advised that the period of time between the date you request a motion date and the hearing date may be up to sixty (60) days.  Please plan accordingly**. Failure of counsel to timely request a motion date may result in the motion not being heard.

Any *Daubert* motions shall be filed along with motions for summary judgment unless no motions for summary judgment will be filed, in which case the parties may file *Daubert* motions along with motions *in limine*.

Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without leave of the judge who will hear the motion. No reply memorandum shall exceed ten (10) pages without such leave of court.

Pursuant to Local Rule 7.1(f)(3)(c), **if an opposing party fails to file opposition papers in the time and manner required by Local Rule 7.1(e)(2), that failure may constitute a consent to the granting of a motion or other request for ruling by the Court.** Accordingly, all parties are ordered to abide by the terms of Local Rule 7.1(e)(2) or otherwise face the prospect of any pretrial motion being granted as an unopposed motion pursuant to Local Rule 7.1(f)(3)(c).

6. The deadline to comply with Rule 26(a)(3) pre-trial disclosure requirements, initially set for November 4, 2024, is **January 6, 2025**. **Please be advised that failure to comply with this section or any other discovery order of the Court may result in the sanctions provided for in Federal Rule of Civil Procedure 37, including a prohibition on the introduction of experts or other designated matters in evidence.**

7. The deadline for counsel to meet and confer and take action required by Local Rule 16.1(f)(4), initially set for November 12, 2024, is **January 14, 2025**.

8. The deadline for plaintiff's counsel to provide opposing counsel with the proposed pre-trial order for review and approval and take any other action required by Local Rule 16.1(f)(6)(a), initially set for November 18, 2024, is **January 20, 2025**.

9. The deadline to serve and lodge with the Honorable Cynthia A. Bashant the proposed pre-trial conference order, initially set for November 25, 2024, is **January 27, 2025**. The proposed pre-trial order shall be in the form prescribed in Local Rule 16.1(f)(6).

10. The Final Pre-Trial Conference before the **Honorable Cynthia A. Bashant**, initially set for December 2, 2024, is **February 3, 2025** at **11:00 a.m**.

11. All motions *in limine* are due no later than **February 17, 2025**.

12. All responses to the motions *in limine* are due no later than **March 3, 2025**.

13. The parties shall submit the following no later than **March 3, 2025**: (1) joint proposed jury instructions; (2) proposed verdict form; (3) *voir dire* questions; and (4) statement of the case.

14. The parties shall exchange final exhibit and witness lists no later than **March 25, 2025**.

15. A hearing for motions *in limine* is scheduled for Monday. **March 24, 2025** at **10:30 a.m**.

16. The trial in this matter shall commence on Tuesday, **April 1, 2025** at **9:00 a.m**.

17. The dates and times set forth herein will not be modified except for good cause shown.

18. Plaintiff's counsel shall serve a copy of this order on all parties that enter this case hereafter.

**IT IS SO ORDERED**.

Dated: March 1, 2024

HON. MICHELLE M. PETTIT
United States Magistrate Judge