H. Vincent McKnight (*pro hac vice*)
Christine Dunn (*pro hac vice*)
James Hannaway (*pro hac vice*)
**SANFORD HEISLER SHARP, LLP**
700 Pennsylvania Ave. SE, Suite 300
Washington, D.C. 20003
Telephone: (202) 499-5201
vmcknight@sanfordheisler.com

Leonard B. Simon (CA Bar No. 58310)
**LAW OFFICES OF LEONARD B. SIMON**
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: (619) 818-0644
lens@rgrdlaw.com

*Attorneys for Plaintiff-Relator
Blackbird Special Project, LLC*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY OF SAN DIEGO ET AL. EX. REL BLACKBIRD SPECIAL PROJECT, LLC,<br><br>Plaintiff-Relator,<br><br>v.<br><br>INVITATION HOMES, INC., a Maryland Corporation,<br><br>Defendant. | Case No.: 22-CV-260-BAS-MMP<br><br>**NOTICE OF MOTION AND UNOPPOSED MOTION TO APPROVE SETTLEMENT AND DISMISS PLAINTIFF-RELATOR'S SECOND AMENDED COMPLAINT WITH PREJUDICE; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Judicial Officer: Hon. Cynthia A. Bashant<br>Ctrm: 5b, 5th Floor<br>Hearing Date: August 26, 2024<br><br>**NO ORAL ARGUMENT UNLESS ORDERED BY THE COURT** |

Case No. 22-CV-260-BAS-MMP
**UNOPPOSED MOTION TO APPROVE SETTLEMENT**

# NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND REAL PARTIES IN INTEREST: PLEASE TAKE NOTICE THAT Plaintiff-Relator Blackbird Special Project, LLC ("Relator") will and hereby does move for an order approving the dismissal with prejudice of the Second Amended Complaint in the above-captioned matter pursuant to settlement agreement and Cal. Gov't Code § 12652(f)(1); allocating the settlement amount among the Non-Intervening California Subdivisions named in the Second Amended Complaint; and, awarding Relator a share of the settlement in accordance with Cal. Gov't Code §12652(g)(3).

This motion is based on this Notice of Motion and Motion and the Points and Authorities, Declaration of H. Vince McKnight, and Stipulation of Dismissal submitted herewith.

Dated: July 22, 2024      /s/ H. Vincent McKnight
                          H. Vincent McKnight

Case No. 22-CV-260-BAS-MMP
**UNOPPOSED MOTION TO APPROVE SETTLEMENT**

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................. i

TABLE OF AUTHORITIES ......................................................................................... ii

POINTS AND AUTHORITIES ..................................................................................... 1

    I.    INTRODUCTION ............................................................................................ 1

    II.    STATEMENT OF FACTS ................................................................................ 2

        A.    Relator Alleges that Invitation Homes Failed to Pay Necessary Permit Fees to California Subdivisions. ............................................................... 3

        B.    Procedural History ................................................................................. 3

        C.    Terms of Settlement .............................................................................. 5

        D.    Notice to California Subdivisions .......................................................... 5

    III.    THE SETTLEMENT IS IN THE BEST INTERESTS OF CALIFORNIA SUBDIVISIONS. .............................................................................................. 6

    IV.    THE PROPOSAL TO ALLOCATE THE SETTLEMENT PROCEEDS, AND THE RESULTING ALLOCATION, IS FAIR, REASONABLE, AND IN THE BEST INTERESTS OF CALIFORNIA SUBDIVISIONS. ........................ 7

    V.    CALIFORNIA SUBDIVISIONS HAVE RECEIVED DUE AND ADEQUATE NOTICE OF THE SETTLEMENT AGREEMENT ....................... 9

    VI.    CONCLUSION ............................................................................................... 10

# TABLE OF AUTHORITIES

**Cases**

*American Contract Servs. v. Allied Mold & Die, Inc.*, 94 Cal. App. 4th 854 (2001)...7
*City of Pomona v. Superior Court*, 89 Cal. App. 4th 793 (2001) ..............................9
*State ex rel. Bartlett v. Miller*, 243 Cal. App. 4th 1398 (2016)………………………7
*State of California ex rel. Bowen v. Bank of America Corp. et al*, 126 Cal. App. 4th 225 (2005) ...........................................................................................................7
*U.S. ex rel. Pratt v. Alliant Techsystems, Inc.*, 50 F. Supp. 2d 942 (C.D. Cal. 1999) ........................................................................................................................9

**Statutes**

Cal. Gov't Code § 12652(c)(1)..................................................................2, 6, 7, 10
Cal. Gov't Code § 12652(f)(1) .........................................................................2, 3, 10
Cal. Gov't Code § 12652(g)(2)................................................................................8
Cal. Gov't Code § 12652(g)(3)........................................................................2, 3, 8

**Other Authorities**

Charlie Innis, *Fight Over Invitation Homes' City Permitting Is Powered By AI*, Law360 (May 12, 2023), available at https://www.law360.com/real-estate-authority/residential/articles/1597707/fight-over-invitation-homes-city-permitting-is-powered-by-ai- ...................................................................3

# POINTS AND AUTHORITIES

## I.    INTRODUCTION

*Qui tam* Plaintiff Blackbird Special Project, LLC ("Relator") seeks an order consenting to and implementing a settlement agreement that will resolve this case and dismiss Relator's Second Amended Complaint with prejudice subject to a Joint Stipulation of Dismissal with Prejudice between Invitation Homes, Inc. ("Invitation Homes") and Relator.

