H. Vincent McKnight (*pro hac vice*)
Christine Dunn (*pro hac vice*)
James Hannaway (*pro hac vice*)
**SANFORD HEISLER SHARP, LLP**
700 Pennsylvania Ave. SE, Suite 300
Washington, D.C. 20003
Telephone: (202) 499-5201
vmcknight@sanfordheisler.com

Leonard B. Simon (CA Bar No. 58310)
**LAW OFFICES OF LEONARD B. SIMON**
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: (619) 818-0644
lens@rgrdlaw.com

*Attorneys for Plaintiff-Relator*
*Blackbird Special Project, LLC*

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY OF SAN DIEGO ET AL. EX. REL BLACKBIRD SPECIAL PROJECT, LLC, <br><br>     Plaintiff-Relator, <br><br> v. <br><br> INVITATION HOMES, INC., a Maryland Corporation, <br><br>     Defendant. | Case No.: 22-CV-260-BAS-MMP <br><br> **DECLARATION OF H. VINCENT MCKNIGHT IN SUPPORT OF MOTION TO APPROVE SETTLEMENT** <br><br> Judicial Officer: Hon. Cynthia A. Bashant <br> Ctrm: 5b, 5th Floor <br> Hearing Date: August 26, 2024 <br><br> **NO ORAL ARGUMENT UNLESS ORDERED BY THE COURT** |

**DECL. OF H. VINCENT MCKNIGHT IN SUPPORT OF MOTION TO APPROVE SETTLEMENT**
1

# DECLARATION

I, H. Vincent McKnight, hereby declare:

1.    I am an active member in good standing with the District of Columbia Bar and the State Bar of Maryland. I maintain my office at 700 Pennsylvania Ave. SE, Suite 300, Washington, D.C. 20003. My Pro Hac Vice Application filed with the United States District Court, Southern District of California in the above-captioned matter was approved on July 22, 2022.

2.    I am one of the attorneys of record in this matter for the Plaintiff-Relator, Blackbird Special Project, LLC. I have personal knowledge of the matters set forth in this declaration, and if called upon as a witness I could and would testify competently thereto.

3.    I make this declaration in support of the motion for an order approving the dismissal with prejudice of the above-captioned matter pursuant to the settlement agreement and California Government Code §§ 12652(f)(1) and (c)(1); allocating the settlement amount among the Relator and the California Subdivisions; and awarding the Relator a share of the settlement in accordance with California Government Code § 12652(g)(3).

4.    Filed concurrently with this motion is a Notice of Motion and Motion with accompanying Memorandum of Points and Authorities, and Proof of Service.

5.    Between August 2020 and July 2024, the parties have actively and

**DECL. OF H. VINCENT MCKNIGHT IN SUPPORT OF MOTION TO APPROVE SETTLEMENT**

diligently litigated this case. The parties have exchanged tens of thousands of documents, the Relator has completed two fact depositions, and both parties had noticed several additional depositions when the matter settled.

6.      The parties participated in two day-long mediation sessions before Judge Gary Feess, U.S. District Court for the Central District of California (Retired), on December 12, 2023, and June 26, 2024. In the days following the second mediation session, the parties continued to confer in good faith and reached a settlement in principle.

7.      The parties subsequently negotiated and executed a Settlement and Release Agreement. A true and correct copy of the Settlement and Release Agreement, including all exhibits, is attached as Exhibit 1 hereto.

8.      The Settlement and Release Agreement in this matter states that counsel for the Relator shall serve this Approval Motion by Certified Mail on all non-intervening government entities, defined to mean the political subdivisions named in the Second Amended Complaint ("California Subdivisions"). These California Subdivisions are listed in Exhibit B to the Settlement Agreement. This service is reflected in the Proof of Service submitted herewith.

9.      Plaintiff relied on several sources to determine the mailing addresses of the California Subdivisions and, as reflected in the Proof of Service, served many of the California Subdivisions at multiple addresses. First, the service address of

Case No. 22-CV-260-BAS-MMP

**DECL. OF H. VINCENT MCKNIGHT IN SUPPORT OF MOTION TO APPROVE SETTLEMENT**

any California Subdivision that ever appeared in this action was included. Second, a compilation of addresses from those California Subdivisions that had at any time requested additional information about the litigation was used. Third, online sources specific to different types of political subdivisions were referenced, including these entities' official websites.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 22nd day of July, 2024 in the District of Columbia.

H. Vincent McKnight

**DECL. OF H. VINCENT MCKNIGHT IN SUPPORT OF MOTION TO APPROVE SETTLEMENT**

# Exhibit 1

## SETTLEMENT AND RELEASE AGREEMENT

This Settlement and Release Agreement ("Settlement Agreement") is entered into by and between Blackbird Special Project, LLC ("Relator"), on its own behalf and on behalf of the "Non-Intervenors," defined to mean the State of California and the City of San Diego, the City of Sacramento, the City of Moreno Valley, the City of Riverside, the City of Los Angeles, the City of Compton, the City of Temecula, the City of Palmdale, the City of Lancaster, the City of San Bernardino, the City of Vallejo, the City of Fontana, the City of Murrieta, the City of Fairfield, the City of Perris, the City of Yucaipa, the City of Corona, the City of Rialto, the City of Citrus Heights, the City of Elk Grove, the City of Lake Elsinore, the City of Hemet, the City of Menifee, the City of Santa Clarita, the City of Highland, the City of Oxnard, the City of Suisun City, the City of Vacaville, the City of Ranch Cordova, the City of Pomona, the City of Roseville, the City of Simi Valley, the City of Beaumont, the City of Carson, the City of Ontario (the "California Subdivisions"), and, on the other hand, Invitation Homes Inc. ("Invitation Homes") (all of the foregoing hereafter collectively referred to as the "Parties"), through their authorized representatives.

