# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY OF SAN DIEGO, *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>INVITATION HOMES, INC.,<br><br>    Defendant. | Case No. 22-cv-0260-BAS-MMP<br><br>**ORDER**<br>  **1. GRANTING MOTION TO APPROVE SETTLEMENT AND DISMISS SECOND AMENDED COMPLAINT WITH PREJUDICE, (ECF No. 99) and**<br>  **2. GRANTING MOTION TO AWARD ATTORNEY'S FEES (ECF No. 100)** |

    Before the Court is *qui tam* Plaintiff-Relator Blackbird Special Project, LLC's ("Blackbird" or "Plaintiff-Relator") Unopposed Motion to Approve Settlement and Dismiss Second Amended Complaint with Prejudice. (ECF No. 99.) After litigating the instant action under California's False Claims Act ("CFCA") for nearly four years against Defendant Invitation Homes, Incorporated ("Invitation Homes" or "Defendant"), alleging Defendant systematically failed to obtain or pay necessary permit fees to various California cities, the parties have reached a settlement agreement and seek the Court's approval. (*Id.*) In relation to this, Blackbird's counsel seek attorney's fees from the settlement proceeds

after litigating the case on a contingency basis for years. (ECF No. 100.) The Court finds the motions suitable for determination on the papers submitted and without oral argument. Fed. R. Civ. P. 78(b); CivLR 7.1(d)(1). For the reasons set forth below, the Court **GRANTS** the motions. (ECF Nos. 99, 100.)

## I.   BACKGROUND

Blackbird has litigated this case on its own for the past four years and reaches this settlement after two full days of mediation. Blackbird filed this case under the CFCA, Cal. Gov't Code §§ 12650 *et seq.*, in August 2020, on behalf of several California political subdivisions in which Invitation Homes owned or maintained properties. (ECF No. 1.) Blackbird claimed that Invitation Homes failed to obtain or pay necessary permit fees to these California political subdivisions, thereby depriving those subdivisions of revenues. Throughout the litigation, Invitation Homes has denied liability.

After Invitation Homes removed the matter to federal court, Blackbird and its counsel survived a motion to dismiss and added more California Subdivisions to the Complaint, leading to an eventual total of thirty-five California Subdivisions named in the operative Complaint in this action. (ECF No. 69.) The parties participated in settlement talks formally on two occasions and continued their settlement discussions after their second meeting, which eventually led to the Settlement Agreement now before this Court. The parties have reached a settlement before completing expert discovery but after taking two factual depositions and conducting hundreds of thousands of pages of document review.

Ultimately, the parties have reached a Settlement Agreement requiring Invitation Homes to pay $19,992,900 "to settle all claims brought by [Blackbird] and California Subdivisions in the Second Amended Complaint." (ECF No. 99 at 5.) The Settlement Agreement requires the Parties to enter into a stipulation of dismissal with prejudice, which the parties submitted along with their Motion for Settlement Approval. (*See* ECF No. 99-1, Ex. C.) Blackbird now seeks an award of fifty percent of the settlement proceeds, pursuant to California Government Code section 12652(g)(3).

Further, counsel for Blackbird seek $4,000,000 in attorney's fees. (ECF No. 100.) Blackbird represents that it has provided notice of the Motions to the non-intervening California Subdivisions via certified mail. (*See* ECF No. 99-3.) The non-intervening California Subdivisions each received copies of the Motion for Settlement Approval and its accompanying documents, as well as the Motion for Attorney's Fees. (*Id.*) To date, no California Subdivision has objected to either Motion.

## II. ANALYSIS

### A. Settlement Agreement

Under the CFCA, any person with knowledge that a corporation has defrauded a California government entity may sue in the defrauded entity's name. Where successful, the plaintiff-relator may receive up to fifty percent of the money recovered in such cases. Cal. Gov't Code § 12652(g)(3). The proportion of the reward to which plaintiff-relator is entitled depends on the plaintiff-relator's contribution to the outcome of the case. A government entity that declines to intervene is not a full "party" to the action but remains a "real party in interest" that is entitled to receive a portion of any recovery. Because all of the California Subdivisions declined to intervene in this action, Blackbird has pursued the case on their behalf, as authorized by California Government Code section 12652(f)(1). Such a plaintiff-relator has the power to release CFCA claims as "part of a court approved settlement." Cal. Gov't Code § 12652(c)(1). The Court must determine whether dismissal—and, accordingly, the settlement—is in "the best interests of the parties involved" and furthers "the public purposes behind [the CFCA]." *Id.*

In bringing this action, Blackbird and its counsel "performed extensive and cutting-edge analysis related to Invitation Homes' permitting practices before (and continuing after) the filing." (ECF No. 99 at 3.) Through litigation, Blackbird's counsel reviewed over 60,000 documents from Invitation Homes, containing over 400,000 pages, and conducted two depositions. (*Id.* at 4.) The parties also attended two full-day mediations, six months apart, before Judge Gary Feess. (*Id.*) Settling at this point in the case prevented the parties from needing to engage in further discovery such as the exchange of additional

documents, completing expert discovery, and taking additional depositions, which "would have been extensive and burdensome for both parties." (*Id.*) Moreover, Blackbird ultimately achieved a settlement of $19,992,900 at no cost to the California Subdivisions. (ECF No. 99-1, Ex. 1 ¶ 20.)