After two day-long mediation sessions and additional post-mediation negotiations, the parties reached a settlement of the claims raised by Relator in its Second Amended Complaint on behalf of plaintiff municipal subdivisions, cities, and government entities named in its Second Amended Complaint ("California Subdivisions"). The parties have entered a formal written Settlement Agreement ("the Settlement Agreement," Ex. 1 to the Declaration of H. Vince McKnight, submitted herewith ("McKnight Decl.")) that Invitation Homes and Relator approved and executed.

The implementation of this settlement of claims under the California False Claims Act, Cal. Gov't Code § 12650 *et seq.* ("CFCA"), requires the Court to enter certain orders and make certain findings. Specifically, by this motion Relator seeks:

- Approval of the settlement, including entry of a stipulated judgment of dismissal of the action, after finding the settlement is in "the best interests

of the parties involved" and furthers "the public purposes behind [the CFCA]," pursuant to Cal. Gov't Code §§ 12652(c)(1), 12652(f)(1);

- Approval of the proposed plan for allocating the settlement funds among California Subdivisions; and

- A finding that Relator's request for a share of the settlement proceeds pursuant to the CFCA is fair and reasonable. Relator seeks an award of 50 percent of the settlement proceeds under Cal. Gov't Code § 12652(g)(3), in consideration of the lack of involvement of any of the California Subdivisions, and because of the considerable and highly successful work performed by Relator on behalf of the non-intervening California Subdivisions over approximately four years of investigation and litigation.

## II.   STATEMENT OF FACTS

### A.   Relator Alleges that Invitation Homes Failed to Pay Necessary Permit Fees to California Subdivisions.

Relator filed this case, *City of San Diego et al. ex rel. Blackbird Special Project, LLC v. Invitation Homes, Inc.*, on August 31, 2020, under the CFCA, Cal. Gov't Code § 12650 *et seq.*, on behalf of seven California political subdivisions in which Invitation Homes owned or maintained properties. Relator alleges that Invitation Homes failed to obtain or pay necessary permit fees to California Subdivisions for substantial amounts of work completed on its properties,

depriving those Subdivisions of revenues, and threatening public safety and the safe occupation of the homes by tenants. Invitation Homes has denied liability.

**B.   Procedural History**

Relator filed this action under the CFCA. Under this statute, any person with knowledge that a corporation has defrauded a California government entity may sue in the defrauded entity's name. If the action is successful, and money is recovered from the defendant, Relator may share in a portion of that recovery. If the affected government entities decline to intervene in the case, Relator is entitled to 25 to 50 percent of any recovery, with larger shares to reflect Relator's significant contribution to the outcome. Cal. Gov't Code § 12652(g)(3). A government entity that declines to intervene is not a full "party" to the action, but remains a "real party in interest" that is entitled to receive a portion of any recovery. Because all of the California Subdivisions declined to intervene in this action, Relator has pursued the case on their behalf, as authorized by Cal. Gov't Code § 12652(f)(1).

This action was originally filed in Superior Court of California, County of San Diego on August 31, 2020. Relator and Counsel performed extensive and cutting-edge analysis related to Invitation Homes' permitting practices before (and continuing after) the filing,[1] and filed an Amended Complaint on October 20, 2020.

---

[1] *See* Charlie Innis, *Fight Over Invitation Homes' City Permitting Is Powered By AI*, LAW360 (May 12, 2023), https://www.law360.com/real-estate-authority/residential/articles/1597707/fight-over-invitation-homes-city-permitting-is-powered-by-ai-.

This matter was removed by Defendant to this Court on February 25, 2022. Invitation Homes filed its Motion to Dismiss on April 29, 2022, which was denied by Judge Lorenz on January 3, 2023. On September 28, 2023, Relator filed a Second Amended Complaint naming thirty-five total California Subdivisions, which is now the operative Complaint in this action.