## RECITALS

1.     Invitation Homes is a publicly traded, home-leasing company headquartered in Dallas, Texas and incorporated in the state of Maryland.

2.     Invitation Homes was founded in 2012, and now owns more than 12,000 homes in cities across California.

3.     On August 21, 2020, Relator filed under seal a *qui tam* action against Invitation Homes in the Superior Court of California, San Diego County, captioned *City of San Diego et al. ex rel. Blackbird Special Project, LLC* v. *Invitation Homes, Inc.*, Case No. 22-cv-260-BAS-MMP (the "Civil Action"), pursuant to the California False Claims Act

1

*SETTLEMENT AND RELEASE AGREEMENT*

("CFCA"), Cal. Gov't Code § 12651(a)(7), on behalf of real parties in interest the State of California and political subdivisions identified therein, naming Invitation Homes as the defendant.

4.     Pursuant to the CFCA, following receipt of the original complaint, the California Attorney General was required to provide a copy of Relator's original complaint to the political subdivisions identified therein.  The Attorney General and the 18 named municipalities either expressly declined to intervene in this Civil Action or did not do so within the statutorily prescribed time period or thereafter.

5.     On October 20, 2020, Relator filed the First Amended Complaint.  On January 28, 2022, after the Complaint was unsealed, Relator served Invitation Homes.  On February 25, 2022, Invitation Homes removed the case to the United States District Court for the Southern District of California.  On September 23, 2023, Relator filed a Second Amended Complaint ("SAC"), adding 17 new named municipalities and served the California Attorney General thereafter.

6.     The SAC alleges in relevant part (i) that Invitation Homes purchased and renovated homes in California but that neither it nor its contractors obtained building permits or paid the corresponding permitting fees to California municipalities for the renovation work performed; and, separately, (ii) that this failure to apply for and pay for permits in California resulted in unpaid property taxes (collectively, the "Covered Conduct").  The Covered Conduct includes all allegations in the SAC relating to Invitation Homes and its contractors' alleged failure to obtain building permits or pay permit fees in California.

*SETTLEMENT AND RELEASE AGREEMENT*

7.      The SAC pleads one claim on behalf of the named California municipalities for a violation of the CFCA.  Relator seeks damages, treble damages, civil monetary penalties, injunctive relief, attorneys' fees and costs, and a relator's share pursuant to Cal. Gov't Code § 12651(g).

8.      This Settlement Agreement is neither an admission of liability or wrongdoing by Invitation Homes nor a concession by Relator that their claims are not well founded. Invitation Homes denies the allegations of the SAC.

9.      This Settlement Agreement resulted from good faith, arm's-length settlement negotiations, including two full-day mediation sessions before the Honorable Gary A. Feess (Ret.).

10.     The Parties understand, acknowledge, and agree that the execution of this Settlement Agreement constitutes the settlement and compromise of disputed claims.  This Settlement Agreement is inadmissible as evidence against any party except to enforce the terms of the Settlement Agreement.

11.     To avoid delay, inconvenience, and expense of protracted litigation of the above claims, and in consideration of the mutual promises and obligations of this Settlement Agreement, the Parties agree and covenant as set forth herein.

**DEFINITIONS**

12.     "Attorneys' Fees" shall mean the attorneys' fees incurred by Relator's Counsel in connection with the Covered Claims.

13.     "Court" means the United States District Court for the Southern District of California.

14.     "Effective Date" means the day that this document has been executed by the counsel identified below, provided, however, that the Settlement Agreement shall not

3

*SETTLEMENT AND RELEASE AGREEMENT*

become effective unless and until (a) the Court's Order approving the Dismissal with Prejudice of all claims against Invitation Homes has become final and there is no further recourse by an appellant or objector who seeks to challenge or contest the Settlement Agreement; and (b) the Settlement Amount, as that term is defined herein, is released on the Distribution Date.

15.　"Dismissal Order," as set forth in Paragraph 22 below, means an order entered by the Court substantially in the form attached as Exhibit A hereto.

16.　"Dismissal Order Finalization Date" means (a) the date of entry of the Dismissal Order by the Court, if there has been no opposition or objection made to the Court; or (b) if any person or entity has objected, (i) the date of the passage of the deadline under Federal Rule of Appellate Procedure 4(a)(5)(A) to file a notice of appeal; or (ii) if any notice of appeal has been filed, the date of the final disposition of any such appeal, which disposition approves entry of the Dismissal Order.

17.　"Distribution Date" means fourteen business days after the Settlement Amount is transmitted by Invitation Homes as provided in Paragraph 26 below.