The CFCA allows plaintiff-relators in this type of action to recover between twenty-five and fifty percent of the proceeds of a settlement where the state or political subdivision does not proceed with the action. Cal. Gov't Code § 12652(g)(3). Here, Blackbird seeks fifty percent of the settlement proceeds. The Court finds this amount reasonable because Blackbird litigated this case for nearly four years on its own and has achieved a substantial settlement. Moreover, no California Subdivision has objected to this allocation. (*See* ECF No. 104.)

On the whole, the Settlement Agreement and dismissal on these terms, with a release of any claims related to this action, are therefore in the best interests of the parties involved and further the public purposes of the CFCA.

**B.     Attorney's Fees**

Blackbird's counsel requests $4 million in attorney's fees and neither Invitation Homes nor any of the California Subdivisions objects. (ECF Nos. 100, 104.) This amount represents twenty percent of the total settlement. California Government Code section 12652(g)(8) states that where a plaintiff-relator prevails in a CFCA action, the plaintiff-relator is entitled to "reasonable costs and attorney's fees." California courts generally use the lodestar method to calculate reasonable attorney's fees where a case involves a fee-shifting statute. *Glaviano v. Sacramento City Unified Sch. Dist.*, 231 Cal. Rptr. 3d 849, 852 (Cal. Ct. App. 2018) ("In statutory fee-shifting cases, in which the prevailing party is statutorily authorized to recover his or her attorney's fees from the losing party, the lodestar method is the primary method for establishing the amount of recoverable fees."); *see also Mangold v. Cal. Pub. Utils. Comm'n*, 67 F.3d 1470, 1478 (9th Cir. 1995) (holding that courts in the Ninth Circuit apply state law in determining the method to calculate fees where those fees are based on state fee-shifting statutes).

Here, counsel represent that they spent "more than 6,463 hours in attorney and staff time in this matter." (ECF No. 100-1 ¶ 28.) In calculating hours, counsel do not include hours spent preparing settlement documents and motions beyond July 12, 2024. (*Id.* ¶ 30.) Further, counsel do not seek a positive lodestar multiplier, and indeed are requesting less in fees than the lodestar indicates. Ultimately, counsel's lodestar amount is $4,523,714, but they instead seek $4,000,000 in fees—a 0.88 multiplier. (ECF No. 100 at 4.) While the Court finds the numbers high, it will grant the request because counsel achieved a large settlement, the requested amount is only twenty percent of that total settlement, and none of the California Subdivisions has objected to the request.

### III. CONCLUSION

Based on the above analysis, the Court **ORDERS** as follows:

1. The Motion for Approval of Dismissal Pursuant to the Settlement Agreement is **GRANTED**. (ECF No. 99.)

2. This Order incorporates by reference the Settlement Agreement attached as Exhibit 1 to the Declaration of H. Vincent McKnight submitted in support of the Motion for Approval of the Settlement Agreement (ECF No. 99-1, Ex. 1), and all terms used herein shall have the same meanings set forth in the Settlement Agreement.

3. The Settlement Agreement is entered between Defendant Invitation Homes, Inc. and the Plaintiff-Relator who, pursuant to the CFCA, alleged claims on behalf of all Non-Intervenors listed in Exhibit B to the Settlement Agreement (ECF No. 99-1, Ex. 1 at Ex. B). Pursuant to the CFCA, the Plaintiff-Relator conducted the action on behalf of the Non-Intervenors.

4. The Court finds that the parties, having engaged in nearly four years of litigation and two full days of mediation conducted by an independent mediator, have reached the Settlement Agreement as a result of arm's-length negotiations and in good faith.

5. The Court, having reviewed the Settlement Agreement and taking into account the best interests of the parties involved and the public purposes behind the CFCA, holds that the terms of the Settlement Agreement—including but not limited to the dismissal of the Civil Action with prejudice as to Invitation Homes, the releases, and the proposed settlement allocation—are in all respects fair, adequate, reasonable, in the best interests of the parties involved, and serve the public purposes behind the CFCA.

6. The Court further holds that all parties are bound by and shall comply with the terms of the Settlement Agreement, including specifically the releases contained therein, and the proposed settlement allocation, to the fullest extent permitted by law.

7. The Settlement Amount shall be paid by Invitation Homes and distributed pursuant to the proposed settlement allocation set forth in the Motion for Approval of the Settlement Agreement. (ECF No. 99.) Accordingly, the Court also **GRANTS** counsel's Motion for Attorney's Fees. (ECF No. 100.)

8. Plaintiff-Relator Blackbird Special Projects, LLC's, share in the Settlement Amount shall be distributed pursuant to the proposed settlement allocation and California Government Code section 12652(g)(3).

9. The Motion was accompanied by a stipulation of Dismissal with Prejudice (ECF No. 99-1, Ex. 1 at Ex. C), which was contingent upon this Court's approving the Settlement Agreement. Having approved the Settlement Agreement, it is further **ORDERED** that, pursuant to California Government Code section 12652(c)(1), all claims in the Civil Action against Invitation Homes, including specifically all claims of Blackbird, and all claims of Blackbird on behalf of the Non-

Intervening Entities are hereby **DISMISSED** in their entirety **WITH PREJUDICE**.

10. Without impacting the finality of approval of the Settlement Agreement in any way, the Court retains jurisdiction over this Civil Action with respect to resolving any disputes arising from or related to the Settlement Agreement or this Order.

The parties having disposed of all claims and disputes in this action, the Clerk of the Court is directed to close the case.

**IT IS SO ORDERED.**

**DATED: October 2, 2024**

Hon. Cynthia Bashant
United States District Judge