The parties have actively litigated this case for nearly four years. The parties have exchanged tens of thousands of documents during fact discovery. Relator has received and been able to analyze over 60,000 documents from Invitation Homes, containing over 400,000 pages. Relator has conducted two fact depositions, and was about to take a half-dozen more when the case settled. The parties attended two day-long mediations before Judge Gary Feess, U.S. District Court for the Central District of California (Retired), on December 12, 2023 and June 26, 2024, and continued to negotiate in the days following the second mediation. The parties ultimately negotiated and executed the Settlement and Release Agreement submitted as Exhibit 1 to McKnight Decl.

If the case had not settled, the parties would have continued to undertake significant discovery efforts, including exchanging additional documents, taking depositions, and completing expert discovery. The parties disagree on the merit of Relator's claims and Invitation Homes' defenses, but the parties agree that further discovery would have been extensive and burdensome for both parties.

### C. Terms of Settlement

The parties agreed that Invitation Homes would pay $19,992,900 to settle all claims brought by Relator and California Subdivisions in the Second Amended Complaint.

In addition, the Settlement Agreement required the parties to enter into a Stipulation of Dismissal with Prejudice, which is submitted herewith. The Settlement Agreement and Dismissal with Prejudice are conditioned on events including this Court's entry of an order in the form submitted herewith. Invitation Homes is to make the settlement payment after this Court's entry of that order for approval of the settlement and dismissal. Upon receipt of this payment, and finality of court approval, counsel for Relator will distribute payment to California Subdivisions as outlined in the Proposed Allocation Plan, submitted as Exhibit A to the Settlement Agreement.

### D. Notice to California Subdivisions

Relator has provided notice of this motion to the non-intervening California Subdivisions, as required by the Settlement Agreement. Specifically, as set forth in the McKnight Decl., counsel for Relator has served this Notice of Motion and Unopposed Motion by certified mail on all California Subdivisions named in the Second Amended Complaint and has filed and served proof of service consistent with this. Notice to California Subdivisions included: (a) this Notice and Motion; (b)

the McKnight Decl. and all exhibits thereto (including the Settlement Agreement and the Proposed Allocation Plan); and (c) the proposed Dismissal Order.

### III. THE SETTLEMENT IS IN THE BEST INTERESTS OF CALIFORNIA SUBDIVISIONS.

A Relator may release CFCA claims as "part of a court approved settlement." Cal. Gov't Code § 12652(c)(1). The Court must determine whether dismissal—and, accordingly, the settlement—is in "the best interests of the parties involved" and furthers "the public purposes behind [the CFCA]." *Id.* The Court should approve the settlement of this action because it meets the applicable standard for several reasons.

*First*, the settlement and proposed allocation, discussed in detail below, are fair to all California Subdivisions because the total amount of the settlement reflects a reasonable assessment of damages in the case and allocation among California Subdivisions is fact-based and centered on the location of properties owned by Invitation Homes.

*Second*, in the absence of the settlement, California Subdivisions would not recover on their claims for at least a year, given that trial is scheduled for April 2025, with an appeal likely from any favorable judgment. The settlement makes recovery immediate and certain.

*Finally*, the Court should presume the proposed settlement is fair because experienced, fully informed counsel reached it after arms-length negotiations and years of litigation, with the assistance of an experienced and effective mediator and expert consultation by both parties. The parties entered the settlement only after the

parties, counsel, experts, and the mediator intensively negotiated and thoroughly evaluated the case.

The proposed settlement of $19,992,900, with $4 million of that amount earmarked for prevailing party attorneys' fees, is in "the best interests of the parties" and furthers "the public purposes behind [the CFCA]," Cal. Gov't Code § 12652(c)(1), because it promotes the protection of the public fisc, which is "[t]he ultimate purpose of the [CFCA.]" *See, e.g., State of California ex rel. Bowen v. Bank of America Corp. et al*, 126 Cal. App. 4th 225, 236 (2005); *American Contract Servs. v. Allied Mold & Die, Inc.*, 94 Cal. App. 4th 854, 858 (2001); *see also State ex rel. Bartlett v. Miller*, 243 Cal. App. 4th 1398, 1405–06 (2016).

### IV. THE PROPOSAL TO ALLOCATE THE SETTLEMENT PROCEEDS, AND THE RESULTING ALLOCATION, IS FAIR, REASONABLE, AND IN THE BEST INTERESTS OF CALIFORNIA SUBDIVISIONS.

Relator seeks the Court's approval of the Proposed Allocation Plan, attached as Exhibit A to the Settlement Agreement (McKnight Decl., Ex. 1) to allocate the settlement amount among California Subdivisions and Relator.

The Proposed Allocation Plan would distribute the settlement funds between California Subdivisions through a pro rata allocation based on the percentage of properties owned by Invitation Homes across the political subdivisions that comprise California Subdivisions that are located in the jurisdiction of each California Subdivision.