18.　The "Proposed Allocation," attached hereto as Exhibit B, sets forth the shares of the Settlement Amount that Relator proposes to allocate to Non-Intervenors and Relator's counsel, and will be submitted to the Court in support of this Settlement Agreement.  The Proposed Allocation is a matter that has been (and will be) handled separately by Relator without Invitation Homes' involvement.  Invitation Homes shall not be deemed to have endorsed or been responsible for any allocation proposed therein or the use of the proceeds by any ultimate recipient.  As part of the Settlement Agreement, Invitation Homes will not contest the Proposed Allocation or any part of it.

*SETTLEMENT AND RELEASE AGREEMENT*

19.    "Roe Plaintiffs" means the 250 unnamed municipalities and/or counties of the State of California mentioned in the SAC.

20.    The "Settlement Amount" to be paid by Invitation Homes on the terms and conditions set forth herein is $19,992,900, which includes $4,000,000 for Attorneys' Fees and Costs.

## **TERMS AND CONDITIONS**

21.    The Parties, through their counsel, shall execute a Joint Stipulation of Dismissal with Prejudice in the form attached as Exhibit C hereto ("Stipulation of Dismissal"), to be submitted to the Court in support of a motion for approval of this settlement, as set forth below.

22.    By July 22, 2024, Relator shall file a motion with the Court (the "Approval Motion") seeking approval pursuant to the CFCA for an order dismissing the Civil Action with prejudice as to Invitation Homes.  The Approval Motion shall ask the Court to enter an order (the "Dismissal Order"), substantially in the form attached as Exhibit A hereto, that (a) holds that the terms of the Settlement Agreement, including the Proposed Allocation, are appropriate, fair, adequate, and reasonable, and were reached in good faith; (b) holds that Relator, Non-Intervenors, and Invitation Homes are bound by the terms of this Settlement Agreement, including specifically the releases contained herein; (c) enters final judgment dismissing with prejudice all claims against Invitation Homes in the Civil Action, including specifically all claims asserted by Relator, all claims asserted on behalf of Roe Plaintiffs by Relator in the Civil Action, and all claims asserted on behalf of the Non-Intervenors by Relator in the Civil Action; (d) directs that the Settlement Amount be distributed pursuant to the Proposed Allocation; and (e) makes such further orders as may

5

be appropriate and necessary to ensure compliance with the terms and conditions of the Dismissal Order.

23.      Relator shall file a separate motion for Attorneys' Fees ("Fees Motion") that shall not exceed $4,000,000. Should the Court award a lesser amount of fees, the difference between this amount and the amount awarded for fees, expenses, and costs will be added to the portion of the Settlement Amount allocable to Relator and California Subdivisions. Invitation Homes shall not oppose any Fees Motion seeking $4,000,000 or less in fees.

24.      Relator (at Relator's or its counsel's expense) shall serve the Approval Motion by Certified Mail on all Non-Intervenors, and shall file proof of such service with the Court with a service copy to Invitation Homes. Notice to the Non-Intervenors shall include (a) the notice of hearing setting forth the date, time, and location for hearing of the Approval Motion; (b) any and all declarations and evidence submitted in support of the Approval Motion; (c) the proposed Dismissal Order; (d) a copy of this Settlement Agreement and all exhibits, including the Proposed Allocation; and (e) a copy of the Fees Motion and all exhibits submitted thereto. Non-Intervenors accordingly will receive notice that, as a condition of the settlement, Relator will ask the Court to order that Non-Intervenors are bound by the terms of this Settlement Agreement, including specifically the releases contained herein, and will have an opportunity to object.

25.      Promptly after entry of the Dismissal Order, Relator (at Relator's or its counsel's expense) shall cause a file-stamped copy of the Dismissal Order to be served on all Non-Intervenors by certified U.S. Mail or otherwise as their counsel may direct in writing, and shall file such proof of service with the Court with a service copy to Invitation Homes.

*SETTLEMENT AND RELEASE AGREEMENT*

26.    Within twenty-one (21) days of the Approval Motion being filed, the Settlement Amount will be deposited in an interest-bearing escrow account at a bank of Invitation Homes' Counsel's choosing and with Invitation Homes' Counsel as escrow agent.

27.    No later than twenty-one (21) days after the Dismissal Order Finalization Date, Invitation Homes' Counsel will transmit the Settlement Amount to Sanford Heisler Sharp, LLP, pursuant to instructions to be provided by Relator's counsel on or before the Effective Date. Sanford Heisler Sharp, LLP shall provide Invitation Homes with its account number and bank routing number, in addition to a properly completed and duly executed Form W-9 for that client trust account on or before the date the Approval Motion is filed.

28.    On the Distribution Date, counsel for Relator will make payments to Non-Intervenors and counsel in accordance with the Proposed Allocation and Dismissal Order entered by the Court.

29.    Upon making the payment of the Settlement Amount to Relator's counsel, Invitation Homes shall have no rights to the allocation or distribution among Relator and Non-Intervenors of the Settlement Amount. Under no circumstances shall Invitation Homes be obligated as a result of this Settlement Agreement, the underlying litigation, or any claim released herein to pay to Relator, its counsel, or Non-Intervenors, by way of damages, penalties, fees, costs, or otherwise, more than the Settlement Amount set forth above. Invitation Homes takes no position with respect to the allocation of the Settlement Amount between and among Relator and Non-Intervenors, including but not limited to the allocation of settlement payments, Relator's share, and Attorneys' Fees.