The Proposed Allocation Plan further proposes that each California Subdivision will receive 50% of its settlement allocation, with the remaining 50% awarded to Relator. When a government entity does not intervene in an action, the CFCA allows a relator who prosecutes the action on behalf of the government entity to receive "not less than 25 percent and not more than 50 percent of the proceeds of the action of settlement[.]" Cal. Gov't Code § 12652(g)(3). To determine the appropriate relator's share within the statutory range, courts consider "the extent to which the qui tam plaintiff substantially contributed to the prosecution of the action." Cal. Gov't Code § 12652(g)(2). In this case, Relator contributed all of the thought and effort that led to the successful prosecution of this case. Relator discovered the issue, investigated it, performed extensive, cutting-edge analysis to support its allegations, and then vigorously prosecuted the case for nearly four years, with no assistance from any government entities. Relator is entirely responsible for the recovery by California Subdivisions. Accordingly, a relator's share of 50% is fair and appropriate in this instance. *See* Cal. Gov't Code § 12652(g)(3).

In the absence of Relator's creative identification of the potential problem, Relator's and Counsel's diligent investigation of potential claims prior to filing the action, and vigorous litigation of the matter for nearly four years after filing the action, the claims of California Subdivisions would never have come to light, and no recovery would have occurred.

Relator and its counsel have thoroughly investigated the case, initiated and nearly completed document discovery, retained expert witnesses, and litigated dispositive motions in this case.

By contrast, California Subdivisions declined to intervene in this case, played no role in prosecuting this case, did not incur costs associated with supporting this case, and did not bear any of the risks of pursuing this case. Accordingly, it is fair and reasonable for the Court to approve an award of fifty percent of the recovery to Relator.

## V. CALIFORNIA SUBDIVISIONS HAVE RECEIVED DUE AND ADEQUATE NOTICE OF THE SETTLEMENT AGREEMENT.

As required under the Settlement Agreement, Relator has served a copy of these papers on all California Subdivisions by certified mail. McKnight Decl. ¶¶ 8-9. Notice to California Subdivisions set forth the terms of Settlement Agreement and Release, the Proposed Allocation Plan, and the proposed Dismissal Order. Any California Subdivision may make an appearance to object to entry of this motion.[2] Relator will inform the Court if it becomes aware that any California Subdivision intends to object. Accordingly, California Subdivisions have received due and

---

[2] *See U.S. ex rel. Pratt v. Alliant Techsystems, Inc.*, 50 F. Supp. 2d 942, 947 (C.D. Cal. 1999) (noting, in analogous federal False Claims Act context that a relator in non-intervened action has "the right to conduct the action," including the right to negotiate a settlement, but that the government has a limited right to object); *see also City of Pomona v. Superior Court*, 89 Cal. App. 4th 793, 802 (2001) ("Given the lack of California authority and the very close similarity of California's Act to the federal Act, it is appropriate to turn to federal cases for guidance in interpreting the Act.").

9

adequate notice of the terms of the Settlement Agreement and Release, as well as this motion.

## VI. CONCLUSION

All aspects of this settlement are fair, reasonable, and in the best interests of all parties and real parties in interest, including California Subdivisions not before the Court. Relator asks that the Court:

- Approve of the settlement, including entry of a stipulated judgment of dismissal of the action, after finding the settlement is in "the best interests of the parties involved" and furthers "the public purposes behind [the CFCA]," pursuant to Cal. Gov't Code §§ 12652(c)(1), 12652(f)(1);

- Approve of the proposed plan for allocating the settlement funds among California Subdivisions; and

- Find that Relator's request for a 50% share of the settlement proceeds pursuant to the CFCA is fair and reasonable.

Dated: July 22, 2024                     Respectfully submitted,

                                         /s/ H. Vincent McKnight

                                         H. Vincent McKnight*
                                         Christine Dunn*
                                         James Hannaway*
                                         **SANFORD HEISLER SHARP, LLP**

| | |
|---|---|
| 1 | 700 Pennsylvania Ave. SE, Suite 300 |
| 2 | Washington, D.C. 20003 |
|   | Tel: (202) 499-5201 |
| 3 | vmcknight@sanfordheisler.com |
|   | cdunn@sanfordheisler.com |
| 4 | jhannaway@sanfordheisler.com |

Leonard B. Simon (CA Bar No. 58310)
**LAW OFFICES OF LEONARD B. SIMON**
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: (619) 818-0644
lens@rgrdlaw.com

*Attorneys for Plaintiff-Relator Blackbird Special Project, LLC*

*\*Admitted pro hac vice*

# CERTIFICATE OF SERVICE

I hereby certify that on July 22, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Notice of Electronic Filing.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: July 22, 2024

*s/ H. Vincent McKnight*
H. Vincent McKnight, Admitted *Pro Hac Vice*
**SANFORD HEISLER SHARP, LLP**
700 Pennsylvania Ave. SE, Suite 300
Washington, D.C. 20003
Telephone: (202) 499-5201
Email: vmcknight@sanfordheisler.com