30.    In exchange for and in consideration of Invitation Homes' agreement to pay the Settlement Amount, Relator and the Non-Intervenors agree to dismiss their claims in the

*SETTLEMENT AND RELEASE AGREEMENT*

Civil Action against Invitation Homes with prejudice. It is the Parties' intention and a condition of this Settlement Agreement that all claims of Relator and all claims brought by Relator on behalf of the Non-Intervenors against Invitation Homes in the Civil Action be dismissed with prejudice.

31.    In consideration of the obligations of Invitation Homes set forth in this Settlement Agreement, and conditioned upon Invitation Homes' payment of the Settlement Amount, (a) Relator on behalf of itself, together with all of its current and former affiliates, parents, members and subsidiaries, and their respective current or former owners, shareholders, parents, members, subsidiaries, affiliates, divisions, officers, directors, employees, contractors, administrators, brokers, vendors, partners, privies, agents, managers, representatives, fiduciaries, accountants, auditors, consultants, insurers and reinsurers, principals, law firms, and attorneys, and the heirs, personal representatives, executors, administrators, trustees, beneficiaries, predecessors, successors, subrogees and assigns (direct or indirect) of any of them, in each case past, present or future, and (b) Relator on behalf of the Non-Intervenors, any and all of their governing authorities, boards, commissions, officials, officers, directors, managers, representatives, employees, contractors, administrators, departments, divisions, agencies, instrumentalities, fiduciaries, accountants, auditors, consultants, insurers arid reinsurers, principals, law firms, attorneys, brokers, vendors, partners, privies, agents, affiliates, predecessors, successors and assigns, as well as the heirs, personal representatives, executors, administrators, predecessors, successors, and assigns of each of the foregoing, in each case past, present, or future (collectively, the "Releasing Parties"), release Invitation Homes, together with all of its current and former affiliates, parents, members and subsidiaries, and their respective

8

current or former owners, shareholders, parents, members, subsidiaries, affiliates, divisions, officers, directors, employees, contractors, administrators, brokers, vendors, partners, privies, agents, managers, representatives, fiduciaries, accountants, auditors, consultants, insurers and reinsurers, principals, law firms, and attorneys, and the heirs, personal representatives, executors, administrators, trustees, beneficiaries, predecessors, successors, subrogees and assigns (direct or indirect) of any of them, in each case past or present (the "Invitation Homes Released Parties"), from any and all claims, rights, actions, suits, grounds for complaint, causes of action, arbitrations, lien demands, controversies, grievances, allegations, accusations, judgments, and liabilities of any kind or nature whatsoever, as well as all forms of relief, including all remedies, costs, losses, liabilities, damages (whenever incurred and of any kind whatsoever, including compensatory, statutory, liquidated, exemplary, or punitive damages), wages, benefits, debts, expenses, penalties, interest, and attorneys' and other professionals' fees and disbursements, and any other form of relief or remedy in law, equity, or whatever kind or nature and however denominated, whether sealed or unsealed, in law or equity, in contract, tort, or otherwise, known or unknown, suspected or unsuspected, anticipated or unanticipated, and asserted or unasserted, foreseen or unforeseen, including all direct or indirect liability (including, without limitation, vicarious liability) that the Releasing Parties ever have, had, or may have arising out of or in any way connected with the Covered Conduct as to the Invitation Homes Released Parties before the Effective Date, including but not limited to claims under the CFCA, or on theories of breach of contract, unjust enrichment, or unfair business practices. This release expressly does not encompass claims not arising out of and not in

*SETTLEMENT AND RELEASE AGREEMENT*

any way connected with the Covered Conduct as to the Invitation Homes Released Parties or any claims arising after the Effective Date.

32.     In consideration of the obligations of Relator and the Non-Intervenors set forth in this Settlement Agreement, and conditioned upon Relator and the Non-Intervenors fulfilling their obligations in this Settlement Agreement, Invitation Homes on behalf of itself and the Invitation Homes Released Parties fully and finally release the Releasing Parties from any and all claims, rights, actions, suits, grounds for complaint, causes of action, arbitrations, liens, demands, controversies, grievances, allegations, accusations, judgments, and liabilities of any kind or nature whatsoever, as well as all forms of relief, including all remedies, costs, losses, liabilities, damages (whenever incurred and of any kind whatsoever, including compensatory, statutory, liquidated, exemplary, or punitive damages), wages, benefits, debts, expenses, penalties, interest, and attorneys' and other professionals' fees and disbursements, and any other form of relief or remedy in law, equity, or whatever kind or nature and however denominated, whether sealed or unsealed, in law or equity, in contract, tort, or otherwise, known or unknown, suspected or unsuspected, anticipated or unanticipated, and asserted or unasserted, foreseen or unforeseen, including all direct or indirect liability (including, without limitation, vicarious liability) that Invitation Homes ever has asserted, could have asserted, or may assert in the future against them, arising out of the Civil Action and their investigation and prosecution thereof, or in any way connected with the Covered Conduct.

33.     The releases contained in Paragraphs 31 and 32 above are general releases of claims arising out of or in any way connected with the Covered Conduct as to Invitation Homes, and the Parties intend and agree that each shall be interpreted, construed, and

10

*SETTLEMENT AND RELEASE AGREEMENT*

enforced as such. Without limiting the foregoing, the Parties, having been fully advised by counsel of the contents of Section 1542 of the Civil Code of the State of California, expressly waive and relinquish all rights and benefits afforded by Section 1542, and do so understanding and acknowledging the significance of such specific waiver of Section 1542. Section 1542 of the Civil Code of the State of California states as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Thus, notwithstanding the provisions of Section 1542, and for purpose of implementing a full and complete release of claims, each party expressly acknowledges that this Settlement Agreement is intended to include in its effect, without limitation, all claims arising out of or in any way connected with the Covered Conduct as to Invitation Homes that such Party does not know of or suspect to exist in such Party's favor at the time of signing this Settlement Agreement.

34.     All Parties hereby covenant and agree that no Party will (i) assert, file, commence, pursue, intervene in, institute, maintain or prosecute any claim related in any way to the Covered Conduct as to Invitation Homes, including (but not limited to) by way of third-party claim, crossclaim, or counterclaim, or by right of representation or subrogation, against any other Party; (ii) participate in the assertion, filing, commencing, pursuing, intervening in, instituting, maintaining or prosecuting of any claim related in any way to the Covered Conduct as to Invitation Homes against any other Party; and (iii) if involuntarily included in any claim related to the Covered Conduct as to Invitation Homes (e.g., in a class action) will withdraw therefrom.

*SETTLEMENT AND RELEASE AGREEMENT*

35.     Notwithstanding the foregoing, all Parties agree that they do not release (i) any claims arising after the Effective Date; or (ii) any claims or rights which cannot be waived by law.

36.     All Parties further acknowledge and agree that this Agreement shall not be construed or applied in a manner that limits or interferes with a federal, state, or local governmental agency or commission, including without limitation the U.S. Securities and Exchange Commission, any State Attorney General, or any self-regulatory organization ("Government Agency"), for the purpose of (i) reporting a possible violation of any U.S. federal, state, or local law or regulation; (ii) initiating, testifying, assisting, complying with a subpoena from, participating, or cooperating in any manner in any investigation or proceeding that may be conducted or managed by any Government Agency, including by providing documents or other information; or (iii) filing a charge or complaint with a Government Agency.

37.     All Parties agree that this Settlement Agreement is expressly contingent upon the Court granting the Approval Motion and entering the Dismissal Order making each of the foregoing holdings and entering final judgment dismissing with prejudice the claims of Relator on behalf of itself and the Non-Intervenors.  Should the Court decline to approve all material aspects of the Settlement Agreement, if the Court makes rulings materially altering the terms of the Settlement Agreement, or if for any reason the Court determines not to enter a final judgment consistent with the terms of this Settlement Agreement, then Invitation Homes or Relator may declare the Settlement Agreement null and void by providing written notice within five (5) days of any such decision, in which case the Parties shall return to their positions as of the date prior to this Settlement Agreement, the litigation

*SETTLEMENT AND RELEASE AGREEMENT*

shall proceed as if no settlement had been attempted, except as to any discovery stay ordered in the case, and Invitation Homes shall have no obligation to make any payment, including payment of any portion of the Settlement Amount. However, notwithstanding the foregoing, in the event the Court determines not to enter a final judgment consistent with the material terms of this Settlement Agreement, Invitation Homes and Relator shall meet and confer in good faith in an effort to negotiate a revised Settlement Agreement that is mutually acceptable to Invitation Homes and Relator and consistent with the Court's rulings.

38.     Relator and their counsel represent that they have no knowledge of Invitation Homes being a defendant in any pending false claims act litigation involving the Covered Conduct. Relator and their counsel further represent that they have no present intention of being involved in any false claims act litigation against Invitation Homes involving the Covered Conduct.

39.     The Parties agree that with respect to documents designated as containing Confidential Information pursuant to the Order Granting Stipulated Protective Order entered in the Civil Action (ECF No. 59) (the "Protective Order") that were produced by Invitation Homes to Relator and/or that were produced by Relator to Invitation Homes, this Settlement Agreement constitutes a final termination of the action between the Parties and each Party will destroy or return to the producing party any such documents containing Confidential Information in accordance with Paragraph 12 of the Protective Order. The Parties further agree that they continue to be bound by the restrictions in the Protective Order after the Dismissal Order Finalization Date, as provided in Paragraph 12 of the Protective Order.

*SETTLEMENT AND RELEASE AGREEMENT*

40.     This Settlement Agreement does not constitute an admission by any of the Invitation Homes Released Parties, or evidence, of any liability or wrongdoing whatsoever, including, but not limited to, any liability or wrongdoing with respect to any allegations that were or could have been raised in the Civil Action.  This Settlement Agreement also does not constitute an admission by the Releasing Parties, or evidence, that they would not have been able to prosecute their claims successfully in the Civil Action.  The Parties agree that this Settlement Agreement is the result of a compromise within the provisions of California Evidence Code Section 1152, Federal Rule of Evidence 408, and any similar statutes or rules, and shall not be used or admitted in any proceeding for any purpose including, but not limited to, as evidence of liability or wrongdoing by any of the Invitation Homes Released Parties, nor shall it be used for impeachment purposes, to refresh recollection, or any other evidentiary purpose; provided, however, that this paragraph shall not apply to any claims to enforce any provision of this Settlement Agreement.

41.     Should this Settlement Agreement for any reason not become final, all Parties reserve their rights to make all arguments and defenses whatsoever, including but not limited to challenges to Relator's ability to proceed on behalf of any or all Non-Intervenors and objections to any attempts to intervene in the litigation (past or future), and each Party agrees that it shall not assert that another Party has waived or is otherwise prevented from asserting any argument or defense by virtue of negotiating, entering or seeking approval of this Settlement Agreement.

42.     This Settlement Agreement is intended to be for the benefit of the Parties only.

43.     Except as provided for in the Proposed Allocation, each Party shall bear its own legal fees and other costs incurred in connection with this matter, including the preparation

*SETTLEMENT AND RELEASE AGREEMENT*

and performance of this Settlement Agreement. Relator and the Non-Intervenors, on the one hand, and Invitation Homes, on the other hand, expressly waive any claims between them for legal fees or other costs incurred in connection with this matter.

44.     This Settlement Agreement is enforceable regardless of its tax consequences. The Parties make no representations regarding the Settlement Agreement's tax consequences. Each Party is solely responsible for any and all taxes, interest, and penalties due and owing, if any, should any monetary benefit described in this Settlement Agreement and/or any other documents related to this Settlement Agreement be deemed as taxable.

45.     Each Party and signatory to this Settlement Agreement represents that it freely and voluntarily enters into this Settlement Agreement with the benefit of legal counsel and without any degree of duress or compulsion.

46.     All questions with respect to the construction or interpretation of the Settlement Agreement and the Parties' rights and liabilities shall be governed by the laws of the State of California. This Settlement Agreement is enforceable pursuant to Section 664.6 of the California Code of Civil Procedure. The exclusive jurisdiction and venue for any dispute relating to this Settlement Agreement is the United States District Court for the Southern District of California. This Settlement Agreement and any other document referenced herein or attached hereto is admissible in any action or proceeding to enforce the terms of this Settlement Agreement.

47.     This Settlement Agreement is the result of arm's-length negotiation between the Parties, and all Parties, directly and through counsel, have contributed substantially and materially to its preparation. For purposes of construing this Settlement Agreement, this Settlement Agreement shall be deemed to have been drafted by all Parties to this Settlement

Agreement and shall not, therefore, be construed against any Party for that reason in any subsequent dispute, and the canon of contract interpretation set forth in California Civil Code Section 1654 as well as under any other statutes or common law principles of similar effect (both in California and in any foreign jurisdiction) shall not be applied.

48.     This Settlement Agreement constitutes the complete agreement between the Parties and supersedes any and all other prior and contemporaneous oral or written agreements, communications, or representations.

49.     This Settlement Agreement is executed without reliance upon any representations, understandings, or commitments, whether formal or informal, or oral or written, by any Party released.

50.     This Settlement Agreement may not be amended except by written consent of Invitation Homes and Relator.

51.     The undersigned represent and warrant that they are fully authorized to execute this Settlement Agreement on behalf of the Parties so indicated by their signature.

52.     This Settlement Agreement may be executed in counterparts, each of which constitutes an original and all of which constitute one and the same Settlement Agreement.

53.     This Settlement Agreement is binding on the Parties' successors, transferees, heirs, and assigns.

54.     Facsimiles or PDF copies of signatures shall constitute acceptable, binding signatures for purposes of this Settlement Agreement.

55. Each Party represents and warrants that:

     a)     it has the full legal authority, right, and capacity to enter into this Settlement Agreement and to bind the Party to perform its obligations hereunder, including

*SETTLEMENT AND RELEASE AGREEMENT*

any third-party authorization necessary to release the claims being released hereunder;

b)   this Settlement Agreement has been duly and validly executed and delivered by such Party and, assuming due authorization, execution and delivery by the other Parties, constitutes a legal, valid and binding obligation of such Party, enforceable against such Party in accordance with its terms;

c)   the execution and delivery of this Settlement Agreement, the performance by such parties of its obligations hereunder and the consummation of the transactions contemplate hereby, will not (i) result in the violation by such Party of any statute, law, rule, regulation or ordinance or any judgment, decree, order, writ, permit, or license of any governmental or regulatory authority applicable to such Party; or (ii) require such Party to obtain any consent, approval or action of any person, which consent, approval, or action has not already been obtained or accomplished by such Party;

d)   it has not assigned, subrogated, pledged, loaned, hypothecated, conveyed, or otherwise transferred, voluntarily or involuntarily any claims based on the Covered Conduct, specifically including any rights arising out of claims related to the Covered Conduct, to any other person or entity; and

e)   it has read and understands this Settlement Agreement and it has had the opportunity to consult with its attorneys before signing it.

56.   Each of the Parties hereto agrees to execute and deliver, or to cause to be executed and delivered, all such instruments, and to take all such action necessary to

*SETTLEMENT AND RELEASE AGREEMENT*

effectuate the intent and purposes of, and to carry out the terms of, this Settlement Agreement.

57.     Any failure by any Party to insist upon the strict performance by any other Party of any of the provisions of this Settlement Agreement shall not be deemed a waiver of any of the provisions hereof, and such Party, notwithstanding such failure, shall have the right thereafter to insist upon the strict performance of any and all of the provisions of this Settlement Agreement to be performed by such other Party.  No waiver, express or implied, by any Party of any breach or default in the performance by the other Party of its obligations under this Settlement Agreement shall be deemed or construed to be a waiver of any other breach, whether prior, subsequent or contemporaneous, under this Settlement Agreement.

58.     All of the exhibits attached to this Settlement Agreement are material and integral parts hereof and are hereby incorporated by reference as if fully set forth herein.

59.     The Parties and their respective counsel agree to cooperate fully with one another in order to effect the consummation of the settlement of the Civil Action.

60.     Any notices required under this Settlement Agreement shall be provided by e-mail and U.S. mail, as follows:

Dated: July 18, 2024

H. Vincent McKnight

*Attorney for Plaintiff-Relator*
*Blackbird Special Project, LLC*

Dated:  July 18, 2024

Randall S. Luskey
*Attorney for Defendant*
*Invitation Homes, Inc.*

18

# Exhibit A

1
2

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 3 CITY OF SAN DIEGO ET AL. EX. REL<br>4 BLACKBIRD SPECIAL PROJECT, LLC,<br>5     Plaintiff-Relator,<br>6 v.<br>7 INVITATION HOMES, INC., a Maryland<br>8 Corporation,<br>9     Defendant. | Case No.: 22-CV-260-BAS-MMP<br><br>Judicial Officer: Hon. Cynthia A. Bashant<br>Ctrm: 5b, 5th Floor<br>Hearing: August 26, 2024<br><br>**NO ORAL ARGUMENT UNLESS ORDERED BY THE COURT**<br><br>**[PROPOSED] ORDER GRANTING UNOPPOSED MOTION TO APPROVE SETTLEMENT AND DISMISS PLAINTIFF-RELATOR'S SECOND AMENDED COMPLAINT WITH PREJUDICE** |

14
15      Due and adequate notice having been given of the motion and the settlement,
16 and the Court having considered the moving papers and the proposed Settlement
17 Agreement, including all attachments thereto, and all other matters properly
18 presented to the Court in relation thereto, and good cause appearing therefore, IT IS
19 HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

20    1. The Motion for Approval of Dismissal Pursuant to Settlement Agreement is
21       GRANTED.

22    2. This Order incorporates by reference the Settlement Agreement attached as
23       Exhibit 1 to the Declaration of H. Vincent McKnight submitted in support of
24       the Motion, and all terms used herein shall have the same meanings set forth
25       in the Settlement Agreement.

26    3. The Settlement Agreement is entered between Defendant Invitation Homes,
27       Inc., and the Plaintiff- Relator who, pursuant to the California False Claims
28       Act ("CFCA"), California Government Code section 12652, alleged claims on

behalf of all Non-Intervenors listed in Exhibit A to the Settlement Agreement. Pursuant to the CFCA, the Relator conducted the action on behalf of the Non-Intervenors.

4. The Court finds that the parties, having engaged in nearly four years of litigation and two full days of mediation conducted by an independent mediator, have reached the Settlement Agreement as a result of arm's length negotiations and in good faith.

5. The Court, having reviewed the Settlement Agreement and taking into account the best interests of the parties involved and the public purposes behind the CFCA, holds that the terms of the Settlement Agreement, including but not limited to the dismissal of the Civil Action with prejudice as to Invitation Homes, the releases, and the Proposed Allocation, are in all respects fair, adequate, and reasonable, and in the best interests of the parties involved, and serve the public purposes behind the CFCA.

6. The Court further holds that all parties are bound by and shall comply with the terms of the Settlement Agreement, including specifically the releases contained therein, and the Proposed Allocation, to the fullest extent permitted by law.

7. The Settlement Amount shall be paid by Invitation Homes and distributed pursuant to the Proposed Allocation set forth in the Motion.

8. Plaintiff-Relator Blackbird Special Projects, LLC's, share in the Settlement Amount shall be distributed pursuant to the Proposed Allocation and California Government Code sections 12652(g)(3).

9. The Motion was accompanied by a stipulation of Dismissal with Prejudice, which was contingent upon this Court's approving the Settlement Agreement. Having approved the Settlement Agreement, it is further ORDERED that, pursuant to California Government Code section 12652(c)(1), all claims in the Civil Action against Invitation Homes, including specifically all claims of the

2

Plaintiff-Relator, and all claims of the Plaintiff-Relator on behalf of the Non-Intervening Entities are hereby DISMISSED in their entirety WITH PREJUDICE and FINAL JUDGMENT as to Invitation Homes is hereby entered in the Civil Action.

10. Without impacting the finality of approval of the Settlement Agreement in any way, the Court retains jurisdiction over this Civil Action with respect to resolving any disputes arising from or related to the Settlement Agreement or this Order.

**IT IS SO ORDERED.**

Dated: _____, 2024

_____
Honorable Cynthia A. Bashant
United States District Judge

3

# Exhibit B

**Proposed Allocation to California Subdivisions[1]**

*City of San Diego, et al. ex rel. Blackbird Special Project, LLC v. Invitation Homes, Inc.*, Case No. 22-CV-00260 (S.D. Cal.)

| Real Party in Interest | Approximate Percentage of Relevant Properties Owned by Invitation Homes in Political Subdivision | Settlement Allocation[2] |
|---|---|---|
| Los Angeles | 19.02% | $1,520,951.56 |
| Sacramento | 12.09% | $966,653.21 |
| Moreno Valley | 5.95% | $476,139.59 |
| Riverside | 5.22% | $417,745.11 |
| Palmdale | 4.26% | $340,484.73 |
| Lancaster | 4.22% | $337,789.60 |
| San Bernadino | 3.91% | $312,635.05 |
| Vallejo | 3.53% | $282,090.25 |
| Fontana | 3.21% | $256,935.70 |
| Murrieta | 3.08% | $246,155.18 |
| Fairfield | 2.44% | $194,947.72 |
| Perris | 2.06% | $164,402.92 |
| Yucaipa | 2.03% | $162,606.16 |
| Corona | 2.02% | $161,707.79 |
| Rialto | 1.98% | $158,114.28 |
| Citrus Heights | 1.74% | $139,248.37 |
| Elk Grove | 1.71% | $136,553.24 |
| Lake Elsinore | 1.55% | $123,975.97 |
| Hemet | 1.54% | $123,077.59 |
| Temecula | 1.52% | $121,280.84 |
| Menifee | 1.52% | $121,280.84 |
| Santa Clarita | 1.48% | $118,585.71 |
| Highland | 1.45% | $115,890.58 |
| Oxnard | 1.44% | $114,992.20 |
| Suisun City | 1.44% | $114,992.20 |
| Vacaville | 1.43% | $114,093.83 |
| Rancho Cordova | 1.17% | $93,431.17 |
| Pomona | 1.13% | $90,736.04 |
| Roseville | 0.98% | $78,158.76 |

[1] Pursuant to the Settlement Agreement, if the Court approves less than $4 million in attorneys' fees and expenses, the difference between the ultimate award by the Court and $4 million will be distributed to California cities. Accordingly, these amounts may be increased, but will not decrease, upon final distribution.

[2] The Settlement Allocation amounts assume Court approval of a 50% relator's award, in accordance with Cal. Gov't Code § 12652(g)(3).

| | | |
|---|---|---|
| Simi Valley | 0.94% | $75,463.63 |
| San Diego | 0.89% | $70,971.75 |
| Beaumont | 0.82% | $65,581.49 |
| Carson | 0.81% | $64,683.11 |
| Ontario | 0.80% | $63,784.74 |
| Compton | 0.63% | $50,309.09 |

# Exhibit C

1  Melinda L. Haag (SBN 132612)         H. Vincent McKnight (*pro hac vice*)
2  Walter F. Brown (SBN 130248)         Christine Dunn (*pro hac vice*)
   Randall S. Luskey (SBN 240915)       James Hannaway (*pro hac vice*)
3  **PAUL, WEISS, RIFKIND,**            **SANFORD HEISLER SHARP, LLP**
   **WHARTON & GARRISON LLP**           700 Pennsylvania Ave. SE, Suite 300
4  535 Mission Street, 24th Floor       Washington, D.C. 20003
   San Francisco, CA 94105              Telephone: (202) 499-5201
5  Telephone: (628) 432-5100            vmcknight@sanfordheisler.com
6  Fax: (628) 232-3101
7  mhaag@paulweiss.com                  Leonard B. Simon (CA Bar No. 58310)
   wbrown@paulweiss.com                 **LAW OFFICES OF LEONARD B.**
8  rluskey@paulweiss.com                **SIMON**
9                                       655 West Broadway, Suite 1900
   *Attorneys for Defendant*            San Diego, CA 92101
10 *Invitation Homes, Inc.*             Telephone: (619) 818-0644
11                                      lens@rgrdlaw.com
12                                      *Attorneys for Plaintiff-Relator*
13                                      *Blackbird Special Project, LLC*
14
15           **UNITED STATES DISTRICT COURT**
16          **SOUTHERN DISTRICT OF CALIFORNIA**

17 CITY OF SAN DIEGO ET AL. EX. REL      Case No.: 22-CV-260-BAS-MMP
   BLACKBIRD SPECIAL PROJECT, LLC,
18                                       **JOINT STIPULATION OF**
          Plaintiff-Relator,            **DISMISSAL WITH PREJUDICE**
19
20 v.                                    Judicial Officer: Hon. Cynthia A.
                                         Bashant
21 INVITATION HOMES, INC., a Maryland    Ctrm: 5b, 5th Floor
   Corporation,                          Hearing Date: August 26, 2024
22
          Defendant.
23                                       **NO ORAL ARGUMENT UNLESS**
                                         **ORDERED BY THE COURT**
24
25
26
27
28                                             Case No. 22-CV-260-BAS-MMP

         **JOINT STIPULATION OF DISMISSAL WITH PREJUDICE**
                               1

1

2      IT IS HEREBY STIPULATED AND AGREED by the parties, through their

3 counsel, in consideration of a negotiated settlement executed by them, that the

4 above-titled action be and hereby is dismissed, with prejudice and without costs,

5 pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii). Except as otherwise agreed to pursuant

6 to the negotiated settlement, each party will bear its own attorneys' fees and costs.

7      In the event that the settlement of this action is reversed on appeal or declared

8 null and void by a court of law, this stipulation shall no longer apply.

9      IT IS SO STIPULATED.

10

11 Dated: July 18, 2024

12

13                                   H. Vincent McKnight

14

15 Dated: July 18, 2024

16                                     Randall S. Luskey

17

18

19

20

21

22

23

24

25

26

27

28                                          Case No. 22-CV-260-BAS-MMP

**JOINT STIPULATION OF DISMISSAL WITH PREJUDICE**

2